# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:21cv14487

JOSEPH P. AKOWSKEY, Individually and
as Assignee of PAULINE CHIN f/k/a Pauline E.
Akowskey

      Plaintiff,

JURY TRIAL DEMANDED

vs.

NATIONSTAR MORTGAGE LLC d/b/a MR.
COOPER, ROBERTSON, ANSCHUTZ,
SCHNEID, CRANE & PARTNERS, PLLC
f/k/a Robertson, Anschutz Schneid, P.L.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, MTGLQ INVESTORS, L.P.,
and SELENE FINANCE, L.P.

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff JOSEPH P. AKOWSKEY, Individually and as Assignee of PAULINE CHIN f/k/a Pauline E. Akowskey by and through his undersigned counsel brings this action for damages against NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., FEDERAL NATIONAL MORTGAGE ASSOCIATION, MTGLQ INVESTORS, L.P., and SELENE FINANCE, L.P. (*collectively hereinafter* "Defendants") resulting from Defendants' violations of state and federal law in their attempts to collect debts from JOSEPH P. AKOWSKEY and PAULINE CHIN and to foreclose on their home.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## PARTIES, JURISDICTION AND VENUE

1. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Plaintiff JOSEPH P. AKOWSKY is a natural person now residing in Saint Lucie County, Florida, is over the age of eighteen (18) years, and is otherwise *sui juris*.

3. Plaintiff JOSEPH P. AKOWSKY is a consumer as defined by § 15 U.S.C. §1692a(3), who incurred the below-described debt for personal, family or household services.

4. PAULINE CHIN f/k/a Pauline E. Akowskey is a natural person now residing in Saint Lucie County, Florida, is over the age of eighteen (18) years, and is otherwise *sui juris*.

5. PAULINE CHIN is a consumer as defined by § 15 U.S.C. §1692a(3), who incurred the below-described debt for personal, family or household services.

6. Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER is a Delaware limited liability company, with its principal place of business located at 8950 Cypress Waters Blvd., Dallas, TX 75019; Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's business is the regular collection of debts using the mail and/or telephone, which it regularly does in Saint Lucie County, Florida.

7. Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER is a debt collector as defined by 15 U.S.C. §1692a(6).

8. Defendant ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. is Florida limited liability company with its principal place of business located at 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487.

9. Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION is Delaware corporation with its principal place of business located at 3900 Wisconsin Avenue, N.W.,

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Washington, D.C. 20016-2892; Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION's business is the regular collection of debts using the mail and/or telephone, which it regularly does in Saint Lucie County, Florida.

10.    Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION is a debt collector as defined by 15 U.S.C. §1692a(6).

11.    FEDERAL NATIONAL MORTGAGE ASSOCIATION maintains a Servicing Guide which describes the processes and procedures it requires businesses, including mortgage servicers, to comply with when doing business with them (*hereinafter* "Servicing Guide").

12.    The Servicing Guide describes its mortgage servicers' various responsibilities related to non-routine litigation.

13.    The Servicing Guide requires its mortgage servicers to appropriately handle legal matters affecting FEDERAL NATIONAL MORTGAGE ASSOCIATION mortgage loans.

14.    The Servicing Guide provides that non-routine litigation include actions in which a borrower challenges the validity, priority, or enforceability of a mortgage loan owned by FEDERAL NATIONAL MORTGAGE ASSOCIATION or otherwise seek to impair FEDERAL NATIONAL MORTGAGE ASSOCIATION's interest in an acquired property.

15.    The Servicing Guide provides that non-routine litigation also includes actions that present an issue that may pose a significant legal risk or reputational risk to FEDERAL NATIONAL MORTGAGE ASSOCIATION.

16.    The Servicing Guide requires mortgage servicers to report non-routine litigation to FEDERAL NATIONAL MORTGAGE ASSOCIATION's legal department through the complete of their Non-Routine Litigation Form (Form 20) within two business days of the servicer receiving notice of the non-routine litigation, with limited exceptions.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

17.     In all cases the Servicing Guide requires mortgage servicers to report information provide a completed Non-Routine Litigation Form (Form 20) to FEDERAL NATIONAL MORTGAGE ASSOCIATION when the issue is expected to be raised at a scheduled trial.

18.     The Servicing Guide requires that mortgage servicers and the law firm representing them in the foreclosure proceeding to interact with each other throughout the course of the foreclosure proceedings.

19.     In the Servicing Guide, FEDERAL NATIONAL MORTGAGE ASSOCIATION reserves the right to direct and control all litigation involving a mortgage loan that they own, and the mortgage servicer and any law firm handling the litigation must cooperated fully with FEDERAL NATIONAL MORTGAGE ASSOCIATION in the prosecution, defense, or handling of the matter.

20.     The Servicing Guide prohibits mortgage servicers from initiating legal proceedings or intervening in legal proceedings on FEDERAL NATIONAL MORTGAGE ASSOCIATION's behalf without their prior written approval, with the exception of routine foreclosures, bankruptcy matters, and possessory actions for certain mortgage loans.

21.     The Servicing Guide requires its mortgage servicers to evaluate borrowers for various work-out options and present these options to the borrowers.

22.      The Servicing Guide prohibits its mortgage servicers from modifying the terms of a mortgage loan in many circumstances unless all obligors on the original mortgage agree to the terms of the modification agreement.

23.     FEDERAL NATIONAL MORTGAGE ASSOCIATION's Servicing Guide expressly confers the companies that service its mortgage loans, such as NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER , ROBERTSON, ANSCHUTZ, SCHNEID, CRANE &

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. and Bank of America, N.A., with authority to act on their behalf.

24.     At all times relevant herein FEDERAL NATIONAL MORTGAGE ASSOCIATION expressly conferred NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER with actual authority to act on its behalf through one or more powers of attorney.

25.     All of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions as described more fully described herein were performed on behalf of FEDERAL NATIONAL MORTGAGE ASSOCIATION who had given them actual authority to perform such actions.

26.     All of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions as described more fully described herein were condoned by FEDERAL NATIONAL MORTGAGE ASSOCIATION who had given them actual authority to perform such actions.

27.     All of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions as described more fully described herein were performed at FEDERAL NATIONAL MORTGAGE ASSOCIATION's direction and behest by virtue of the instructions given to NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER within the Servicing Guide, express contractual obligations between the parties, or through loan level instructions directly related to the mortgage loan it sought to collect.

28.     FEDERAL NATIONAL MORTGAGE ASSOCIATION had actual knowledge of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions as described more fully herein as evidenced by NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s communications to them, many communications of which NATIONSTAR MORTGAGE

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

LLC d/b/a MR. COOPER and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. were contractually required to make.

29.     At all times relevant herein NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and/or FEDERAL NATIONAL MORTGAGE ASSOCIATION expressly conferred ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. with actual authority to act on its behalf through parties' contractual agreements.

30.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were performed on behalf of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and/or FEDERAL NATIONAL MORTGAGE ASSOCIATION who had given them actual authority to perform such actions during the time period the law firm represented them.

31.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were condoned by NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and/or FEDERAL NATIONAL MORTGAGE ASSOCIATION who had given them actual to perform such actions during the time period the law firm represented them.

32.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were performed at NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and/or FEDERAL NATIONAL MORTGAGE ASSOCIATION's direction and behest by virtue of loan level instructions given directly to them or by virtue of contractual obligations that existed between the parties during the time period the firm represented them.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

33.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were also performed with apparent authority to perform such actions NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER during the time period the firm represented them.

34.     Defendant MTGLQ INVESTORS, L.P. is a Delaware limited partnership with its principal place of business located at 200 West Street, New York, NY 10282.

35.     Defendant SELENE FINANCE, L.P. is a Delaware limited partnership with its principal place of business located at 9990 Richmond Avenue, Suite 400, South Houston, TX 77042.

36.     At all times relevant hereto, MTGLQ INVESTORS, L.P. contracted SELENE FINANCE, L.P. to act on its behalf in connection with the attempts to collect the subject debt.

37.     All of SELENE FINANCE, L.P.'s actions as described more fully described herein were performed on behalf of MTGLQ INVESTORS, L.P. who had given them actual authority or apparent authority to perform such actions.

38.     All of SELENE FINANCE, L.P.'s actions as described more fully described herein were condoned by MTGLQ INVESTORS, L.P. who had given them actual authority or apparent authority to perform such actions.

39.     All of SELENE FINANCE, L.P.'s actions as described more fully described herein were performed at MTGLQ INVESTORS, L.P.'s direction and behest by virtue of the contractual obligations between those parties or through loan level instructions directly related to the mortgage loan it sought to collect.

40.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

performed on behalf of MTGLQ INVESTORS, L.P. and/or SELENE FINANCE, L.P.  who had given them actual authority and/or apparent authority to perform such actions during the time period the firm represented them.

41.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were condoned by MTGLQ INVESTORS, L.P. and/or SELENE FINANCE, L.P.  who had given them given them actual authority and/or apparent authority to perform such actions during the time period the firm represented them.

42.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were performed at MTGLQ INVESTORS, L.P. and/or SELENE FINANCE, L.P. 's direction and behest by virtue of loan level instructions given directly to them or by virtue of contractual obligations that existed between the parties during the time period the firm represented them.

43.     Venue is proper in this District under 28 U.S.C. § 1391 because: (i) the conduct from which this cause of action arises occurred in this District; and (ii) Defendants transact business in this District.

44.     At all times herein, the conduct of Defendants, complained of below, occurred in Saint Lucie County, Florida.

## **NATURE OF ACTION**

45.     The lawsuit arises out of Defendants' unlawful attempts to collect a debt from JOSEPH P. AKOWSKEY and PAULINE CHIN, Defendants' unlawful attempts to foreclose on their home, and Defendants' willful disregard of multiple state court final judgments.

46.     Defendants, and each of them, maintained a foreclosure lawsuit against JOSEPH P. AKOWSKEY and PAULINE CHIN seeking to enforce the original version of a promissory note and mortgage that the state court previously adjudged had been modified.

47.     After the state court adjudged, *for a second time*, that the promissory note and mortgage was modified, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION still continue to ignore the force, effect and validity of the state court's final judgments and are continuing to attempt to collect the original, unmodified note from JOSEPH P. AKOWSKEY.

48.     As will be explained in further detail below, these actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (*hereinafter* "FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq.* (*hereinafter* "FCCPA"), and give rise to Plaintiff's tort claims.

## GENERAL ALLEGATIONS

49.     In 2004 JOSEPH P. AKOWSKEY and PAULINE CHIN f/k/a Pauline E. Akowskey purchased the subject property and began construction of the home where they intended to reside together as husband and wife.  JOSEPH P. AKOWSKEY and PAULINE CHIN f/k/a Pauline E. Akowskey financed the purchase of the property and costs of construction with a promissory note issued to Bank of America, N.A. on August 6, 2004.

50.     On June 19, 2009, JOSEPH P. AKOWSKEY and PAULINE CHIN f/k/a Pauline E. Akowskey refinanced this loan which resulted in a new debt they incurred with their original creditor Bank of America, N.A. This debt will be referred to as "the subject debt."

51.     Specifically, the subject debt was the result of refinancing of a loan secured by the property located at 1062 SW Coleman Ave., Port St. Lucie, FL 34953, where JOSEPH P.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

AKOWSKEY and PAULINE CHIN f/k/a Pauline E. Akowskey intended to reside together. *See* **EXHIBIT A** (a true and correct copy of the note dated June 19, 2009).

52. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, the subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

53. The subject debt was secured by a mortgage on JOSEPH P. AKOWSKEY and PAULINE CHIN's home located at 1062 SW Coleman Avenue, Port St. Lucie, FL 34953 (the "subject property"). *See* **EXHIBIT B** (a true and correct copy of the mortgage dated June 19, 2009).

54. In 2012 JOSEPH P. AKOWSKEY and PAULINE CHIN defaulted on the note and mortgage by failing to pay a required monthly payment.

55. After the subject debt fell into delinquency FEDERAL NATIONAL MORTGAGE ASSOCIATION purchased the subject debt from Bank of America, N.A., but Bank of America, N.A. retained the rights to service the subject debt on behalf of Fannie Mae.

56. At all times since FEDERAL NATIONAL MORTGAGE ASSOCIATION purchased the subject debt it has always treated the subject debt as if it was in default.

57. At all times since FEDERAL NATIONAL MORTGAGE ASSOCIATION purchased the subject debt it has represented to its assigned mortgage servicers, including Bank of America, N.A. and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, that the subject debt was in default.

58. At all times since FEDERAL NATIONAL MORTGAGE ASSOCIATION purchased the subject debt it has represented to subsequent purchasers of the subject debt that the subject debt was in default, including in their representations to MTGLQ INVESTORS, L.P.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

59.     On August 14, 2012, JOSEPH P. AKOWSKEY and Bank of America, N.A., in its capacity as the servicer for the subject debt on behalf of FEDERAL NATIONAL MORTGAGE ASSOCIATION, participated in pre-suit mediation to attempt to reach a settlement.

60.     When scheduling the mediation Bank of America, N.A. told JOSEPH P. AKOWSKEY that PAULINE CHIN did not need to attend the mediation.

61.     Present at the mediation was a representative of Bank of America, N.A., an attorney for Bank of America, N.A., and JOSEPH P. AKOWSKEY; based upon Bank of America, N.A.'s representations to them when scheduling the mediation; PAULINE CHIN did not to attend.

62.     On August 15, 2012, Bank of America, N.A. in their capacity as the servicer for the subject debt for FEDERAL NATIONAL MORTGAGE ASSOCIATION sent a letter to JOSEPH P. AKOWSKEY and PAULINE CHIN informing them that they were not eligible for the modification JOSEPH P. AKOWSKEY had agreed to at mediation.

63.     Notwithstanding that letter, on September 26, 2012 Bank of America, N.A. sent JOSEPH P. AKOWSKEY and PAULINE CHIN a trial period plan to modify the subject debt in accordance with the agreement reached at mediation.  The trial period required JOSEPH P. AKOWSKEY and PAULINE CHIN to make three trial period plan payments at which time they would receive the final modification agreement.

64.     Confused by the conflicting communications he was receiving by Bank of America, N.A., JOSEPH P. AKOWSKEY called Bank of America, N.A. on October 9, 2012, to inquire into whether he was eligible to modify the subject debt held by FEDERAL NATIONAL MORTGAGE ASSOCIATION.  JOSEPH P. AKOWSKEY spoke with Tom Ruelas who assured him not to worry about the prior paperwork he had been sent.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

65.     JOSEPH P. AKOWSKEY proceeded to make the trial period payments as outlined under the September 26, 2012 letter.

66.     Thereafter, on January 12, 2013, Bank of America, N.A. sent JOSEPH P. AKOWSKEY and PAULINE CHIN a communication informing them that they were approved for a permanent loan modification.

67.     Included within the communication was the "FANNIE MAE LOAN MODIFICATION AGREEMENT" and a letter summarizing the terms of the modified loan.  The new loan balance would be $99,975.54 which represented the sum of the past due interest in the amount of $2,758.61, $710.00 in servicing expenses, taxes and insurance previous paid in the amount of $1,515.56, and the principal balance of $94,991.37.  The letter further informed JOSEPH P. AKOWSKEY and PAULINE CHIN that any unpaid late fees would be waived when the modification was finalized.

68.     The permanent loan modification reduced the interest rate on the subject debt from 4.375% to 4.250% for the life of the loan and extended the length of the loan by thirteen years and six months.

69.     The original, unmodified subject debt required principal and interest payments in the amount of $542.23; the loan modification reduced the principal and interest payment to $433.51.

70.     The original, unmodified subject debt required principal and interest payments in matured on July 1, 2039; the loan modification extended the maturity date to January 1, 2053.

71.     The agreement called for both JOSEPH P. AKOWSKEY and PAULINE CHIN to execute the agreement, which differed from Bank of America, N.A.'s prior representations to JOSEPH P. AKOWSKEY.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

72.     At this time PAULINE CHIN had already filed to divorce JOSEPH P. AKOWSKEY and consequently she refused to obligate herself on the loan modification as she no longer had any interest in owning a portion of the subject property.

73.     On January 15, 2013, JOSEPH P. AKOWSKEY, executed the agreement, returned the executed agreement to Bank of America, N.A. and immediately began remitting payments towards the debt as modified.  A true and correct copy of the loan modification agreement is attached hereto as **EXHIBIT C**. ("Loan Modification").

74.     PAULINE CHIN did not execute or otherwise agree to the Loan Modification.

75.     JOSEPH P. AKOWSKEY proceeded to make ten additional payments to Bank of America, N.A. pursuant to the terms of the Loan Modification in the months immediately following his execution of the Loan Modification.

76.     Bank of America, N.A. accepted all ten of these payments.

77.     In total, including the trial plan payments, Bank of America, N.A. accepted thirteen payments in accordance with the loan modification.

78.     Thereafter, on or about December 30, 2013, FEDERAL NATIONAL MORTGAGE ASSOCIATION assigned the right to service the subject debt to NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER.

79.     Upon receiving the servicing assignment NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION refused to honor the terms of the Loan Modification and instead sought to collect the original, unmodified subject debt from JOSEPH P. AKOWSKEY and PAULINE CHIN.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

80.     From the time NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER received the right to collect the subject debt until present, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER has always treated the subject debt as if it was in default.

81.     Since NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's was assigned the right to service the subject debt it has always represented to JOSEPH P. AKOWSKEY and PAULINE CHIN that the subject debt was past due.

82.     JOSEPH P. AKOWSKEY attempted to remit payments to Defendant NATIONSTAR MORTGAGE LLC pursuant to the terms of Loan Modification however Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER refused to accept the payments because they asserted the subject debt had not been modified.

83.     After informing JOSEPH P. AKOWSKEY and PAULINE CHIN that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION were refusing to honor the terms of the Loan Modification, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER returned the thirteen payments JOSEPH P. AKOWSKEY had previously remitted to Bank of America, N.A.

84.     This caused JOSEPH P. AKOWSKEY to feel frustrated, confused, distraught, nervous, anxious, upset, and worried about losing his home.

### *The First Foreclosure*

85.     Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER retained ROBERTSON, ANSCHUTZ & SCHNEID, P.L. to attempt to collect the subject debt allegedly

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

owed to FEDERAL NATIONAL MORTGAGE ASSOCIATION and being serviced by NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER.

86.     On November 13, 2014, ROBERTSON, ANSCHUTZ & SCHNEID, P.L. filed a lawsuit on behalf of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER against JOSEPH P. AKOWSKEY and PAULINE CHIN in the Circuit Court of the 19th Judicial Circuit in and for Saint Lucie County Florida, which was assigned Case number 2014CA002440 ("First Foreclosure Case") to attempt to collect on the subject debt, to foreclose on the mortgage and to collect on an alleged deficiency should one exist.

87.     In defense, JOSEPH P. AKOWSKEY asserted that the subject debt had been modified pursuant to the terms of the Loan Modification, and the plaintiff could not prevail in their action to foreclose on the original, unmodified subject debt.

88.     After this defense was asserted by JOSEPH P. AKOWSKEY in the First Foreclosure Case, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER reported the issue to FEDERAL NATIONAL MORTGAGE ASSOCIATION in accordance with its Servicing Guidelines.

89.     A non-jury trial in the First Foreclosure Case was held before the Honorable William L. Roby on November 16, 2016 at the St. Lucie County Courthouse in Fort Pierce, Florida.

90.     At the time of trial FEDERAL NATIONAL MORTGAGE ASSOCIATION was the creditor to whom the debt was owed and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was servicing the subject debt on their behalf.

91.     At trial NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was also in possession of the original, unmodified promissory note endorsed in blank which was then offered and accepted into evidence.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

92.     At trial NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER through their counsel ROBERTSON, ANSCHUTZ & SCHNEID, P.L. argued that the Loan Modification was not effective because it had not been executed by PAULINE CHIN.

93.     JOSEPH P. AKOWSKEY through his counsel argued that the Loan Modification was effective because Bank of America, N.A. had accepted thirteen payments pursuant to the Loan Modification.

94.     On the evidence and argument presented, Judge Roby ruled the Loan Modification was effective despite the fact PAULINE CHIN had not signed it and that JOSEPH P. AKOWSKEY had proved his defense of unclean hands because it was inequitable for the plaintiff to fail to comply with the terms of the Loan Modification.  Attached hereto as **EXHIBIT D** is a true and correct copy of the transcript from the Trial held in the First Foreclosure Case.

95.     Judge Roby described the facts of the case as "pretty egregious".

96.     On or about November 30, 2016, Judge Roby entered Final Judgment in favor of JOSEPH P. AKOWSKEY ("First Final Judgment"). *See* **EXHIBIT E** The First Final Judgment was subsequently recorded in the Official Records of Saint Lucie County Book 3953 Page 794.

97.     NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER did not appeal the First Final Judgment.

98.     NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER did not request that the court award them attorney's fees or costs incurred in the First Foreclosure Case.

99.     After the First Final Judgment rendered, JOSEPH P. AKOWSKEY began attempting to remit payments pursuant to the terms of the Loan Modification, but NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

ASSOCIATION refused to accept his payments because they claimed the subject debt had not been modified due to PAULINE CHIN's refusal to execute the Loan Modification.

100. On or about January 20, 2017 FEDERAL NATIONAL MORTGAGE ASSOCIATION sold subject debt the MTGLQ INVESTORS, L.P., but at the time of the sale FEDERAL NATIONAL MORTGAGE ASSOCIATION did not inform MTGLQ INVESTORS, L.P. that the subject debt had been modified pursuant to the Loan Modification or the First Final Judgment.

101. MTGLQ INVESTORS, L.P. then assigned the rights to service the subject to debt to SELENE FINANCE, L.P.

102. JOSEPH P. AKOWSKEY began attempting to remit payments pursuant to the terms of the Loan Modification, but MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P. refused to recognize that the Loan Modification was effective.

103. Both MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P. refused to recognize the First Final Judgment's conclusive affect to the terms of the subject debt.

104. JOSEPH P. AKOWSKEY attempted to remit payments to Defendant SELENE FINANCE, L.P., however Defendants MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P. refused to accept the payments Plaintiff was attempting to make, in direct contravention of the terms of the Loan Modification Agreement and the ruling resultant from the First Final Judgement.

***The Second Foreclosure***

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

105. Thereafter, Defendant SELENE FINANCE, L.P. retained ROBERTSON, ANSCHUTZ & SCHNEID, P.L. to attempt to collect the subject debt allegedly owed to MTGLQ INVESTORS, L.P. and being serviced by SELENE FINANCE, L.P.

106. On August 17, 2017, ROBERTSON, ANSCHUTZ & SCHNEID, P.L. filed a lawsuit on behalf of MTGLQ INVESTORS, L.P. against JOSEPH P. AKOWSKEY and PAULINE CHIN in the Circuit Court of the 19th Judicial Circuit in and for Saint Lucie County Florida, Case number 2017CA001409 ("Second Foreclosure Case") wherein they sought to attempt to collect on the original, unmodified subject debt, to foreclose on the mortgage and to collect on an alleged deficiency should one exist.

107. In MTGLQ INVESTORS, L.P.'s Verified Complaint in the Second Foreclosure Case they swore under penalty of perjury that JOSEPH P. AKOWSKEY and PAULINE CHIN defaulted under the unmodified subject debt by failing to pay the payment due October 1, 2012.

108. In MTGLQ INVESTORS, L.P.'s Verified Complaint in the Second Foreclosure Case they sought to collect attorneys' fees, costs, and charges their predecessor-in-interest had previously attempted to collect in the First Foreclosure Case.

109. In MTGLQ INVESTORS, L.P.'s Verified Complaint in the Second Foreclosure Case they sought to collect attorneys' fees, costs, and charges allegedly due pursuant to the original, unmodified subject debt and not the Loan Modification.

110. MTGLQ INVESTORS, L.P.'s Verified Complaint did not mention or reference a modification of the subject debt.

111. SELENE FINANCE, L.P. verified all of the allegations contained within MTGLQ INVESTORS, L.P.'s Verified Complaint under penalty of perjury.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

112.    The Verified Complaint was prepared and submitted to the Court by ROBERTSON, ANSCHUTZ & SCHNEID, P.L.

113.    In defense, JOSEPH P. AKOWSKEY asserted that the subject debt had been modified pursuant to the terms of the Loan Modification, and the plaintiff could not prevail in their action to foreclose on the original, unmodified subject debt.

114.    JOSEPH P. AKOWSKEY also asserted that the court had previously ruled in the First Foreclosure Case that there had been an effective loan modification, that the Loan Modification had not been breached, and that the plaintiff should be estopped from foreclosing because they are still failing to honor terms of the Loan Modification or otherwise recognize the affect of the First Final Judgment.

115.    MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P. continued to prosecute the Second Foreclosure Case until on or about October 10, 2018, when MTGLQ INVESTORS, L.P. sold the subject debt to back to FEDERAL NATIONAL MORTGAGE ASSOCIATION.

116.    When FEDERAL NATIONAL MORTGAGE ASSOCIATION reacquired the subject debt it appointed NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER as its agent to service the subject debt.

117.    On or about January 15, 2019, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was substituted in as the party plaintiff in the place of MTGLQ INVESTORS, L.P.

118.    ROBERTSON, ANSCHUTZ & SCHNEID, P.L. remained as counsel for NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER after the substitution.

119.    A non-jury trial in the Second Foreclosure Case was held before the Honorable Elizabeth Metzger on October 8, 2019, at the St. Lucie County Courthouse in Fort Pierce, Florida.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

120.     At the time of trial FEDERAL NATIONAL MORTGAGE ASSOCIATION was the creditor to whom the debt was owed and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was servicing the subject debt on their behalf.

121.     At trial NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was represented by the same counsel at ROBERTSON, ANSCHUTZ & SCHNEID, P.L. that had represented them in the First Foreclosure Case.

122.     NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and ROBERTSON, ANSCHUTZ & SCHNEID, P.L. presented the same arguments they presented in the First Foreclosure Case, that Loan Modification was not effective because it had not been executed by PAULINE CHIN.

123.     JOSEPH P. AKOWSKEY through his counsel argued that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was collaterally estopped from relitigating the issue of whether the Loan Modification was effective as this had already been fully litigated and ruled upon in the First Foreclosure Case.

124.     At the time of the non-jury trial in the Second Foreclosure Case, the First Foreclosure Judgment was final and unappealable.

125.     Judge Metzger agreed with JOSEPH P. AKOWSKEY and on November 4, 2019, she the Final Judgment in the Second Foreclosure Case was entered in favor of JOSEPH P. AKOWSKEY.  The Final Judgment was recorded in Saint Lucie County Official Records Book 4342 Page 499. *See* **EXHIBIT F** ("Second Final Judgment").

126.     In the Second Final Judgment, Judge Metzger found that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was collaterally estopped from asserting there had not been a modification of the subject debt.  The court noted that "Plaintiff's counsel would not

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

acknowledge that the trial judge's findings and conclusions stated on the record which served as a basis for the Final Judgment entered in favor of the Defendants in the [First Foreclosure Case], necessarily impacted this subsequently filed action."

127.   Judge Metzger ruled, "After Judge Roby rendered the Final Judgment in the [First Foreclosure Case], J. Akowskey attempted to send payments to Nationstar, however, Plaintiff Nationstar and the prior servicer, MTGLQ Investors, refused to accept payments from him as they continued to be of the position, despite Judge Roby's clear ruling, that there was never a loan modification as J. Akowskey's wife did not sign the modification agreement; as noted earlier in this order, Plaintiff made this exact same argument in the [First Foreclosure Case]."

128.   NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER did not appeal the Second Final Judgment.

129.   NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER did not request that the court award them attorney's fees or costs to them in the Second Foreclosure Case.

***Post Second Final Judgment Debt Collection***

130.   Astonishingly, over two years after the entry of the Second Final Judgment, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, acting at the direction and instruction of FEDERAL NATIONAL MORTGAGE ASSOCIATION, is still attempting to collect the original, unmodified subject debt.

131.   Even after the entry of the Second Final Judgment, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, acting at the direction and instruction of FEDERAL NATIONAL MORTGAGE ASSOCIATION, is still continuing to send JOSEPH P. AKOWSKEY and PAULINE CHIN monthly mortgage statements seeking to collect the original, unmodified subject debt.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

132.    NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, acting at the direction and instruction of FEDERAL NATIONAL MORTGAGE ASSOCIATION is actively attempting to collect attorneys' fees and charges incurred in connection with the First Foreclosure Case, even though that action was brought to enforce original, unmodified subject debt rather than the Loan Modification.

133.    NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, acting at the direction and instruction of FEDERAL NATIONAL MORTGAGE ASSOCIATION is actively attempting to collect attorneys' fees and charges incurred in connection with the Second Foreclosure Case, even though that action was brought to enforce original, unmodified subject debt rather than the Loan Modification.

134.    NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION still refuse to accept JOSEPH P. AKOWSKEY's payments towards the Loan Modification.

### *Conflict Between Joseph P. Akowskey and Pauline Chin*

135.    After JOSEPH P. AKOWSKEY executed the Loan Modification in 2013, JOSEPH P. AKOWSKEY and PAULINE CHIN's divorce was finalized.

136.    PAULINE CHIN would only agree to transfer her interest in the property securing payment of the subject debt to JOSEPH P. AKOWSKEY contingent upon her being released from the underlying debt obligation.

137.    Since that time JOSEPH P. AKOWSKEY has always been ready willing and able to assume sole responsibility for the subject debt, which is partially evidenced by his unilateral execution of the Loan Modification.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

138.     However, Defendants' continued refusal to acknowledge the force and effect of the Loan Modification, First Final Judgment, Second Final Judgment and/or to otherwise acknowledge PAULINE CHIN's obligation on the subject debt had been modified caused PAULINE CHIN to refuse to transfer her interest in the subject property to JOSEPH P. AKOWSKEY.

139.     In fact, after MTGLQ INVESTORS, L.P., SELENE FINANCE, L.P., and ROBERTSON, ANSCHUTZ & SCHNEID, P.L. filed the Second Foreclosure Case against PAULINE CHIN, Ms. Chin filed a cross claim against JOSEPH P. AKOWSKEY in order to request that the court partition the property in order to extricate herself from the foreclosures which had continued on for years.

140.     The litigation over the cross claim asserted by PAULINE CHIN against JOSEPH P. AKOWSKEY in the Second Foreclosure Case was caused by Defendants', and each of them, continued assertion that the subject debt had not been modified pursuant to the terms of the Loan Modification.

141.     Only almost two years after the Second Final Judgment was entered, did NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION agree to release PAULINE CHIN from the subject debt.

142.     PAULINE CHIN did not agree to release NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, FEDERAL NATIONAL MORTGAGE ASSOCIATION, ROBERTSON, ANSCHUTZ & SCHNEID, P.L., MTGLQ INVESTORS, L.P., or SELENE FINANCE, L.P. from any of the claims now asserted in this lawsuit.

143.     On or about October 28, 2021, shortly after NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION agreed to

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

release PAULINE CHIN  from the subject debt, PAULINE CHIN and JOSEPH P. AKOWSKEY entered into a settlement agreement whereby PAULINE CHIN agreed to deed her interest in the subject property to JOSEPH P. AKOWSKEY, but only if he would agree to indemnify her for all costs, damages, attorneys' fees, expert fees and other expenses related to any litigation related to any party seeking to enforce the subject debt against her.

144.    In exchange for JOSEPH P. AKOWSKEY agreeing to indemnify PAULINE CHIN, Ms. Chin agreed to assign her claims against Defendants to JOSEPH P. AKOWSKEY.

145.    As a direct result of Defendant actions and/or inactions Plaintiff was forced to retain Light & Gonzalez, PLLC to represent him in this action.

146.    JOSEPH P. AKOWSKEY retained Light & Gonzalez, PLLC and Steele Law to represent him in this action, and if Plaintiff prevails on any of his claims, JOSEPH P. AKOWSKEY has agreed to pay his attorneys' a reasonable attorneys' fee.

147.    Defendants have violated Florida Statute §768.72 because the Defendants have engaged in intentional misconduct or gross negligence as defined by Fla. Stat. §768.72(2)(a) and Fla. Stat. §768.72(2)(b).

148.    Defendants have violated Florida Statute §768.72 because the Defendants had actual knowledge that the subject debt had been modified by the Loan Modification as the court had ruled in the First Final Judgment.

149.    Defendants knew they were not permitted by law to attempt to collect the original, unmodified subject debt from JOSEPH P. AKOWSKEY and PAULINE CHIN.

150.    Defendants knew there was a high probability that JOSEPH P. AKOWSKEY and PAULINE CHIN would be injured and damaged as direct result of their continued efforts to collect the original, unmodified subject debt from JOSEPH P. AKOWSKEY and PAULINE CHIN, and

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

despite that knowledge, and in the face of JOSEPH P. AKOWSKEY and PAULINE CHIN and their attorneys' continued pleas for Defendants to stop their continued efforts to collect the debt, Defendants intentionally pursued the above described course of conduct, resulting in injury or damage.

151. Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, and MTGLQ INVESTORS, L.P. are actively and knowingly participated in the conduct of their employees and/or agents.

152. The officers, directors, and/or managers of Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, and MTGLQ INVESTORS, L.P. condoned, ratified, and or consented to the conduct of their employees and/or agents.

153. Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, and MTGLQ INVESTORS, L.P. engaged in gross negligence that contributed to JOSEPH P. AKOWSKEY and PAULINE CHIN's injuries.

**COUNT I: VIOLATION OF 15 U.S.C. § 1692 *et seq.* (FDCPA) AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION**

154. JOSEPH P. AKOWSKEY, Individually and as Assignee of PAULINE CHIN (*hereinafter* "Plaintiff") repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 153 above.

155. Even since the Second Final Judgement was entered in the Second Foreclosure Case, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

MORTGAGE ASSOCIATION have continued to attempt to collect the original, unmodified subject debt from JOSEPH P. AKOWSKEY and PAULINE CHIN.

156.   NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER has continuously sent communications to JOSEPH P. AKOWSKEY and PAULINE CHIN seeking to collect the original, unmodified subject debt.

157.   Once such communication is attached hereto as **EXHIBIT G**. ("December 18, 2020 Statement").

158.   The December 18, 2020 Statement states the interest rate on the subject debt is 4.375%, which is not in accordance with the terms of the Loan Modification which reduced the interest rate to 4.250%.

159.   The December 18, 2020 Statement states JOSEPH P. AKOWSKEY and PAULINE CHIN are past due as of October 1, 2012, a date which predates the Loan Modification.

160.   The court in both the First Foreclosure Case and the Second Foreclosure case adjudged that JOSEPH P. AKOWSKEY and PAULINE CHIN were not in default on the October 1, 2012 payment.

161.   The December 18, 2020 Statement states JOSEPH P. AKOWSKEY and PAULINE CHIN's currently due principal and interest payment was $542.23, which is not in accordance with the terms of the Loan Modification which requires a principal and interest payment of $433.51.

162.   The December 18, 2020 Statement seeks the recovery of at least $45,933.52 in legal fees expended through the prosecution of the First Foreclosure Case and the Second Foreclosure Case despite the fact those actions were brought upon the original, unmodified subject debt.

163.   Neither NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER nor FEDERAL NATIONAL MORTGAGE ASSOCIATION are entitled to collect these legal fees pursuant to the

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

original, unmodified subject debt because the agreement was modified through the Loan Modification.

164.   The December 18, 2020 Statement states that to bring the subject debt current JOSEPH P. AKOWSKEY and PAULINE CHIN must pay $146,992.39, which is an amount that included charges, fees, and interest which neither JOSEPH P. AKOWSKEY and PAULINE CHIN were required to pay pursuant to the terms of the Loan Modification.

165.   The December 18, 2020 Statement threatens that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER has "completed the first filing notice required to start the foreclosure process on your account" despite the fact that the Second Final Judgment had already been entered in favor on JOSEPH P. AKOWSKEY over a year prior, and no new foreclosure filing had been made.

166.   As described in this Complaint NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER nor FEDERAL NATIONAL MORTGAGE ASSOCIATION's actions violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*).

167.   Defendants NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated 15 U.S.C. §1692e through their continued misrepresentation to JOSEPH P. AKOWSKEY, PAULINE CHIN, and their respective counsels' that the subject debt had not been modified by the Loan Modification after the entry of the First Final Judgment and the Second Foreclosure Judgment.

168.   Defendants NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated 15 U.S.C. §1692e(2) through their false representations regarding the character, amount, and legal status of the subject debt

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

made to the JOSEPH P. AKOWSKEY and PAULINE CHIN, including but not limited to through their misrepresentations as to the amount due and owing on the subject debt.

169.   Defendants NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated 15 U.S.C. §1692e(5) through their threats to take legal action that legally cannot be taken.

170.   Defendants NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated 15 U.S.C. §1692f through their unfair and unconscionable attempts to collect interest, fees and charges which are not expressly authorized by the Loan Modification.

171.   Defendants NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated 15 U.S.C. §1692f through their unfair and unconscionable attempts to collect interest, fees and charges pursuant to the original, unmodified subject debt after the First Final Judgment and Second Final Judgment had been entered.

172.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to suffer emotional distress, mental anguish, shortness of breath, anxiety and feelings of hopelessness.

173.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to live in fear of losing his home.

174.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

forth herein, JOSEPH P. AKOWSKEY has been forced to engage in needless and continuous litigation with his ex-spouse, PAULINE CHIN, which has causes additional stress, anxiety, and has a negative effect on her familial relationships.

175.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY's family members suffer emotional distress, mental anguish, shortness of breath, and anxiety which have causes JOSEPH P. AKOWSKEY to experience additional stress, anxiety, guilt, and hopelessness.

176.   From the time he wakes up in the morning until the mail is delivered each day, JOSEPH P. AKOWSKEY is fearful that he may receive a notice that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION have filed yet another foreclosure action against him seeking to collect the original, unmodified subject debt.

177.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, PAULINE CHIN continues to suffer emotional distress, mental anguish, shortness of breath, anxiety and feelings of hopelessness.

178.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, PAULINE CHIN has been forced to engage in needless and continuous litigation with her ex-spouse, JOSEPH P. AKOWSKEY, which has causes additional stress, anxiety and has a negative effect on her familial relationships.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

179.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY was forced to indemnify and otherwise assume legal responsibility to defend PAULINE CHIN from future legal action brough upon the subject debt in order to obtain clear title to his property from PAULINE CHIN.   Consequently JOSEPH P. AKOWSKEY lives in fear of the continuing financial risk associated with supplying PAULINE CHIN with that indemnification.

180.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY cannot not further refinance the subject debt to take advantage of market interest rates during time period.

181.   As a result of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's actions JOSEPH P. AKOWSKEY retained Light & Gonzalez, PLLC and Steele Law to represent him in this action, and if JOSEPH P. AKOWSKEY prevails on any of his claims, JOSEPH P. AKOWSKEY has agreed to pay his attorneys' a reasonable attorneys' fee.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION and each of them for actual damages, include attorneys' fees incurred pursuant to the Florida's wrongful act doctrine; statutory damages pursuant to 15 U.S.C. § 1692k; costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and; for such other and further relief as may be just and proper.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## <u>COUNT II: VIOLATION OF FLA. STAT. § 559.72 *et seq.* (FCCPA)</u>
## <u>AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL</u>
## <u>NATIONAL MORTGAGE ASSOCIATION</u>

182.   JOSEPH P. AKOWSKEY, Individually and as Assignee of PAULINE CHIN (*hereinafter* "Plaintiff") repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 153 above.

183.   Even since the Second Final Judgement was entered in the Second Foreclosure Case, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION have continued to collect the original, unmodified subject debt from JOSEPH P. AKOWSKEY and PAULINE CHIN.

184.   NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER has continuously sent communications to JOSEPH P. AKOWSKEY and PAULINE CHIN seeking to collect the original, unmodified subject debt.

185.   Once such communication is attached hereto as **EXHIBIT G**. ("December 18, 2020 Statement").

186.   The December 18, 2020 Statement states the interest rate on the subject debt is 4.375%, which is not in accordance with the terms of the Loan Modification which reduced the interest rate to 4.250%.

187.   The December 18, 2020 Statement states JOSEPH P. AKOWSKEY and PAULINE CHIN are past due as of October 1, 2012, a date which predates the Loan Modification.

188.   The court in both the First Foreclosure Case and the Second Foreclosure case ruled JOSEPH P. AKOWSKEY and PAULINE CHIN were not in default on the October 1, 2012 payment.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

189.   The December 18, 2020 Statement states JOSEPH P. AKOWSKEY and PAULINE CHIN's currently due principal and interest payment was $542.23, which is not in accordance with the terms of the Loan Modification which requires a principal and interest payment of $433.51.

190.   The December 18, 2020 Statement seeks the recovery of at least $45,933.52 in legal fees expended through the prosecution of the First Foreclosure Case and the Second Foreclosure Case despite the fact those actions were brought upon the original, unmodified subject debt.

191.   Neither NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER nor FEDERAL NATIONAL MORTGAGE ASSOCIATION are entitled to collect these legal fees pursuant to the original, unmodified subject debt because the agreement was modified through the Loan Modification.

192.   The December 18, 2020 Statement states that to bring the subject debt current JOSEPH P. AKOWSKEY and PAULINE CHIN must pay $146,992.39, which is an amount that included charges, fees, and interest which neither JOSEPH P. AKOWSKEY and PAULINE CHIN were required to pay pursuant to the terms of the Loan Modification.

193.   The December 18, 2020 Statement threatens that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER has "completed the first filing notice required to start the foreclosure process on your account" despite the fact that the Second Final Judgment had already been entered in favor on JOSEPH P. AKOWSKEY over a year prior, and no new foreclosure filing had been made.

194.   As described in this Complaint NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's actions violated the Florida Consumer Collection Practices Act (Fla. Stat. § 559.72).

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

195. As described in this Complaint NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated Fla. Stat. § 559.72(9) by claiming, attempting, and threatening to enforce a debt it knew was not legitimate and through their continuous assertion of legal rights they knew did not exist.

196. NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER knew the subject debt had been modified because it was a party to the First Foreclosure case when the First Final Judgment was entered was entered in favor of JOSEPH P. AKOWSKEY and because it was a party to the Second Foreclosure Case when the Second Final Judgment was entered.

197. Furthermore, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's corporate representative was present and testified at trial when Judge Roby ruled in favor of JOSEPH P. AKOWSKEY.

198. FEDERAL NATIONAL MORTGAGE ASSOCIATION knew the subject debt had been modified because they owned the subject debt when both the First Final Judgment and the Second Final Judgment were entered in favor of JOSEPH P. AKOWSKEY, and because NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER communicated this information to them.

199. As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to suffer emotional distress, mental anguish, shortness of breath, anxiety and feelings of hopelessness.

200. As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to live in fear of losing his home.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

201. As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY has been forced to engage in needless and continuous litigation with his ex-spouse, PAULINE CHIN, which has causes additional stress, anxiety, and has a negative effect on her familial relationships.

202. As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY's family members suffer emotional distress, mental anguish, shortness of breath, and anxiety which have causes JOSEPH P. AKOWSKEY to experience additional stress, anxiety, guilt, and hopelessness.

203. From the time he wakes up in the morning until the mail is delivered each day, JOSEPH P. AKOWSKEY is fearful that he may receive a notice that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION have filed yet another foreclosure action against him seeking to collect the original, unmodified subject debt.

204. As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, PAULINE CHIN continues to suffer emotional distress, mental anguish, shortness of breath, anxiety and feelings of hopelessness.

205. As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, PAULINE CHIN has been forced to engage in needless and continuous litigation with

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

her ex-spouse, JOSEPH P. AKOWSKEY, which has causes additional stress, anxiety and has a negative effect on her familial relationships.

206.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY was forced to indemnify and otherwise assume legal responsibility to defend PAULINE CHIN from future legal action brough upon the subject debt in order to obtain clear title to his property from PAULINE CHIN.   Consequently JOSEPH P. AKOWSKEY lives in fear of the continued financial risk associated with supplying PAULINE CHIN with that indemnification.

207.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY cannot not further refinance the subject debt to take advantage of market interest rates during time period.

208.   As a result of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's actions JOSEPH P. AKOWSKEY retained Light & Gonzalez, PLLC and Steele Law to represent him in this action, and if JOSEPH P. AKOWSKEY prevails on any of his claims, JOSEPH P. AKOWSKEY has agreed to pay his attorneys' a reasonable attorneys' fee.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION and each of them for actual damages, include attorneys' fees incurred pursuant to the Florida's wrongful act doctrine; statutory damages; punitive damages;

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

costs, disbursements and reasonable attorney's fees pursuant to Fla. Stat. §559.77; and; for such other and further relief as may be just and proper.

## COUNT III: MALICIOUS PROSECUTION
## AGAINST ALL DEFENDANTS

209.   Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 153 above.

210.   To state a claim for malicious prosecution in Florida:

[T]he plaintiff must establish each of six elements: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002).

211.   ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P., commenced the Second Foreclosure Case against JOSEPH P. AKOWSKEY and PAULINE CHIN f/k/a Pauline E. Akowskey on August 17, 2017.

212.   When the Second Foreclosure Case was commenced, Defendant MTGLQ INVESTORS, L.P. was named as the Plaintiff and SELENE FINANCE, L.P. verified all allegations made in the complaint as true and correct under penalty of perjury.

213.   ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., prepared the complaint for SELENE FINANCE, L.P. and MTGLQ INVESTORS, L.P., and filed the complaint as SELENE FINANCE, L.P. and MTGLQ INVESTORS, L.P.'s legal representatives.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

214.   SELENE FINANCE, L.P. and MTGLQ INVESTORS, L.P. maintained the Second Foreclosure Case against JOSEPH P. AKOWSKEY and PAULINE CHIN until MTGLQ INVESTORS, L.P. sold the subject debt to FEDERAL NATIONAL MORTGAGE ASSOCIATION.

215.   After FEDERAL NATIONAL MORTGAGE ASSOCIATION purchased the subject debt from MTGLQ INVESTORS, L.P., FEDERAL NATIONAL MORTGAGE ASSOCIATION assigned the right to service the subject debt to NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER.

216.   On January 15, 2019, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was substituted as the party plaintiff in the place of MTGLQ INVESTORS, L.P., at which point NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION began prosecuting the Second Foreclosure Case.

217.   ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. remained as counsel for NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER after the substitution and for the remainder of the proceedings.

218.   NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER remained the party plaintiff for the remainder of the proceedings in the Second Foreclosure Case, and continued to prosecute the action against JOSEPH P. AKOWSKEY and PAULINE CHIN until its conclusion.

219.   Defendants ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P. did not have probable cause to commence or continue the Second Foreclosure Case against JOSEPH P. AKOWSKEY or PAULINE CHIN based upon the original, unmodified subject debt as the subject debt had been modified by the Loan Modification.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

220.   SELENE FINANCE, L.P., MTGLQ INVESTORS, L.P., and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L knew the subject debt had been modified when the Second Foreclosure Case from the time the Second Foreclosure Case was commenced through NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's substitution as the party plaintiff.

221.   The First Foreclosure Case resulted in the entry of the First Final Judgment wherein the court adjudged the Loan Modification to be effective.   This existence of the First Final Judgment was known to the each of the Defendants throughout the entire course of the Second Foreclosure Case.

222.   Despite knowing about the Loan Modification and the First Final Judgment, Defendants continued to prosecute the action against JOSEPH P. AKOWSKEY or PAULINE CHIN based upon the original, unmodified subject debt.

223.   The Second Foreclosure Case resulted in a bona fide termination of that proceeding in favor of the JOSEPH P. AKOWSKEY and PAULINE CHIN, namely the entry of the Second Final Judgment.

224.   In the Second Final Judgment the court noted that "Plaintiff's counsel would not acknowledge that the trial judge's findings and conclusions stated on the record which served as a basis for the Final Judgment entered in favor of the Defendants in the [First Foreclosure Case], necessarily impacted this subsequently filed action."

225.   Furthermore, the court held, "After Judge Roby rendered the Final Judgment in the [First Foreclosure Case], J. Akowskey attempted to send payments to Nationstar, however, Plaintiff Nationstar and the prior servicer, MTGLQ Investors, refused to accept payments from him as they continued to be of the position, despite Judge Roby's clear ruling, that there was never

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

a loan modification as J. Akowskey's wife did not sign the modification agreement; as noted earlier in this order, Plaintiff made this exact same argument in the [First Foreclosure Case]."

226.   As a result of Defendants' malicious prosecution as alleged herein, JOSEPH P. AKOWSKEY and PAULINE CHIN became nervous, upset, anxious, embarrassed, frustrated, depressed, annoyed, and suffered from financial and emotional distress.

227.   Throughout the entire course of the Second Foreclosure Case JOSEPH P. AKOWSKEY feared he would lose his home and would be left destitute.

228.   Defendants' contumacious disregard for the court's First Final Judgment has left JOSEPH P. AKOWSKEY and PAULINE CHIN feeling anxious, nervous, helpless and they are losing faith in the United States' judicial system.

229.   As a result of the Defendants' actions violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to suffer emotional distress, mental anguish, shortness of breath, anxiety and feelings of hopelessness.

230.   As a result the Defendants' prosecution of Second Foreclosure Case as more fully set forth herein, JOSEPH P. AKOWSKEY continues to live in fear that Defendants' will file yet another lawsuit against him to try to foreclose on his home.

231.   The Defendants' prosecution of Second Foreclosure Case caused JOSEPH P. AKOWSKEY and PAULINE CHIN to engage in needless and continuous litigation which has caused additional stress, anxiety, and has a negative effect on their familial relationships.

232.   The Defendants' prosecution of Second Foreclosure Case has caused JOSEPH P. AKOWSKEY and PAULINE CHIN's family members to suffer emotional distress, mental anguish, shortness of breath, and anxiety which in turn has caused JOSEPH P. AKOWSKEY and PAULINE CHIN to experience additional stress, anxiety, guilt, and hopelessness.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

233.   From the time he wakes up in the morning until the mail is delivered each day, JOSEPH P. AKOWSKEY is fearful that he may receive a notice that Defendants have filed yet another foreclosure action against him seeking to collect the original, unmodified subject debt and take his home.

234.   As a result of the Defendants' prosecution of Second Foreclosure Case, JOSEPH P. AKOWSKEY was forced to indemnify and otherwise assume legal responsibility to defend PAULINE CHIN from future legal action brough upon the subject debt in order to obtain clear title to his property from PAULINE CHIN.   Consequently JOSEPH P. AKOWSKEY lives in fear of the continued financial risk associated with supplying PAULINE CHIN with that indemnification.

235.   Defendants' prosecution of Second Foreclosure Case, prevented JOSEPH P. AKOWSKEY from refinancing the subject debt to take advantage of market interest rates during time period.

236.   JOSEPH P. AKOWSKEY respectfully requests that the Court award him punitive damages against the Defendants for willfully, maliciously, intentionally, and/or recklessly seeking to collect monies it knew it could not legally collect and for their continued prosecution of the Second Foreclosure Case, their refusal to acknowledge the lawful effect of the First Final Judgment, and their continued refusal to dismiss the foreclosure lawsuit upon Plaintiff and his counsel's multiple requests.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., FEDERAL NATIONAL MORTGAGE ASSOCIATION, MTGLQ INVESTORS, L.P., and SELENE

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

FINANCE, L.P. and each of them for actual damages, including attorneys' fees incurred pursuant to the Florida's wrongful act doctrine; punitive damages; and to enjoin Defendants from future misconduct, and; for such other and further relief as may be just and proper.

**COUNT IV: ACTION ON THE FIRST FINAL JUDGMENT**
**AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL**
**NATIONAL MORTGAGE ASSOCIATION**

237.    Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 153 above.

238.    This is an action brought under Florida common law on the First Final Judgment.

239.    The First Final Judgment is valid, enforceable, and has not been satisfied or released.

240.    "Under Florida law, '[e]very judgment gives rise to a common law cause of action to enforce it, called an action on a judgment. A judgment, whether domestic or foreign, constitutes a cause of action upon which a new and independent action may be based.'" OMS Collections, Ltd. v. Tien, 634 F. App'x 750, 754 (11th Cir. 2015) (quoting *Desert Palace, Inc. v. Wiley*, 145 So. 3d 946, 947 (Fla. Dist. Ct. App. 2014) (citations omitted)).

241.    Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION is the current owner of the subject debt which has been modified pursuant to the First Final Judgment.

242.    Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER is the holder and servicer of the subject debt which has been modified pursuant to the First Final Judgment.

243.    Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER refuse to acknowledge or abide by the

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

rulings contained within the First Final Judgment, namely that the Loan Modification modified the terms of the original subject debt.

244.   JOSEPH P. AKOWSKEY and PAULINE CHIN have been forced to bring this action because Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER continue to disregard the state court's unappealable rulings and refuse to acknowledge the full force and effect of the First Final Judgment, namely that the Loan Modification modified the terms of the original subject debt.

245. Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's refusal to acknowledge or abide by the rulings contained within the First Final Judgment has damaged JOSEPH P. AKOWSKEY and PAULINE CHIN by causing stress, anxiety, feelings of hopelessness and helplessness.

246.   Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's refusal to acknowledge or abide by the rulings contained within the First Final Judgment caused JOSEPH P. AKOWSKEY and PAULINE CHIN to engage in needless litigation related to the subject debt.

247. Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER contumacious disregard for the court's First Final Judgment has left JOSEPH P. AKOWSKEY and PAULINE CHIN feeling anxious, nervous, helpless and they are losing faith in the United States' judicial system.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, and FEDERAL NATIONAL MORTGAGE ASSOCIATION to assist JOSEPH P. AKOWSKEY and PAULINE CHIN in enforcing the First Final Judgment; for actual damages, including attorneys' fees incurred pursuant

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

to the Florida's wrongful act doctrine; punitive damages; and to enjoin these Defendants from future misconduct which violates the ruling contained within the First Final Judgment, and; for such other and further relief as may be just and proper.

## COUNT V: ACTION ON THE SECOND FINAL JUDGMENT
## AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL
## NATIONAL MORTGAGE ASSOCIATION

255.   Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 153 above.

256.   This is an action brought under Florida common law on the Second Final Judgment.

257.   The Second Final Judgment is valid, enforceable, and has not been satisfied or released.

258.   "Under Florida law, '[e]very judgment gives rise to a common law cause of action to enforce it, called an action on a judgment. A judgment, whether domestic or foreign, constitutes a cause of action upon which a new and independent action may be based.'" OMS Collections, Ltd. v. Tien, 634 F. App'x 750, 754 (11th Cir. 2015) (quoting *Desert Palace, Inc. v. Wiley*, 145 So. 3d 946, 947 (Fla. Dist. Ct. App. 2014) (citations omitted)).

259.   Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION is the current owner of the subject debt which has been modified pursuant to the First Final Judgment.

260.   Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER is the holder and servicer of the subject debt which has been modified pursuant to the First Final Judgment.

261.   Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER refuse to acknowledge or abide by the

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

rulings contained within the Second Final Judgment, namely that First Final Judgment had adjudged the Loan Modification to have modified the terms of the original subject debt.

262.   JOSEPH P. AKOWSKEY and PAULINE CHIN have been forced to bring this action because Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER continue to disregard the state court's unappealable rulings and refuse to acknowledge the full force and effect of the Second Final Judgment, namely that the Loan Modification modified the terms of the original subject debt.

263. Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's refusal to acknowledge or abide by the rulings contained within the Second Final Judgment has damaged JOSEPH P. AKOWSKEY and PAULINE CHIN by causing stress, anxiety, feelings of hopelessness and helplessness.

264.   Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's refusal to acknowledge or abide by the rulings contained within the Second Final Judgment caused JOSEPH P. AKOWSKEY and PAULINE CHIN to engage in needless litigation related to the subject debt.

265.   Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPERs' contumacious disregard for the court's First Final Judgment has left JOSEPH P. AKOWSKEY and PAULINE CHIN feeling anxious, nervous, helpless and they are losing faith in the United States' judicial system.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, and FEDERAL NATIONAL MORTGAGE ASSOCIATION to assist JOSEPH P. AKOWSKEY and PAULINE CHIN in enforcing the Second Final Judgment; for actual damages; punitive damages; and to enjoin these

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Defendants from future misconduct which violates the ruling contained within the First Final Judgment, and; for such other and further relief as may be just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action on all claims.

Dated: December 18, 2021                    Respectfully submitted,

/s/ *Gregory Light*
**Gregory Light, Esq.**
Florida Bar. No.: 120907
**Anthony Gonzalez, Esq.**
Florida Bar No.: 119756
LIGHT & GONZALEZ, PLLC
8751 W. Broward Blvd., Suite 209
Plantation, FL 33324
Telephone: 754-900-6545
Facsimile: 754-203-2700
anthony@lightgonzalezlaw.com
greg@lightgonzalezlaw.com
Service E-mail address:
service@lightgonzalezlaw.com

W. Trent Steele
Florida Bar. No.: 349331
STEELE LAW
10995 SE Federal Hwy., Suite 9
Hobe Sound, FL 33455
Telephone: 772-408-6969
e-service@trentsteele.com

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com