Filing # 98349451 E-Filed 11/04/2019 04:35:34 PM



Exhibit F

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR SAINT LUCIE COUNTY, STATE OF FLORIDA

**NATIONSTAR MORTGAGE LLC,**        Case No. 2017CA001409

    **Plaintiff,**

-VS-

**JOSEPH P AKOWSKEY, PAULINE
ELIZABETH CHIN, UNK SP
JOSEPH P AKOWSKEY, UNK SP
PAULINE ELIZABETH CHIN, et
al.,**

    **Defendants.**

## FINAL JUDGMENT

    **THIS CAUSE** came before the court for a non-jury trial on Plaintiff's Verified Complaint for Foreclosure of Mortgage (the "Complaint"). Having weighed and considered the evidence admitted during the proceedings, as well as applicable law, the court makes the following findings and conclusions:

1. The Complaint was filed on August 17, 2017. Plaintiff alleged within the Complaint, among other things, that: it was the holder of the original note secured by the mortgage executed by Joseph Akowskey and Pauline Akowskey; Defendant(s) defaulted on the note and mortgage by failing to pay the October 1, 2012 payment and all subsequent payments; all conditions precedent to acceleration of the mortgage note and to foreclosure have occurred, been satisfied or waived. The Complaint did not reference or mention a loan modification agreement or any prior rulings made by a circuit court judge regarding the at-issue note and mortgage, which serve as a basis for the Complaint.

1

2. The note relied upon by Plaintiff to file the Complaint was dated June 19, 2009, with Bank of America, N.A. being the original lender (the "Note").[1] The Note was endorsed in blank. The Mortgage relied upon by Plaintiff to file the Complaint was dated June 19, 2009 (the "Mortgage").

3. The court took judicial notice, without objection, of certain documents/pleadings contained in St. Lucie County Case Number 2014 CA 2440 (the "Prior Foreclosure Case").[2]

4. The note and mortgage relied upon by the Plaintiff in the Prior Foreclosure Case were the Note and Mortgage.[3] The Prior Foreclosure case was tried before the Honorable William Roby on November 16, 2016. Mr. Barsky of Robertson, Anshutz & Schneid, P.L. represented Plaintiff, Nationstar Mortgage, LLC, (the same named Plaintiff and same law firm in this action) in the Prior Foreclosure Case. Mr. Trent Steele represented Joseph Akowskey ("J. Akowskey") in the Prior Foreclosure Case.

5. J. Akowskey alleged in the Prior Foreclosure case that he entered into a loan modification agreement with Bank of America and J. Akowskey did not default under the terms of the loan modification agreement. Plaintiff in the Prior Foreclosure Case alleged a loan modification agreement was not reached as J. Akowskey's wife never signed it.[4] On November 16, 2016, the court in the Prior Foreclosure Case found in favor of Defendant, J. Akowskey. The court specifically found in the Prior Foreclosure

---

[1] Loan service was transferred from Bank of America to Nationstar Mortgage LLC, then to MTGLQ Investors, L.P., then eventually back to Plaintiff, Nationstar Mortgage LLC.
[2] See the court's October 16, 2019 Order Taking Judicial Notice of St. Lucie County Case 2014 CA 2440.
[3] Plaintiff moved to transfer the original note and mortgage contained in St. Lucie County Case 2014 CA 2440 to this case, 2017 CA 1409. The motion to transfer the Note and Mortgage was granted.
[4] J. Akowskey separated and subsequently divorced his wife, Pauline Elizabeth Akowskey.

2

Case (see trial transcript) that "**there was an effective modification**" of the Note/Mortgage and Plaintiff, Nationstar, failed to "comply with the terms of the modification", which was "highly inequitable". The Prior Foreclosure Case court also found Defendant J. Akowskey proved his affirmative defense of unclean hands, noting Plaintiff Nationstar was **estopped** from accelerating the Note due to its failure to comply with the modification agreement. Judge Roby announced on the record his trial findings and the basis of his ruling in favor of the Defendant in the Prior Foreclosure Action. Judge Roby entered a Final Judgment against Nationstar and in favor of J. Akowskey on November 30, 2016. An appeal was taken of the court's rulings in the Prior Foreclosure Case.[5] The Fourth District Court of Appeal per curiam, affirmed, with a mandate issuing on June 29, 2018.

6. The Complaint in this action was filed on August 17, 2017, after the Final Judgment was issued in the Prior Foreclosure Action. As previously noted, the Final Judgment was based upon the trial court's specific finding that a modification of the Note and Mortgage was indeed created and the subsequent servicer, Nationstar, was estopped from claiming a modification agreement was not reached. The Complaint noticeably does not mention or reference a modification of the Note and Mortgage, despite the undisputed fact that Judge Roby, in the Prior Foreclosure Action, specifically found that "there was an effective modification". J. Akowskey's affirmative defenses to the Complaint include, without limitation: that Plaintiff should be estopped from foreclosing because Plaintiff failed to honor the borrowers' right and opportunity to

---

[5] Plaintiff's counsel represented to the court at the 10/8/2019 trial that her client's appeal in the Prior Foreclosure Case only concerned attorney fees.

3

continue the installment nature of the loan after the Prior Foreclosure Action was dismissed in favor of J. Akowskey; that the Plaintiff and Defendant J. Akowskey were the same parties in the Prior Foreclosure Action and the final judgment in the Prior Foreclosure Action, determined that the holder of the Note and Mortgage and J. Akowskey entered into a loan modification agreement that was not honored by the Note/mortgage holder/servicer Nationstar.

7. The trial on the Complaint was held on October 8, 2019 (the "Trial"). At the Trial, Plaintiff attempted to assert, that there was never an effective loan modification as it relates to the Note and Mortgage.[6] Despite the court taking judicial notice, without objection, to the Prior Foreclosure Action Trial Transcript and Final Judgment, Plaintiff's counsel would not acknowledge that the trial judge's findings and conclusions stated on the record which served as a basis for the Final Judgment entered in favor of the Defendants in the Prior Foreclosure Action, necessarily impacted this subsequently filed action. Based upon the Prior Foreclosure Action rulings made by Judge Roby on the record, Plaintiff is estopped from asserting in this subsequent foreclosure action on the exact same Note and Mortgage, that a loan modification agreement was never reached between the parties. *See Zikofsky v. Mktg. 10, Inc.* 904 So. 2d 520 (Fla. 4th DCA 2005). The issue of whether J. Akowskey entered into a loan modification with Bank of America as it relates to the Note and Mortgage was fully litigated by the parties to this action in the Prior Foreclosure Action and a final decision was rendered by Judge Roby on the specific modification issue. *See Mortgage Elec.*

---

[6] Plaintiff's counsel attempted to present the exact same arguments presented by Plaintiff in the Prior Foreclosure Action, namely, that there was no modification of the Note and Mortgage.

4

*Registration Sys., Inc., v. Badra,* 991 So. 2d 1037 (Fla. 4th DCA 2012). After Judge Roby rendered the Final Judgment in the Prior Foreclosure Action, J. Akowskey attempted to send payments to Nationstar, however, Plaintiff Nationstar and the prior servicer, MTGLQ Investors, refused to accept payments from him as they continued to be of the position, despite Judge Roby's clear ruling, that there was never a loan modification as J. Akowskey's wife did not sign the modification agreement; as noted earlier in this order, Plaintiff made this exact same argument in the Prior Foreclosure Action.

8. Plaintiff alleges that J. Akowskey is barred from arguing that Judge Roby specifically ruled in the Prior Foreclosure Action that there was an effective loan modification of the Note and Mortgage or that the court found that Plaintiff Nationstar had unclean hands, due to J. Akowskey's failure to allege such within the affirmative defenses. This court disagrees. J. Akowskey did plead the affirmative defense of collateral estoppel within his 6th, 7th, and 8th affirmative defenses. J. Akowskey, within his affirmative defenses, specifically identified the Prior Foreclosure Action and the issues decided, noting the Prior Foreclosure Action involved the same parties and identical Note and Mortgage. There is no question that Plaintiff Nationstar was adequately apprised by J. Akowskey's affirmative defenses in this action that he was challenging Nationstar's attempt to re-litigate the issue of whether a loan modification of the Note/Mortgage was reached between Bank of America and J. Akowskey.

9. Due to the ruling in the Prior Foreclosure Action that the Note and Mortgage were modified, Nationstar could foreclose only by pleading and proving that J. Akowskey

5

breached the modification agreement found to exist by Judge Roby. *Kuehlman v. Bank of America, N.A.,* 177 So. 3d 1282 (Fla. 5th DCA 2012). The Complaint, as noted earlier, did not mention the modification of the Note and Mortgage, and therefore, Plaintiff failed to plead the theory of breach of modification agreement, nor was such theory tried by consent. The Complaint filed after Judge Roby's Final Judgment in the Prior Foreclosure Action, alleges a default date of October 1, 2012, which date falls **before** the modification agreement found effective by Judge Roby. Plaintiff's attempt to start anew to foreclose on the Note/Mortgage, without acknowledging the Prior Foreclosure Action's Final Judgment and the basis of such Final Judgment announced by Judge Roby on the record is not legally proper. Plaintiff did not meet its burden in this mortgage foreclosure action.

Based upon the foregoing findings and conclusions, it is hereby **ORDERED AND ADJUDGED** as follows:

A. Plaintiff NATIONSTAR MORTGAGE LLC takes nothing by its action against Defendant JOSEPH AKOWSKEY, and therefore, Joseph Akowskey goes hence without day.

B. The court retains jurisdiction to award fees and costs.

DONE AND ORDERED at St. Lucie County, Florida on November 4, 2019.

*/s/ Elizabeth Metzger*
eSigned by METZGER, ELIZABETH A in 2017CA001409
on 11/04/2019 16:34:07 BQgOY5RL

Elizabeth Metzger
CIRCUIT JUDGE

6

Order E-FILED and e-served via the e-filing portal to all attorneys and parties with designated emails within the e-filing portal.

For all parties without designated emails within the e-filing portal for this case, Plaintiff shall send a copy of this order to each party via US Mail