# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:21cv14487

JOSEPH P. AKOWSKEY,

      Plaintiff,

vs.

                                      JURY TRIAL DEMANDED

NATIONSTAR MORTGAGE LLC d/b/a MR.
COOPER, ROBERTSON, ANSCHUTZ,
SCHNEID, CRANE & PARTNERS, PLLC
f/k/a Robertson, Anschutz Schneid, P.L.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, MTGLQ INVESTORS, L.P.,
and SELENE FINANCE, L.P.

      Defendants.

_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff JOSEPH P. AKOWSKEY, by and through his undersigned
counsel brings this action for damages against NATIONSTAR MORTGAGE LLC d/b/a MR.
COOPER, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a
Robertson, Anschutz Schneid, P.L., FEDERAL NATIONAL MORTGAGE ASSOCIATION,
MTGLQ INVESTORS, L.P., and SELENE FINANCE, L.P. (*collectively hereinafter*
"Defendants") resulting from Defendants' violations of state and federal law in their attempts to
collect debts from JOSEPH P. AKOWSKEY and to foreclose on his home.

## PARTIES, JURISDICTION AND VENUE

1.     This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331,
and this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §
1367.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

2. Plaintiff JOSEPH P. AKOWSKY is a natural person now residing in Saint Lucie County, Florida, is over the age of eighteen (18) years, and is otherwise *sui juris*.

3. Plaintiff JOSEPH P. AKOWSKY is a consumer as defined by § 15 U.S.C. §1692a(3), who incurred the below-described debt for personal, family or household services.

4. Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER is a Delaware limited liability company, with its principal place of business located at 8950 Cypress Waters Blvd., Dallas, TX 75019; Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's business is the regular collection of debts using the mail and/or telephone, which it regularly does in Saint Lucie County, Florida.

5. Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER is a debt collector as defined by 15 U.S.C. §1692a(6).

6. Defendant ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. is Florida limited liability company with its principal place of business located at 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487.

7. Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION is Delaware corporation with its principal place of business located at 3900 Wisconsin Avenue, N.W., Washington, D.C. 20016-2892; Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION's business is the regular collection of debts using the mail and/or telephone, which it regularly does in Saint Lucie County, Florida.

8. FEDERAL NATIONAL MORTGAGE ASSOCIATION maintains a Servicing Guide which describes the processes and procedures it requires businesses, including mortgage servicers, to comply with when doing business with them (*hereinafter* "Servicing Guide").

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

9.     FEDERAL NATIONAL MORTGAGE ASSOCIATION uses their Servicing Guide to provide information, direction and guidance to mortgage servicers and law firms acting of their behalf.

10.     The Servicing Guide describes its mortgage servicers' various responsibilities related to non-routine litigation.

11.     The Servicing Guide provides that "non-routine litigation" includes actions in which a borrower challenges the validity, priority, or enforceability of a mortgage loan owned by FEDERAL NATIONAL MORTGAGE ASSOCIATION or otherwise seek to impair FEDERAL NATIONAL MORTGAGE ASSOCIATION's interest in an acquired property.

12.     The Servicing Guide provides that non-routine litigation also includes actions that present an issue that may pose a significant legal risk or reputational risk to FEDERAL NATIONAL MORTGAGE ASSOCIATION.

13.     FEDERAL NATIONAL MORTGAGE ASSOCIATION requires mortgage servicers to report non-routine litigation to FEDERAL NATIONAL MORTGAGE ASSOCIATION's legal department through the completion and delivery of their Non-Routine Litigation Form (Form 20) within two business days of the servicer receiving notice of the non-routine litigation, with limited exceptions.

14.     In all cases FEDERAL NATIONAL MORTGAGE ASSOCIATION requires mortgage servicers to provide a completed Non-Routine Litigation Form (Form 20) to FEDERAL NATIONAL MORTGAGE ASSOCIATION when an issue that may pose a significant legal risk or reputational risk is expected to be raised at a scheduled trial.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

15.     FEDERAL NATIONAL MORTGAGE ASSOCIATION requires that mortgage servicers and the law firm representing them in the foreclosure proceeding to interact with each other throughout the course of the foreclosure proceedings.

16.     FEDERAL NATIONAL MORTGAGE ASSOCIATION reserves the right to direct and control all litigation involving a mortgage loan that they own, and the mortgage servicer and any law firm handling the litigation must cooperated fully with FEDERAL NATIONAL MORTGAGE ASSOCIATION in the prosecution, defense, or handling of the matter.

17.     FEDERAL NATIONAL MORTGAGE ASSOCIATION prohibits mortgage servicers from initiating legal proceedings or intervening in legal proceedings on FEDERAL NATIONAL MORTGAGE ASSOCIATION's behalf without their prior written approval, with the exception of routine foreclosures, bankruptcy matters, and possessory actions for certain mortgage loans.

18.     FEDERAL NATIONAL MORTGAGE ASSOCIATION requires its mortgage servicers to evaluate borrowers for various work-out options and present these options to the borrowers.

19.      FEDERAL NATIONAL MORTGAGE ASSOCIATION prohibits its mortgage servicers from modifying the terms of a mortgage loan in many circumstances unless all obligors on the original mortgage agree to the terms of the modification agreement.

20.     FEDERAL NATIONAL MORTGAGE ASSOCIATION's Servicing Guide expressly confers the companies that service its mortgage loans, such as NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE &

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. and Bank of America, N.A., with authority to act on their behalf.

21.     At all times relevant herein FEDERAL NATIONAL MORTGAGE ASSOCIATION expressly conferred NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER with actual authority to act on its behalf through one or more powers of attorney or servicing agreements.

22.     All of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions as described more fully described herein were performed on behalf of FEDERAL NATIONAL MORTGAGE ASSOCIATION who had given them actual authority to perform such actions.

23.     All of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions as described more fully described herein were condoned by FEDERAL NATIONAL MORTGAGE ASSOCIATION who had given them actual authority to perform such actions.

24.     All of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions as described more fully described herein were performed at FEDERAL NATIONAL MORTGAGE ASSOCIATION's direction and behest by virtue of the instructions given to NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER within the Servicing Guide, express contractual obligations between the parties, or through loan level instructions directly related to the mortgage loan it sought to collect.

25.     FEDERAL NATIONAL MORTGAGE ASSOCIATION had actual knowledge of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions as described more fully herein as evidenced by NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s communications to them, many communications of which

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. were contractually required to make.

26.     Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION is also a debt collector as defined by 15 U.S.C. §1692a(6) because in the process of collecting the subject debt, it used and/or operated under its mortgage servicer's name,  "Nationstar Mortgage, LLC" or "Mr. Cooper".

27.     FEDERAL NATIONAL MORTGAGE ASSOCIATION controlled the substance and form of all of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's communications to JOSEPH P. AKOWSKY.

28.     At all times relevant herein NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and/or FEDERAL NATIONAL MORTGAGE ASSOCIATION expressly conferred ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. with actual authority to act on its behalf through parties' contractual agreements.

29.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were performed on behalf of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and/or FEDERAL NATIONAL MORTGAGE ASSOCIATION who had given them actual authority to perform such actions during the time period the law firm represented them.

30.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were condoned by NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and/or FEDERAL

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

NATIONAL MORTGAGE ASSOCIATION who had given them actual to perform such actions during the time period the law firm represented them.

31.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were performed at NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and/or FEDERAL NATIONAL MORTGAGE ASSOCIATION's direction and behest by virtue of loan level instructions given directly to them or by virtue of contractual obligations that existed between the parties during the time period the firm represented them.

32.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were also performed with apparent authority to perform such actions on behalf of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER during the time period the firm represented them.

33.     Defendant MTGLQ INVESTORS, L.P. is a Delaware limited partnership with its principal place of business located at 200 West Street, New York, NY 10282.

34.     Defendant SELENE FINANCE, L.P. is a Delaware limited partnership with its principal place of business located at 9990 Richmond Avenue, Suite 400, South Houston, TX 77042.

35.     At all times relevant hereto, MTGLQ INVESTORS, L.P. contracted SELENE FINANCE, L.P. to act on its behalf in connection with the attempts to collect the subject debt.

36.     All of SELENE FINANCE, L.P.'s actions as described more fully described herein were performed on behalf of MTGLQ INVESTORS, L.P. who had given them actual authority or apparent authority to perform such actions.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

37.     All of SELENE FINANCE, L.P.'s actions as described more fully described herein were condoned by MTGLQ INVESTORS, L.P. who had given them actual authority or apparent authority to perform such actions.

38.     All of SELENE FINANCE, L.P.'s actions as described more fully described herein were performed at MTGLQ INVESTORS, L.P.'s direction and behest by virtue of the contractual obligations between those parties or through loan level instructions directly related to the mortgage loan it sought to collect.

39.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were performed on behalf of MTGLQ INVESTORS, L.P. and/or SELENE FINANCE, L.P.  who had given them actual authority and/or apparent authority to perform such actions during the time period the firm represented them.

40.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were condoned by MTGLQ INVESTORS, L.P. and/or SELENE FINANCE, L.P.  who had given them given them actual authority and/or apparent authority to perform such actions during the time period the firm represented them.

41.     All of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s actions as described more fully described herein were performed at MTGLQ INVESTORS, L.P. and/or SELENE FINANCE, L.P.'s direction and behest by virtue of loan level instructions given directly to them or by virtue of contractual obligations that existed between the parties during the time period the firm represented them.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

42.     Venue is proper in this District under 28 U.S.C. § 1391 because: (i) the conduct from which this cause of action arises occurred in this District; and (ii) Defendants transact business in this District.

43.     At all times herein, the conduct of Defendants, complained of below, occurred in Saint Lucie County, Florida.

## **NATURE OF ACTION**

44.     The lawsuit arises out of Defendants' unlawful attempts to collect a debt from JOSEPH P. AKOWSKEY, Defendants' unlawful attempts to foreclose on his home, and Defendants' willful disregard of multiple state court final judgments, factual findings, and legal conclusions.

45.     Defendants, and each of them, maintained a foreclosure lawsuit against JOSEPH P. AKOWSKEY seeking to enforce the original version of a promissory note and mortgage that the state court previously found had been modified.

46.     After the state court found, *for a second time*, that the promissory note and mortgage was modified, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION have continued to ignore the force, effect and validity of the state court's final judgments, factual findings, and legal conclusions and continue to attempt to collect the original, unmodified note from JOSEPH P. AKOWSKEY.

47.     As explained in further detail below, these actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (*hereinafter* "FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq.* (*hereinafter* "FCCPA"), and give rise to Plaintiff's tort claims.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## GENERAL ALLEGATIONS

48.     In 2004 JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey purchased the subject property and began construction of the home where they intended to reside together as husband and wife.   JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey financed the purchase of the property and costs of construction with a promissory note issued to Bank of America, N.A. on August 6, 2004.

49.     On June 19, 2009, JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey refinanced this loan which resulted in a new debt they incurred with their original creditor Bank of America, N.A.   This debt will be referred to as "the subject debt."

50.     Specifically, the subject debt was the result of refinancing of a loan secured by the property located at 1062 SW Coleman Ave., Port St. Lucie, FL 34953, where JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey intended to reside together.   *See* **EXHIBIT A** (a true and correct copy of the note dated June 19, 2009).

51.     The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.   As such, the subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

52.     The subject debt was secured by a mortgage on JOSEPH P. AKOWSKEY's home located at 1062 SW Coleman Avenue, Port St. Lucie, FL 34953 (the "subject property").   *See* **EXHIBIT B** (a true and correct copy of the mortgage dated June 19, 2009).

53.     In 2012 JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey defaulted on the note and mortgage by failing to pay a required monthly payment.

54.     After the subject debt fell into delinquency FEDERAL NATIONAL MORTGAGE ASSOCIATION purchased the subject debt from Bank of America, N.A., but

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Bank of America, N.A. retained the rights to service the subject debt on behalf of FEDERAL NATIONAL MORTGAGE ASSOCIATION.

55.     At all times since FEDERAL NATIONAL MORTGAGE ASSOCIATION purchased the subject debt it has always treated the subject debt as if it was in default.

56.     At all times since FEDERAL NATIONAL MORTGAGE ASSOCIATION purchased the subject debt it has represented to its assigned mortgage servicers, including Bank of America, N.A. and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, that the subject debt was in default.

57.     At all times since FEDERAL NATIONAL MORTGAGE ASSOCIATION purchased the subject debt it has represented to subsequent purchasers of the subject debt that the subject debt was in default, including in their representations to MTGLQ INVESTORS, L.P.

58.     On August 14, 2012, JOSEPH P. AKOWSKEY and Bank of America, N.A., in its capacity as the servicer for the subject debt on behalf of FEDERAL NATIONAL MORTGAGE ASSOCIATION, participated in pre-suit mediation to attempt to reach a settlement.

59.     When scheduling the mediation Bank of America, N.A. told JOSEPH P. AKOWSKEY that Pauline Chin f/k/a Pauline E. Akowskey did not need to attend the mediation.

60.     Present at the mediation was a representative of Bank of America, N.A., an attorney for Bank of America, N.A., and JOSEPH P. AKOWSKEY; based upon Bank of America, N.A.'s representations to them when scheduling the mediation; Pauline Chin f/k/a Pauline E. Akowskey did not to attend.

61.     On August 15, 2012, Bank of America, N.A. in their capacity as the servicer for the subject debt for FEDERAL NATIONAL MORTGAGE ASSOCIATION sent a letter to

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey informing them that they were not eligible for the modification JOSEPH P. AKOWSKEY had agreed to at mediation.

62.     Notwithstanding that letter, on September 26, 2012 Bank of America, N.A. sent JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey a trial period plan to modify the subject debt in accordance with the agreement reached at mediation.  The trial period required JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey to make three trial period plan payments at which time they would receive the final modification agreement.

63.     Confused by the conflicting communications he was receiving from Bank of America, N.A., JOSEPH P. AKOWSKEY called Bank of America, N.A. on October 9, 2012, to inquire into whether he was eligible to modify the subject debt held by FEDERAL NATIONAL MORTGAGE ASSOCIATION.  JOSEPH P. AKOWSKEY spoke with Tom Ruelas who assured him not to worry about the prior paperwork he had been sent.

64.     JOSEPH P. AKOWSKEY proceeded to make the trial period payments as outlined under the September 26, 2012 letter.

65.     Thereafter, on January 12, 2013, Bank of America, N.A. sent JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey a communication informing them that they were approved for a permanent loan modification.

66.     Included within the communication was the "FANNIE MAE LOAN MODIFICATION AGREEMENT" and a letter summarizing the terms of the modified loan.  The new loan balance would be $99,975.54 which represented the sum of the past due interest in the amount of $2,758.61, $710.00 in servicing expenses, taxes and insurance previous paid in the amount of $1,515.56, and the principal balance of $94,991.37.   The letter further informed

JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey that any unpaid late fees would be waived when the modification was finalized.

67.     The permanent loan modification reduced the interest rate on the subject debt from 4.375% to 4.250% for the life of the loan and extended the length of the loan by thirteen years and six months.

68.     The original, unmodified subject debt required principal and interest payments in the amount of $542.23; the loan modification reduced the principal and interest payment to $433.51.

69.     The original, unmodified subject debt required principal and interest payments in matured on July 1, 2039; the loan modification extended the maturity date to January 1, 2053.

70.     The agreement called for both JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey to execute the agreement, which differed from Bank of America, N.A.'s prior representations to JOSEPH P. AKOWSKEY.

71.     At this time Pauline Chin f/k/a Pauline E. Akowskey had already filed to divorce JOSEPH P. AKOWSKEY and consequently she refused to obligate herself on the loan modification as she no longer had any interest in owning a portion of the subject property.

72.     On January 15, 2013, JOSEPH P. AKOWSKEY, executed the agreement, returned the executed agreement to Bank of America, N.A. and immediately began remitting payments towards the debt as modified.  A true and correct copy of the loan modification agreement is attached hereto as **EXHIBIT C**. ("Loan Modification").

73.     Pauline Chin f/k/a Pauline E. Akowskey did not execute or otherwise agree to the Loan Modification.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

74.     JOSEPH P. AKOWSKEY proceeded to make ten additional payments to Bank of America, N.A. pursuant to the terms of the Loan Modification in the months immediately following his execution of the Loan Modification.

75.     Bank of America, N.A. accepted all ten of these payments.

76.     In total, including the trial plan payments, Bank of America, N.A. accepted thirteen payments in accordance with the loan modification.

77.     Thereafter, on or about December 30, 2013, FEDERAL NATIONAL MORTGAGE ASSOCIATION assigned the right to service the subject debt to NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER.

78.     Upon receiving the servicing assignment NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION refused to honor the terms of the Loan Modification and instead sought to collect the original, unmodified subject debt from JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey.

79.     From the time NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER received the right to collect the subject debt until present, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER has always treated the subject debt as if it was in default.

80.     Since NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's was assigned the right to service the subject debt it has always represented to JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey that the subject debt was past due.

81.     JOSEPH P. AKOWSKEY attempted to remit payments to Defendant NATIONSTAR MORTGAGE LLC pursuant to the terms of Loan Modification, however Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER refused to accept the payments because they asserted the subject debt had not been modified.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

82.     After informing JOSEPH P. AKOWSKEY that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION were refusing to honor the terms of the Loan Modification, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER returned the thirteen payments JOSEPH P. AKOWSKEY had previously remitted to Bank of America, N.A.

83.     This caused JOSEPH P. AKOWSKEY to feel frustrated, confused, distraught, nervous, anxious, upset, and worried about losing his home.

84.     JOSEPH P. AKOWSKEY suffers from serious medical conditions and disabilities that make it difficult for him to leave his home.

85.     In order to leave his home JOSEPH P. AKOWSKEY must use a wheelchair, powerchair and other medical devices to assist him.

86.     When JOSEPH P. AKOWSKEY uses his wheelchair, powerchair and other medical devices he requires leave his home, even for a short period of time, he experiences a tremendous amount of physical pain which in the past has caused him to pass out, experience incontinence, and otherwise experience physical discomfort.

87.      Accordingly, JOSEPH P. AKOWSKEY is fearful whenever he has to leave his home for a prolonged period of time, and he experiences anxiety and emotional distress for days leading up to those appointments.

### *The First Foreclosure*

88.     Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER retained ROBERTSON, ANSCHUTZ & SCHNEID, P.L. to attempt to collect the subject debt allegedly owed to FEDERAL NATIONAL MORTGAGE ASSOCIATION and being serviced by NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

89.     On November 13, 2014, ROBERTSON, ANSCHUTZ & SCHNEID, P.L. filed a lawsuit on behalf of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER against JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey in the Circuit Court of the 19th Judicial Circuit in and for Saint Lucie County Florida, which was assigned Case number 2014CA002440 ("First Foreclosure Case") to attempt to collect on the subject debt, to foreclose on the mortgage and to collect on an alleged deficiency should one exist.

90.     FEDERAL NATIONAL MORTGAGE ASSOCIATION owned the subject debt when the First Foreclosure Case was filed and gave NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER actual authority to act on their behalf throughout that action.

91.     In their Verified Mortgage Foreclosure Complaint filed in the First Foreclosure Case NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER sought to recover their attorneys' fees and costs incurred in bringing that action as well as all other costs of collection pursuant to the unmodified Note and Mortgage.

92.     In defense, JOSEPH P. AKOWSKEY asserted that the subject debt had been modified pursuant to the terms of the Loan Modification, and the plaintiff could not prevail in their action to foreclose on the original, unmodified subject debt.

93.     After this defense was asserted by JOSEPH P. AKOWSKEY in the First Foreclosure Case, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER reported the issue to FEDERAL NATIONAL MORTGAGE ASSOCIATION in accordance with its Servicing Guidelines.

94.     After this defense was asserted by JOSEPH P. AKOWSKEY in the First Foreclosure Case, FEDERAL NATIONAL MORTGAGE ASSOCIATION directed

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER to attempt to enforce the original, unmodified subject debt.

95.     During the pendency of the First Foreclosure Case JOSEPH P. AKOWSKEY was forced to make court appearances, attend mediation, and sit for depositions which caused him a great amount of physical pain and discomfort due to his underlying medical conditions.

96.     The physical pain and discomfort JOSEPH P. AKOWSKEY experienced was apparent to anyone in attendance of those events, including ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.'s attorneys and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's representatives.

97.     A non-jury trial in the First Foreclosure Case was held before the Honorable William L. Roby on November 16, 2016 at the St. Lucie County Courthouse in Fort Pierce, Florida.

98.     At the time of trial FEDERAL NATIONAL MORTGAGE ASSOCIATION was the owner of the subject debt and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was servicing the subject debt on their behalf.

99.     At trial NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was in possession of the original, unmodified promissory note endorsed in blank which was then offered and accepted into evidence.

100.     At trial NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER through their counsel ROBERTSON, ANSCHUTZ & SCHNEID, P.L. argued that the Loan Modification was not effective because it had not been executed by Pauline Chin f/k/a Pauline E. Akowskey.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

101.    JOSEPH P. AKOWSKEY through his counsel argued that the Loan Modification was effective because Bank of America, N.A. had accepted thirteen payments pursuant to the Loan Modification.

102.    On the evidence and argument presented, Judge Roby ruled the subject debt was modified pursuant to the Loan Modification even though Pauline Chin f/k/a Pauline E. Akowskey had not signed Loan Modification.  Attached hereto as **EXHIBIT D** is a true and correct copy of the transcript from the Trial held in the First Foreclosure Case.

103.    Judge Roby ruled that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER failed to provide JOSEPH P. AKOWSKEY with a notice of default in compliance with paragraph 22 of the mortgage due to the Loan Modification.

104.    Judge Roby ruled that JOSEPH P. AKOWSKEY proved his defense of unclean hands because the Plaintiff's conduct was inequitable in light of the Loan Modification.

105.    Judge Roby described the facts of the case as "pretty egregious".

106.    On or about November 30, 2016, Judge Roby entered Final Judgment in favor of JOSEPH P. AKOWSKEY ("First Final Judgment").  *See* **EXHIBIT E.**  The First Final Judgment was subsequently recorded in the Official Records of Saint Lucie County Book 3953 Page 794.

107.    NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER did not appeal the First Final Judgment.

108.    NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER did not request that the court award them attorney's fees or costs incurred in the First Foreclosure Case.

109.    After the First Final Judgment rendered, JOSEPH P. AKOWSKEY began attempting to remit payments pursuant to the terms of the Loan Modification, but

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION refused to accept his payments because they claimed the subject debt had not been modified due to Pauline Chin f/k/a Pauline E. Akowskey not having executed the Loan Modification.

110. On or about January 20, 2017 FEDERAL NATIONAL MORTGAGE ASSOCIATION sold subject debt the MTGLQ INVESTORS, L.P., but at the time of the sale FEDERAL NATIONAL MORTGAGE ASSOCIATION did not inform MTGLQ INVESTORS, L.P. that the subject debt had been modified pursuant to the Loan Modification or the First Final Judgment.

111. MTGLQ INVESTORS, L.P. then assigned the rights to service the subject debt to to SELENE FINANCE, L.P.

112. JOSEPH P. AKOWSKEY informed MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P of Judge Roby's finding in the First Foreclosure Case that the subject debt had been modified by the Loan Modification and began attempting to remit payments pursuant to the terms of the Loan Modification.

113. However, MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P. refused to accept the payments and claimed that subject debt had not been modified because Pauline Chin f/k/a Pauline E. Akowskey had not signed that agreement.

114. Both MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P. refused to recognize the affect of the Judge Roby's factual findings and legal conclusions from the First Foreclosure Case as to the terms of the subject debt obligation, and the First Final Judgment's preclusive affect on relitigating those issues.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

115.    On or about June 16, 2017 SELENE FINANCE, L.P., acting on behalf of MTGLQ INVESTORS, L.P., sent JOSEPH P. AKOWSKEY its Notice of Default and Intent to Accelerate.  *See* **EXHIBIT F** ("June 16, 2017 Notice of Default" )

116.    The June 16, 2017 Notice of Default states that subject debt is due for the October 1, 2012 payment, a default date which predates when the subject debt was modified.

117.    The June 16, 2017 Notice of Default demands principal and interest due upon the unmodified Note and Mortgage rather than the Loan Modification.

118.    The June 16, 2017 Notice of Default demands payment for a "Corporate Advance Balance" which consists of attorneys' fees and costs incurred in the First Foreclosure Case which are not contractually recoverable under the terms of either Loan Modification or the unmodified Note and Mortgage.

### *The Second Foreclosure*

119.    Thereafter, Defendant SELENE FINANCE, L.P. retained ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. to attempt to collect the subject debt allegedly owed to MTGLQ INVESTORS, L.P. and being serviced by SELENE FINANCE, L.P.

120.    On August 17, 2017, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. filed a lawsuit on behalf of MTGLQ INVESTORS, L.P. against JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey in the Circuit Court of the 19th Judicial Circuit in and for Saint Lucie County Florida, Case number 2017CA001409 ("Second Foreclosure Case") wherein they sought to attempt to collect on the original, unmodified subject debt, to foreclose on the mortgage and to collect on an alleged deficiency should one exist.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

121.    In MTGLQ INVESTORS, L.P.'s Verified Complaint in the Second Foreclosure Case, through their attorney-in-fact SELENE FINANCE, L.P., they swore under penalty of perjury that JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey defaulted under the unmodified subject debt by failing to pay the payment due October 1, 2012. *See* **EXHIBIT G** ("Verified Complaint in the Second Foreclosure Case" ).

122.    In MTGLQ INVESTORS, L.P.'s Verified Complaint in the Second Foreclosure Case it sought to collect attorneys' fees, costs, and charges their predecessor-in-interest, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, had previously attempted to collect in the First Foreclosure Case but had been denied.

123.    In MTGLQ INVESTORS, L.P.'s Verified Complaint in the Second Foreclosure Case they sought to collect additional attorneys' fees, collection costs, and other charges that were incurred after the First Final Judgment, but still based upon the contractual provisions contained within the original, unmodified subject debt rather than the Loan Modification.

124.    MTGLQ INVESTORS, L.P.'s Verified Complaint in the Second Foreclosure Case did not mention or reference a modification of the subject debt, the Loan Modification, the First Foreclosure Case, the First Final Judgment, or any of Judge Roby's rulings.

125.    SELENE FINANCE, L.P. verified all of the allegations contained within MTGLQ INVESTORS, L.P.'s Verified Complaint in the Second Foreclosure Case in the Second Foreclosure Case under penalty of perjury.

126.    The Verified Complaint in the Second Foreclosure Case was prepared and submitted to the Court by ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

127.    JOSEPH P. AKOWSKEY was served with the Verified Complaint in the Second Foreclosure Case and became nervous, anxious, and distressed because he believed he might lose his home to foreclosure.

128.    JOSEPH P. AKOWSKEY also became upset, angry and confused because he knew that Judge Roby had already ruled there has been a modification of the subject debt, and the Verified Complaint in the Second Foreclosure Case was still based upon the original, unmodified, subject debt.

129.    JOSEPH P. AKOWSKEY retained counsel and asserted that the subject debt had been modified pursuant to the terms of the Loan Modification, and the plaintiff could not prevail in their action to foreclose on the original, unmodified subject debt.

130.    JOSEPH P. AKOWSKEY also asserted that the court had previously ruled in the First Foreclosure Case that there had been a modification of the subject debt, that the Loan Modification had not been breached, and that the plaintiff is collaterally estopped relitigating the question of whether the subject debt had been modified pursuant to the Loan Modification due to the factual findings and legal conclusions in the First Foreclosure Case.

131.    MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P. continued to prosecute the Second Foreclosure Case until on or about October 10, 2018, when MTGLQ INVESTORS, L.P. sold the subject debt to back to FEDERAL NATIONAL MORTGAGE ASSOCIATION.

132.    After FEDERAL NATIONAL MORTGAGE ASSOCIATION reacquired the subject debt it appointed NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER as its agent to service the subject debt and the prosecute the Second Foreclosure Case.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

133. On or about January 15, 2019, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was substituted in as the party plaintiff in the place of MTGLQ INVESTORS, L.P.

134. ROBERTSON, ANSCHUTZ & SCHNEID, P.L. remained as counsel for NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER after the substitution.

135. During the pendency of the Second Foreclosure Case JOSEPH P. AKOWSKEY was forced to make court appearances, attend mediation, and sit for depositions which caused him a great amount of physical pain and discomfort due to his underlying medical conditions.

136. The physical pain and discomfort JOSEPH P. AKOWSKEY experienced was apparent to anyone in attendance of those events, including ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P.'s representatives.

137. A non-jury trial in the Second Foreclosure Case was held before the Honorable Elizabeth Metzger on October 8, 2019, at the St. Lucie County Courthouse in Fort Pierce, Florida.

138. At the time of trial FEDERAL NATIONAL MORTGAGE ASSOCIATION was the owner of the subject debt and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was servicing the subject debt on their behalf.

139. At trial NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was represented by ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L the same firm that had represented them in the First Foreclosure Case.

140. NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid,

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

P.L. presented the same arguments they presented in the First Foreclosure Case, that Loan Modification was not effective because it had not been executed by Pauline Chin f/k/a Pauline E. Akowskey. *See* **EXHIBIT H** ("Trial Transcript from Second Foreclosure Case" ).

141.    NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. presented testimony and documentary evidence to the court based upon the original, unmodified terms of the subject debt rather than the Loan Modification.

142.    NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. sought to recover attorneys' fees, collection costs, and other amounts it had previously sought to recover in the First Foreclosure Action.

143.    JOSEPH P. AKOWSKEY through his counsel argued that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was collaterally estopped from relitigating the issue of whether the Loan Modification was effective as this had already been fully litigated and ruled upon in the First Foreclosure Case.

144.    At the time of the non-jury trial in the Second Foreclosure Case, the First Foreclosure Judgment was final and unappealable.

145.    On November 4, 2019, Judge Metzger entered Final Judgment in the Second Foreclosure Case in favor of JOSEPH P. AKOWSKEY which contains extensive factual findings and legal conclusions.  The Final Judgment was recorded in Saint Lucie County Official Records Book 4342 Page 499.  *See* **EXHIBIT I** ("Second Final Judgment").

146.    Judge Metzger ruled, "The issue of whether J. Akowskey entered into a loan modification with Bank of American as it related to the Note and Mortgage was fully litigated by

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

the parties to this action in the [First Foreclosure Case] and a final decision was rendered by Judge Roby on the specific modification issue."

147.    Judge Metzger ruled that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was estopped from asserting there had not been a modification of the subject debt.

148.    Judge Metzger noted that "Plaintiff's counsel would not acknowledge that the trial judge's findings and conclusions stated on the record which served as a basis for the Final Judgment entered in favor of the Defendants in the [First Foreclosure Case], necessarily impacted this subsequently filed action."

149.    Judge Metzger ruled, "After Judge Roby rendered the Final Judgment in the [First Foreclosure Case], J. Akowskey attempted to send payments to Nationstar, however, Plaintiff Nationstar and the prior servicer, MTGLQ Investors, refused to accept payments from him as they continued to be of the position, despite Judge Roby's clear ruling, that there was never a loan modification as J. Akowskey's wife did not sign the modification agreement; as noted earlier in this order, Plaintiff made this exact same argument in the [First Foreclosure Case]."

150.    Judge Metzger ruled, "There is no question that [NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER] was adequately apprised by J. Akowskey's affirmative defenses in this action that he was challenging [NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER]'s attempt to re-litigate the issue of whether a loan modification of the Note/Mortgage was reached between Bank of American and J. Akowskey."

151.    NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER did not appeal the Second Final Judgment.

152.    NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER did not request that the court award them attorney's fees or costs to them in the Second Foreclosure Case.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

*Post Second Final Judgment Debt Collection*

153. Astonishingly, over two years after the entry of the Second Final Judgment, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, acting at the direction and instruction of FEDERAL NATIONAL MORTGAGE ASSOCIATION, is still attempting to collect the original, unmodified subject debt.

154. Even after the entry of the Second Final Judgment, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, acting at the direction and instruction of FEDERAL NATIONAL MORTGAGE ASSOCIATION, continues to send JOSEPH P. AKOWSKEY communications seeking to collect the original, unmodified subject debt.

155. NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, acting at the direction and instruction of FEDERAL NATIONAL MORTGAGE ASSOCIATION continues to attempt to collect attorneys' fees and collection costs incurred in connection with the First Foreclosure Case, even though that action was brought to enforce original, unmodified subject debt rather than the Loan Modification.

156. NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, acting at the direction and instruction of FEDERAL NATIONAL MORTGAGE ASSOCIATION continues to attempt to collect attorneys' fees and collection costs incurred in connection with the Second Foreclosure Case, even though that action was brought to enforce original, unmodified subject debt rather than the Loan Modification.

157. NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION continued to refuse to accept the payments JOSEPH P. AKOWSKEY remitted pursuant to the terms of the Loan Modification.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

*Conflict Between Joseph P. Akowskey and Pauline Chin*

158.     After JOSEPH P. AKOWSKEY executed the Loan Modification in 2013, JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey finalized their divorce.

159.     As part of the divorce, Pauline Chin f/k/a Pauline E. Akowskey agreed to transfer her interest in the subject property, but only upon her being released from the underlying debt obligation.

160.     Since that time JOSEPH P. AKOWSKEY has always been ready willing and able to assume sole responsibility for the subject debt.

161.     However, due to Defendants' continued refusal to acknowledge that the subject debt had been modified and/or accept Judge Roby's factual findings and legal conclusions from the First Foreclosure Case Pauline Chin f/k/a Pauline E. Akowskey refused to transfer her interest in the subject property to JOSEPH P. AKOWSKEY

162.     In fact, as a direct result of Defendants' prosecution of the Second Foreclosure Case against Pauline Chin f/k/a Pauline E. Akowskey, Ms. Chin filed a cross claim against JOSEPH P. AKOWSKEY in order to request that the court partition the property in order to extricate herself from the foreclosures proceedings which had continued on for years.

163.     The litigation over the cross claim asserted by PAULINE CHIN against JOSEPH P. AKOWSKEY in the Second Foreclosure Case was caused as a direct result of Defendants' continued assertions that the subject debt had not been modified.

164.     Due to NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, acting at the direction and instruction of FEDERAL NATIONAL MORTGAGE ASSOCIATION continued refusal to acknowledge that the subject debt had been modified and/or accept Judge Roby's factual findings and legal conclusions from the First Foreclosure Case, as well as Judge

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Metzger's factual findings and legal conclusions from the Second Foreclosure Case, Pauline Chin f/k/a Pauline E. Akowskey refused to transfer her interest in the subject property to JOSEPH P. AKOWSKEY.

165.   For years after the Second Final Judgment was entered, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION continued to assert their position that the subject debt had not been modified.

166.   Upon information and belief, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION agreed to release Pauline Chin f/k/a Pauline E. Akowskey from the subject debt, on or about October 28, 2021

167.   Shortly after entering into her agreement NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION, Pauline Chin f/k/a Pauline E. Akowskey and JOSEPH P. AKOWSKEY entered into a settlement agreement whereby Pauline Chin f/k/a Pauline E. Akowskey agreed to deed her interest in the subject property to JOSEPH P. AKOWSKEY, but only if JOSEPH P. AKOWSKEY would agree to indemnify Pauline Chin f/k/a Pauline E. Akowskey for all costs, damages, attorneys' fees, expert fees and other expenses related to any litigation related to any party seeking to enforce the subject debt against her.

168.   As a direct result of Defendants' actions and/or inactions JOSEPH P. AKOWSKEY was forced to retain Light & Gonzalez, PLLC and Steele Law to represent him in this action.

169.   JOSEPH P. AKOWSKEY retained Light & Gonzalez, PLLC and Steele Law to represent him in this action, and if he prevails on any of his claims, JOSEPH P. AKOWSKEY has agreed to pay his attorneys a reasonable attorneys' fee.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

170.     Defendants are liable for punitive damages pursuant to Florida Statute §768.72 because the Defendants have engaged in intentional misconduct or gross negligence as defined by Fla. Stat. §768.72(2)(a) and Fla. Stat. §768.72(2)(b).

171.     Defendants are liable for punitive damages pursuant §768.72 because the Defendants had actual knowledge of the First Foreclosure Case, the First Final Judgment, and the factual findings and legal conclusions made in the First Foreclosure Case, including that the finding that subject debt was modified by the Loan Modification.

172.     Defendants knew they were not permitted by law to collect or attempt to collect upon the original, unmodified subject debt from JOSEPH P. AKOWSKEY.

173.     Defendants knew there was a high probability that JOSEPH P. AKOWSKEY would be injured and damaged as direct result of their continued efforts to collect the original, unmodified subject debt from JOSEPH P. AKOWSKEY, and despite that knowledge, and in the face of JOSEPH P. AKOWSKEY and their attorneys' continued pleas for Defendants to stop their continued efforts to collect the debt, Defendants intentionally pursued the above described course of conduct, resulting in injury or damage.

174.     Defendants witnessed the physical pain and discomfort and emotional distress JOSEPH P. AKOWSKEY was experiencing throughout the course of the Second Foreclosure Case, but continued their above described course of conduct, which resulted in more injuries or damage.

175.     Defendants witnessed the physical pain and discomfort and emotional distress JOSEPH P. AKOWSKEY was experiencing throughout the course of the Second Foreclosure Case, but continued their above described course of conduct, which resulted in more injuries and damage.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

176.     Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER witnessed the physical pain and discomfort and emotional distress JOSEPH P. AKOWSKEY was experiencing throughout the course of the Second Foreclosure Case, but continued their above described course of conduct even after the Second Final Judgment was entered which resulted in more injuries and damage.

177.     Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION, actively and knowingly participated in in the conduct of their employees and/or agents including NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L's conduct.

178.     Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER actively and knowingly participated in in the conduct of their employees and/or agents including ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L's conduct.

179.     MTGLQ INVESTORS, L.P. actively and knowingly participated in the conduct of their employees and/or agents including SELENE FINANCE, L.P. and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L's conduct.

180.     The officers, directors, and/or managers of Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, MTGLQ INVESTORS, L.P., ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L's, and SELENE FINANCE, L.P. condoned, ratified, and or consented to the conduct of their employees and/or agents.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

181.    Defendants    FEDERAL    NATIONAL    MORTGAGE    ASSOCIATION,
NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, MTGLQ INVESTORS, L.P.,
ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson,
Anschutz Schneid, P.L's, and SELENE FINANCE, L.P. engaged in gross negligence that
contributed to JOSEPH P. AKOWSKEY's injuries.

### COUNT I: VIOLATION OF 15 U.S.C. § 1692 *et seq.*  (FDCPA) AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION

182.    JOSEPH P. AKOWSKEY, repeats, re-alleges and incorporates by reference the
allegations contained in paragraphs 1 through 169 above.

183.    After the Second Final Judgement was entered in the Second Foreclosure Case,
NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL
MORTGAGE ASSOCIATION have continued to attempt to collect the original, unmodified
subject debt from JOSEPH P. AKOWSKEY.

184.    Even after this lawsuit was filed, NATIONSTAR MORTGAGE LLC d/b/a MR.
COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION have continued to
attempt to collect the original, unmodified subject debt from JOSEPH P. AKOWSKEY.

185.    NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL
NATIONAL MORTGAGE ASSOCIATION have continuously sent communications to
JOSEPH P. AKOWSKEY seeking to collect the original, unmodified subject debt.

186.    One example of such communication is attached hereto as **EXHIBIT J**.
("December 18, 2020 Statement").

187.    The December 18, 2020 Statement states the interest rate on the subject debt is
4.375%; the Loan Modification reduced the interest rate to 4.250%.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

188.   The December 18, 2020 Statement states JOSEPH P. AKOWSKEY is past due as of October 1, 2012, a date which predates the Loan Modification.

189.   The court in both the First Foreclosure Case and the Second Foreclosure case ruled that JOSEPH P. AKOWSKEY was not in default on the October 1, 2012 payment.

190.   The December 18, 2020 Statement states JOSEPH P. AKOWSKEY's currently due principal and interest payment was $542.23, which is not in accordance with the terms of the Loan Modification which requires a principal and interest payment of $433.51.

191.   The December 18, 2020 Statement seeks the recovery of at least $45,933.52 in attorneys' fees and collection costs incurred in connection with the First Foreclosure Case and the Second Foreclosure Case despite the fact those actions were brought upon the original, unmodified subject debt.

192.   The December 18, 2020 Statement seeks these attorneys' fees and collection costs incurred in connection with the First Foreclosure Case and the Second Foreclosure Case even though JOSEPH P. AKOWSKEY is not contractually obligated to pay these amounts under the terms of the Loan Modification.

193.   The December 18, 2020 Statement seeks these attorneys' fees and collection costs incurred in connection with the First Foreclosure Case and the Second Foreclosure Case even though neither NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, FEDERAL NATIONAL MORTGAGE ASSOCIATION nor any of their predecessors-in-interest ever provided JOSEPH P. AKOWSKEY with a notice of default as required by paragraph 22 of th Mortgage as modified by the Loan Modification.

194.   The December 18, 2020 Statement seeks to collect an unreasonable amount of attorneys' fees and collection expenses from JOSEPH P. AKOWSKEY, in direct contravention

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

to the terms of the Mortgage as modified by the Loan Modification, as the attorneys' fees and collection expenses were incurred in the pursuit of meritless lawsuits based upon the original, unmodified subject debt.

195.   Neither NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER nor FEDERAL NATIONAL MORTGAGE ASSOCIATION are entitled to collect these attorneys' fees and collection expenses under the terms of original, unmodified subject debt because the agreement was modified through the Loan Modification.

196.   The December 18, 2020 Statement states that to reinstate the subject debt JOSEPH P. AKOWSKEY must pay $146,992.39, which is an amount that includes charges, fees, and interest which JOSEPH P. AKOWSKEY is not contractually or legally obligated to pay to reinstate his loan pursuant to the Loan Modification.

197.   The December 18, 2020 Statement threatens JOSEPH P. AKOWSKEY that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER has "completed the first filing notice required to start the foreclosure process on your account" despite the fact that the Second Final Judgment had already been entered in favor on JOSEPH P. AKOWSKEY over a year prior, and no new foreclosure filing had been made.

198.   NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION have continued to send communications to JOSEPH P. AKOWSKEY that contain similar threats, misrepresentations and abusive language after the December 18, 2020 Statement was sent, even after this lawsuit was commenced.   *See* **COMPOSITE EXHIBIT K**. ("Composite Communications").

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

199.  As has been alleged herein NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's actions violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*).

200.  Defendants NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated 15 U.S.C. §1692e through their continued misrepresentations to JOSEPH P. AKOWSKEY that the subject debt has not been modified by the Loan Modification after the entry of the First Final Judgment and the Second Foreclosure Judgment.

201.  Defendants NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated 15 U.S.C. §1692e(2) through their false representations regarding the character, amount, and legal status of the subject debt made to the JOSEPH P. AKOWSKEY, including but not limited to through their misrepresentations as to the amount due and owing on the subject debt as modified by the Loan Modification.

202.  Defendants NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated 15 U.S.C. §1692e(5) through their threats to take legal action that legally cannot be taken.

203.  Defendants NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated 15 U.S.C. §1692f through their unfair and unconscionable attempts to collect interest, fees and charges which are not expressly authorized by the subject debt as modified by the Loan Modification.

204.  Defendants NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated 15 U.S.C. §1692f through their

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

unfair and unconscionable attempts to collect interest, fees and charges pursuant to the original, unmodified subject debt after the First Final Judgment and Second Final Judgment had been entered.

205.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to suffer emotional distress, mental anguish, shortness of breath, anxiety and feelings of hopelessness.

206.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to live in fear of losing his home and becoming homeless.

207.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to live in fear that new foreclosure proceedings will be commenced against him which will require that he personally attend court appearances, mediations, depositions and other events outside of his home for prolonged periods of time causing him to experience tremendous amounts of physical pain as well as emotional distress, mental anguish, embarrassment, and discomfort.

208.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY was forced to engage in a needless and continuous legal dispute with his ex-spouse, Pauline Chin f/k/a Pauline E. Akowskey, which has caused additional stress, anxiety, and has a negative effect on his familial relationships.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

209.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY's family members have suffered emotional distress, mental anguish, shortness of breath, and anxiety which has caused JOSEPH P. AKOWSKEY to experience additional stress, anxiety, guilt, and hopelessness, and which has had a negative effect on those relationships

210.   From the time he wakes up in the morning until the mail is delivered each day, JOSEPH P. AKOWSKEY is fearful that he may receive yet another notice that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION have filed yet another foreclosure action against him seeking to collect the original, unmodified subject debt.

211.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FDCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY has been unable to refinance the subject debt to take advantage of market interest rates during this time period.

212.   As a result of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's actions JOSEPH P. AKOWSKEY retained Light & Gonzalez, PLLC and Steele Law to represent him in this action, and if JOSEPH P. AKOWSKEY prevails on any of his claims, JOSEPH P. AKOWSKEY has agreed to pay his attorneys' a reasonable attorneys' fee.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION and each of them for actual damages, include attorneys' fees

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

incurred pursuant to the Florida's wrongful act doctrine; statutory damages pursuant to 15 U.S.C. § 1692k; costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and; for such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF FLA. STAT. § 559.72 *et seq.* (FCCPA) AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION**

213.   JOSEPH P. AKOWSKEY, repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 181 above.

214.   Even since the Second Final Judgement was entered in the Second Foreclosure Case, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION have continued to seek to collect the original, unmodified subject debt from JOSEPH P. AKOWSKEY.

215.   NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER have continuously sent communications to JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey seeking to collect the original, unmodified subject debt.

216.   One such communication is attached hereto as **EXHIBIT I**. ("December 18, 2020 Statement").

217.   The December 18, 2020 Statement states the interest rate on the subject debt is 4.375%, which is not in accordance with the terms of the Loan Modification which reduced the interest rate to 4.250%.

218.   The December 18, 2020 Statement states JOSEPH P. AKOWSKEY is past due as of October 1, 2012, a date which predates the Loan Modification.

219.   The court in both the First Foreclosure Case and the Second Foreclosure case ruled JOSEPH P. AKOWSKEY was not in default on the October 1, 2012 payment.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

220.   The December 18, 2020 Statement states JOSEPH P. AKOWSKEY's currently due principal and interest payment was $542.23, which is not in accordance with the terms of the Loan Modification which requires a principal and interest payment of $433.51.

221.   The December 18, 2020 Statement seeks the recovery of at least $45,933.52 in legal fees expended through the prosecution of the First Foreclosure Case and the Second Foreclosure Case despite the fact those actions were brought upon the original, unmodified subject debt.

222.   Neither NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER nor FEDERAL NATIONAL MORTGAGE ASSOCIATION are entitled to collect these legal fees pursuant to the original, unmodified subject debt because the agreement was modified through the Loan Modification.

223.   The December 18, 2020 Statement states that to bring the subject debt current JOSEPH P. AKOWSKEY must pay $146,992.39, which is an amount that included charges, fees, and interest which JOSEPH P. AKOWSKEY is not required to pay pursuant to the terms of the Loan Modification.

224.   The December 18, 2020 Statement threatens that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER has "completed the first filing notice required to start the foreclosure process on your account" despite the fact that the Second Final Judgment had already been entered in favor on JOSEPH P. AKOWSKEY over a year prior, and no new foreclosure filing had been made.

225.   NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION have continued to send communications to JOSEPH P. AKOWSKEY that contain similar threats, misrepresentations and abusive language

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

after the December 18, 2020 Statement was sent, even after this lawsuit was commenced.   *See* **COMPOSITE EXHIBIT K**. ("Composite Communications").

226.   As described in this Complaint NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's actions violated the Florida Consumer Collection Practices Act (Fla. Stat. § 559.72 *et seq*).

227.   As described in this Complaint NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated Fla. Stat. § 559.72(9) by claiming, attempting, and threatening to enforce a debt it knew was not legitimate and through their continuous assertion of legal rights they knew did not exist.

228.   As described in this Complaint NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION violated Fla. Stat. § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

229.   NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER knew the subject debt had been modified because it was a party to the First Foreclosure case when the First Final Judgment was entered was entered in favor of JOSEPH P. AKOWSKEY and because it was a party to the Second Foreclosure Case when the Second Final Judgment was entered.

230.   Furthermore, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER knew the subject debt had been modified because its corporate representative was present and testified at trial when Judge Roby ruled in favor of JOSEPH P. AKOWSKEY.

231.   Furthermore, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER knew the subject debt had been modified because ROBERTSON, ANSCHUTZ, SCHNEID, CRANE &

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L, MTGLQ INVESTORS, L.P., and/or SELENE FINANCE, L.P.  communicated this information to them.

232.   FEDERAL NATIONAL MORTGAGE ASSOCIATION knew the subject debt had been modified because they owned the subject debt when both the First Final Judgment and the Second Final Judgment were entered in favor of JOSEPH P. AKOWSKEY.

233.   FEDERAL NATIONAL MORTGAGE ASSOCIATION knew the subject debt had been modified because NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L, MTGLQ INVESTORS, L.P., and/or SELENE FINANCE, L.P. communicated this information to them.

234.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FCCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to suffer emotional distress, mental anguish, shortness of breath, anxiety and feelings of hopelessness.

235.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FCCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to live in fear of losing and being displaced from him home.

236.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FCCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to live in fear that new foreclosure proceedings will be commenced against him which will require that he personally attend court appearances, mediations, depositions and other events outside of his home for prolonged periods of time

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

causing him to experience tremendous amounts of physical pain as well as emotional distress, mental anguish, embarrassment, and discomfort.

237.  As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FCCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY was forced to engage in a needless and continuous legal dispute with his ex-spouse, Pauline Chin f/k/a Pauline E. Akowskey, which caused him additional stress, anxiety, and has a negative effect on his familial relationships.

238.  As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FCCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY's family members suffer emotional distress, mental anguish, shortness of breath, and anxiety which have causes JOSEPH P. AKOWSKEY to experience additional stress, anxiety, guilt, and hopelessness.

239.  From the time he wakes up in the morning until the mail is delivered each day, JOSEPH P. AKOWSKEY is fearful that he may receive a notice that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION have filed yet another foreclosure action against him seeking to collect the original, unmodified subject debt.

240.  As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FCCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY was forced to indemnify and otherwise assume legal responsibility to defend Pauline Chin f/k/a Pauline E. Akowskey from future any legal actions brought upon the subject debt. Consequently, JOSEPH P. AKOWSKEY lives in fear of the

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

continued financial risk associated with supplying Pauline Chin f/k/a Pauline E. Akowskey with that indemnification.

241.   As a result of the NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's FCCPA violations as more fully set forth herein, JOSEPH P. AKOWSKEY cannot further refinance the subject debt to take advantage of market interest rates during time period.

242. NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION have repeatedly refused to obey court orders, judgments, factual findings, and legal conclusions related to loan modifications on numerous occasions both with respect to the subject debt, but also with respect to other mortgage loans they have sought to collect on in the past.

243.   As a result of NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION's actions JOSEPH P. AKOWSKEY retained Light & Gonzalez, PLLC and Steele Law to represent him in this action, and if JOSEPH P. AKOWSKEY prevails on any of his claims, JOSEPH P. AKOWSKEY has agreed to pay his attorneys' a reasonable attorneys' fee.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION and each of them for actual damages, include attorneys' fees incurred pursuant to the Florida's wrongful act doctrine; statutory damages; punitive damages; costs, disbursements and reasonable attorney's fees pursuant to Fla. Stat. §559.77; and; for such other and further relief as may be just and proper.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## COUNT III: MALICIOUS PROSECUTION
## AGAINST ALL DEFENDANTS

244.   JOSEPH P. AKOWSKEY repeats, re-alleges and incorporates by reference the

allegations contained in paragraphs 1 through 181 above.

245.   To state a claim for malicious prosecution in Florida:

[T]he plaintiff must establish each of six elements: (1) an original judicial
proceeding against the present plaintiff was commenced or continued; (2) the
present defendant was the legal cause of the original proceeding; (3) the
termination of the original proceeding constituted a bona fide termination of that
proceeding in favor of the present plaintiff; (4) there was an absence of probable
cause for the original proceeding; (5) there was malice on the part of the present
defendant; and (6) the plaintiff suffered damages as a result of the original
proceeding.

*Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002).

246.   ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a

Robertson, Anschutz Schneid, P.L., MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P.,

commenced the Second Foreclosure Case against JOSEPH P. AKOWSKEY and Pauline Chin

f/k/a Pauline E. Akowskey on August 17, 2017.

247.   When the Second Foreclosure Case was commenced, Defendant MTGLQ

INVESTORS, L.P. was named as the plaintiff and SELENE FINANCE, L.P. verified all

allegations made in the Verified Complaint in the Second Foreclosure Case as true and correct

under penalty of perjury.

248.   ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a

Robertson, Anschutz Schneid, P.L., prepared the Verified Complaint in the Second Foreclosure

Case for SELENE FINANCE, L.P. and MTGLQ INVESTORS, L.P., and filed the Verified

Complaint in the Second Foreclosure Case as SELENE FINANCE, L.P. and MTGLQ

INVESTORS, L.P.'s legal representatives.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

249.   SELENE FINANCE, L.P. and MTGLQ INVESTORS, L.P. maintained the Second Foreclosure Case against JOSEPH P. AKOWSKEY until MTGLQ INVESTORS, L.P. sold the subject debt to FEDERAL NATIONAL MORTGAGE ASSOCIATION.

250.   After FEDERAL NATIONAL MORTGAGE ASSOCIATION purchased the subject debt from MTGLQ INVESTORS, L.P., FEDERAL NATIONAL MORTGAGE ASSOCIATION assigned the right to service the subject debt to NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER.

251.   On January 15, 2019, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was substituted as the party plaintiff in the place of MTGLQ INVESTORS, L.P., at which point NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION began prosecuting the Second Foreclosure Case.

252.   ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. remained as counsel for NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER after the substitution and for the remainder of the proceedings.

253.   NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER remained the party plaintiff for the remainder of the proceedings in the Second Foreclosure Case and continued to prosecute the action against JOSEPH P. AKOWSKEY until its conclusion.

254.   FEDERAL NATIONAL MORTGAGE ASSOCIATION remained the owner of the subject debt for the remainder of the proceedings in the Second Foreclosure Case and gave NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. direction on how to prosecute the action against JOSEPH P. AKOWSKEY until the Second Foreclosure Case's conclusion.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

255.   Defendants ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P. did not have probable cause to commence or continue the Second Foreclosure Case against JOSEPH P. AKOWSKEY based upon the original, unmodified subject debt as the subject debt had been modified by the Loan Modification.

256.   SELENE FINANCE, L.P., MTGLQ INVESTORS, L.P., and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L knew the subject debt had been modified when the Second Foreclosure Case was commenced through the time that NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER was substituted in as the party plaintiff.

257.   The First Foreclosure Case resulted in the entry of the First Final Judgment wherein the court ruled the original note and mortgage were modified by the Loan Modification. The existence of the First Final Judgment was known to the each of the Defendants throughout the entire course of the Second Foreclosure Case.

258.   Despite knowing about the Loan Modification, the First Final Judgment, as well as the factual findings and legal rulings made in the First Foreclosure Case, Defendants continued to prosecute the action against JOSEPH P. AKOWSKEY based upon the original, unmodified subject debt.

259.   After the Second Foreclosure Case was commenced, and after JOSEPH P. AKOWSKEY had alleged in his answer that the subject debt had been modified by the Loan Modification, SELENE FINANCE, L.P. and/or MTGLQ INVESTORS, L.P. made the decision to sell the subject debt back to FEDERAL NATIONAL MORTGAGE ASSOCIATION instead of honoring the terms of the Loan Modification.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

260.    During opening statements in the trial conducted in the Second Foreclosure Case, counsel for NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER from ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. referenced the First Foreclosure Case, the First Final Judgment, and Judge Roby's ruling.

261.    NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. presented testimony, evidence and argument to the court in the Second Foreclose Case to enforce the original, unmodified subject debt as opposed to the Loan Modification.

262.    FEDERAL NATIONAL MORTGAGE ASSOCIATION, pursuant to directives contained within their Servicing Guide and/or other direct instruction, directed NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. to seek to enforce the original, unmodified subject debt as opposed to the Loan Modification.

263.    ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. did not conduct a reasonable investigation into the facts or the legal requirements of the claims raised in the Second Foreclosure Case.

264.    ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. served as counsel for the Plaintiff in the First Foreclosure Case, including at the November 16, 2016 trial in the First Foreclosure Case, and knew, or had they conducted a reasonable investigation they should have known, that the court made an express finding that the subject debt had been modified by the Loan Modification at all times during the pendency of the Second Foreclosure Case.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

265.   Prior to initiation of the Second Foreclosure Case, and at all times while it remained pending, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. knew, or had they conducted a reasonable investigation they should have known, that its clients were legally barred from re-litigating the court's factual findings from the First Foreclosure Case.

266.   Prior to initiation of the Second Foreclosure Case, and at all times while it remained pending, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. knew, or had they conducted a reasonable investigation, should have known, that its clients were legally barred from re-litigating the court's legal conclusions from the First Foreclosure Case.

267.   ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L represented the plaintiff at the trial in both the First Foreclosure Case and the Second Foreclosure Case.

268.   ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L unreasonably neglected to investigate the facts and law before making its determination to commence the Second Foreclosure Case.

269.   ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L unreasonably neglected to investigate the facts and law each time it made the decision to continue prosecuting the Second Foreclosure Case.

270.   At the commencement of the Second Foreclosure Case a reasonable lawyer would not have regarded the claims Defendants' asserted in the Second Foreclosure Case as tenable.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

271.   Throughout the pendency of the Second Foreclosure Case a reasonable lawyer would not have regarded the claims Defendants' asserted in the Second Foreclosure Case as tenable.

272.   The Second Foreclosure Case resulted in a bona fide termination of that proceeding in favor of the JOSEPH P. AKOWSKEY, namely the entry of the Second Final Judgment.

273.   In the Second Final Judgment the court noted that "Plaintiff's counsel would not acknowledge that the trial judge's findings and conclusions stated on the record which served as a basis for the Final Judgment entered in favor of the Defendants in the [First Foreclosure Case], necessarily impacted this subsequently filed action."

274.   Furthermore, the court held, "After Judge Roby rendered the Final Judgment in the [First Foreclosure Case], J. Akowskey attempted to send payments to Nationstar, however, Plaintiff Nationstar and the prior servicer, MTGLQ Investors, refused to accept payments from him as they continued to be of the position, despite Judge Roby's clear ruling, that there was never a loan modification as J. Akowskey's wife did not sign the modification agreement; as noted earlier in this order, Plaintiff made this exact same argument in the [First Foreclosure Case]."

275.   As a result of Defendants' malicious prosecution as alleged herein, JOSEPH P. AKOWSKEY became nervous, upset, anxious, embarrassed, frustrated, depressed, annoyed, and suffered from financial and emotional distress.

276.   Throughout the entire course of the Second Foreclosure Case JOSEPH P. AKOWSKEY feared he would lose his home and would be left homeless and destitute.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

277. As a result of Defendants' malicious prosecution as more fully set forth herein, JOSEPH P. AKOWSKEY suffered tremendous physical pain and discomfort throughout the proceedings in the Second Foreclosure Case, including but not limited to mediation, his deposition, and at the trial which he attended in person.

278. JOSEPH P. AKOWSKEY's physical pain and discomfort was readily apparent to those who witnessed his attendance at the proceedings in the Second Foreclosure Case, including representatives from ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., MTGLQ INVESTORS, L.P. and SELENE FINANCE, L.P., as well as the co-defendants and their counsel.

279. As a result of Defendants' malicious prosecution of the Second Foreclosure Case JOSEPH P. AKOWSKEY experienced fear, emotional distress, mental anguish, embarrassment, and discomfort in the days leading up to his court appearances from the fear of physical pain he was forced to endure.

280. As a result of Defendants' malicious prosecution as more fully set forth herein, JOSEPH P. AKOWSKEY continues to live in fear of losing and being displaced from him home.

281. As a result of Defendants' malicious prosecution JOSEPH P. AKOWSKEY continues to live in fear that new foreclosure proceedings will be commenced against him which will require that he personally attend court appearances, mediations, depositions and other events outside of his home for prolonged periods of time causing him to experience tremendous amounts of physical pain as well as emotional distress, mental anguish, embarrassment, and discomfort.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

282.   Defendants' contumacious disregard for the court's First Final Judgment, factual findings and legal conclusions has left JOSEPH P. AKOWSKEY feeling anxious, nervous, helpless and he is losing faith in the United States' judicial system.

283.   As a result of the Defendants' actions violations as more fully set forth herein, JOSEPH P. AKOWSKEY continues to suffer emotional distress, mental anguish, shortness of breath, anxiety and feelings of hopelessness.

284.   As a result the Defendants' prosecution of Second Foreclosure Case as more fully set forth herein, JOSEPH P. AKOWSKEY continues to live in fear that Defendants' will file yet another lawsuit against him to try to foreclose on his home.

285.   The Defendants' prosecution of Second Foreclosure Case caused JOSEPH P. AKOWSKEY to engage in needless and continuous litigation which has caused additional stress, anxiety, and has a negative effect on their familial relationships.

286.   The Defendants' prosecution of Second Foreclosure Case has caused JOSEPH P. AKOWSKEY family members to suffer emotional distress, mental anguish, shortness of breath, and anxiety which in turn has caused JOSEPH P. AKOWSKEY to experience additional stress, anxiety, guilt, and hopelessness.

287.   From the time he wakes up in the morning until the mail is delivered each day, JOSEPH P. AKOWSKEY is fearful that he may receive a notice that Defendants have filed yet another foreclosure action against him seeking to collect the original, unmodified subject debt and take his home.

288.   As a result of the Defendants' prosecution of Second Foreclosure Case, JOSEPH P. AKOWSKEY was forced to indemnify and otherwise assume legal responsibility to defend Pauline Chin f/k/a Pauline E. Akowskey from future legal actions brought upon the subject debt

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

in order to obtain clear title to his propert.  Consequently JOSEPH P. AKOWSKEY lives in fear of the continued financial risk associated with supplying Pauline Chin f/k/a Pauline E. Akowskey with that indemnification.

289.   Defendants' prosecution of Second Foreclosure Case, prevented JOSEPH P. AKOWSKEY from refinancing the subject debt to take advantage of market interest rates during time period.

290.   Defendants' have repeatedly refused to obey court orders, judgments, factual findings, and legal conclusions related to loan modifications on multiple occasions.

291.   JOSEPH P. AKOWSKEY requests punitive damages be awarded against the Defendants for willfully, maliciously, intentionally, and/or recklessly prosecuting the Second Foreclosure Case when Defendants knew Judge Roby had previously ruled that the subject debt was modified by the Loan Modification in the First Foreclosure Case.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., FEDERAL NATIONAL MORTGAGE ASSOCIATION, MTGLQ INVESTORS, L.P., and SELENE FINANCE, L.P. and each of them for actual damages, including attorneys' fees incurred pursuant to the Florida's wrongful act doctrine; punitive damages; and; for such other and further relief as may be just and proper.

### COUNT IV: ACTION ON THE FIRST FINAL JUDGMENT AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION

292.   JOSEPH P. AKOWSKEY repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 169 above.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

293.    This is an action brought under Florida common law on the First Final Judgment.

294.    The First Final Judgment is valid, enforceable, and has not been satisfied or released.

295.    "Under Florida law, '[e]very judgment gives rise to a common law cause of action to enforce it, called an action on a judgment. A judgment, whether domestic or foreign, constitutes a cause of action upon which a new and independent action may be based.'" *OMS Collections, Ltd. v. Tien*, 634 F. App'x 750, 754 (11th Cir. 2015) (quoting *Desert Palace, Inc. v. Wiley*, 145 So. 3d 946, 947 (Fla. Dist. Ct. App. 2014) (citations omitted)).

296.    Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION is the current owner of the subject debt the court ruled in the First Foreclosure Case was modified by the Loan Modification.

297.    Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER is the holder and servicer of the subject debt the court ruled in the First Foreclosure Case was modified by the Loan Modification.

298.    Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER refuse to acknowledge, honor or otherwise abide by the court's factual findings and legal conclusions from the First Foreclosure Case that the subject debt was modified by the Loan Modification.

299.    Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER continue to assert that they are entitled to contractual rights and remedies under the original, unmodified subject debt which the court ruled in the First Foreclosure Case was modified by the Loan Modification.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

300.    JOSEPH P. AKOWSKEY have been forced to bring this action because Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER continue to disregard the state court's unappealable final rulings and continue to assert contractual and legal rights the court ruled that they do not have.

301.    Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions have damaged JOSEPH P. AKOWSKEY by causing stress, anxiety, feelings of hopelessness and helplessness.

302.    Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions have caused JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey to engage in needless litigation related to the subject debt.

303.    Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER contumacious disregard for the court's First Final Judgment has left JOSEPH P. AKOWSKEY feeling anxious, nervous, helpless and he is losing faith in the United States' judicial system.

**WHEREFORE,** JOSEPH P. AKOWSKEY respectfully requests that judgment be entered against each NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, and FEDERAL NATIONAL MORTGAGE ASSOCIATION to assist JOSEPH P. AKOWSKEY in enforcing the factual findings and legal conclusions made in the First Foreclosure Case and the First Final Judgment; for actual damages, including attorneys' fees incurred pursuant to the Florida's wrongful act doctrine; punitive damages; and for such other and further relief as may be just and proper.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

## COUNT V: ACTION ON THE SECOND FINAL JUDGMENT
## AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL
## NATIONAL MORTGAGE ASSOCIATION

304.   JOSEPH P. AKOWSKEY repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 169 above.

305.   This is an action brought under Florida common law on the Second Final Judgment.

306.   The Second Final Judgment is valid, enforceable, and has not been satisfied or released.

307.   "Under Florida law, '[e]very judgment gives rise to a common law cause of action to enforce it, called an action on a judgment. A judgment, whether domestic or foreign, constitutes a cause of action upon which a new and independent action may be based.'" *OMS Collections, Ltd. v. Tien*, 634 F. App'x 750, 754 (11th Cir. 2015) (quoting *Desert Palace, Inc. v. Wiley*, 145 So. 3d 946, 947 (Fla. Dist. Ct. App. 2014) (citations omitted)).

308.   Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION is the current owner of the subject debt the court ruled modified by the Loan Modification in its Second Final Judgment entered in the Second Foreclosure Case.

309.   Defendant NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER is the holder and servicer of the subject debt the court ruled modified by the Loan Modification in its Second Final Judgment entered in the Second Foreclosure Case.

310.   Defendants   FEDERAL   NATIONAL   MORTGAGE   ASSOCIATION   and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER refuse to acknowledge, honor or otherwise abide by the court's factual findings and legal conclusions in the Second Foreclosure Case that the subject debt was modified by the Loan Modification.

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

311.   Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER continue to assert that they are entitled to contractual rights and remedies under the original, unmodified subject debt which the court ruled was modified by the Loan Modification.

312.   JOSEPH P. AKOWSKEY have been forced to bring this action because Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER continue to disregard the state court's unappealable final rulings and continue to contractual and legal rights the court ruled that they do not have.

313.   Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions have damaged JOSEPH P. AKOWSKEY by causing stress, anxiety, feelings of hopelessness and helplessness.

314.   Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER's actions have caused JOSEPH P. AKOWSKEY and Pauline Chin f/k/a Pauline E. Akowskey to engage in needless litigation related to the subject debt.

315.   Defendants FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER contumacious disregard for the court's Second Final Judgment has left JOSEPH P. AKOWSKEY feeling anxious, nervous, helpless and he is losing faith in the United States' judicial system.

**WHEREFORE,** JOSEPH P. AKOWSKEY respectfully requests that judgment be entered against each NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, and FEDERAL NATIONAL MORTGAGE ASSOCIATION to assist JOSEPH P. AKOWSKEY in enforcing the factual findings and legal conclusions made in the Second Foreclosure Case and the Second

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

Final Judgment; for actual damages, including attorneys' fees incurred pursuant to the Florida's

wrongful act doctrine; punitive damages; and for such other and further relief as may be just and

proper.

## <u>JURY DEMAND</u>

Please take notice that Plaintiff demands trial by jury in this action on all claims.


Dated: May 25, 2022     Respectfully submitted,


     /s/ *Gregory Light*

     **Gregory Light, Esq.**

     Florida Bar. No.: 120907

     **Anthony Gonzalez, Esq.**

     Florida Bar No.: 119756

     LIGHT & GONZALEZ, PLLC

     8751 W. Broward Blvd., Suite 209

     Plantation, FL 33324

     Telephone: 754-900-6545

     Facsimile: 754-203-2700

     anthony@lightgonzalezlaw.com

     greg@lightgonzalezlaw.com

     Service E-mail address:

     service@lightgonzalezlaw.com


     W. Trent Steele

     Florida Bar. No.: 349331

     STEELE LAW

     10995 SE Federal Hwy., Suite 9

     Hobe Sound, FL 33455

     Telephone: 772-408-6969

     e-service@trentsteele.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on May 25, 2022 with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

| | |
|---|---|
| Albert A, Zakarian, Esq.<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>600 Peachtree Street NE, Suite 3000<br>Atlanta, GA 30308-2216<br>Telephone: 470.832.5580<br>404-885-3000 (Main Office Number)<br>Email: albert.zakarian@troutman.com<br>*Counsel for Federal National Mortgage Association, Nationstar Mortgage, LLC d/b/a Mr. Cooper, MTGLQ Investors, L.P. and Selene Finance, L.P.* | Keith Robert Lorenze, Esq.<br>6409 Congress Ave., Suite 100<br>Boca Raton, FL 33487<br>Telephone: 561-241-6901<br>Facsimile: 561-997-6909<br>Email: klorenze@raslg.com<br>*Counsel for Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC* |
| | W. Trent Steele, Esq.<br>STEELE LAW<br>10995 SE Federal Highway, Suite 9<br>Hobe Sound, FL 33455<br>mike@trentsteele.com<br>e-service@trentsteele.com<br>*Co-Counsel for Plaintiff* |

/s/ *Gregory Light*
**GREGORY LIGHT, ESQ.**
Florida Bar No.: 120907
Email: service@lightgonzalezlaw.com
*Co-Counsel for Plaintiff*

Light & Gonzalez, PLLC, 8751 W Broward Blvd #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com