UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 2:21-cv-14487-AMC

JOSEPH P. AKOWSKEY,

      Plaintiff,

v.

NATIONSTAR MORTGAGE LLC d/b/a MR.
COOPER, ROBERTSON, ANSCHUTZ,
SCHNEID, CRANE & PARTNERS, PLLC
f/k/a Robertson, Anschutz Schneid, P.L.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, MTGLQ INVESTORS, L.P.,
and SELENE FINANCE, L.P.

      Defendants.

_____/

**ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC F/K/A
ROBERTSON, ANSCHUTZ SCHNEID, P.L.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL**

Defendant, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC

f/k/a Robertson, Anschutz Schneid, P.L. (hereinafter "RASCP" or "Defendant"), by and through

its undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby answers

Plaintiff's Second Amended Complaint and Demand for Jury Trial [D.E. 42], and assert

Affirmative Defenses as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      The allegations contained in paragraph 1 calls for a legal conclusion to which no

answer is required, otherwise, denied. By way of further response, if the Court finds jurisdiction,

RASCP denies that Plaintiff is entitled to any relief whatsoever.

2.      RASCP is without knowledge, therefore, denied.

3.      Denied.

4.      RASCP is without knowledge, therefore, denied.

5.      Denied.

6.      Admitted.

7.      RASCP is without knowledge, therefore, denied.

8.      The Writing referenced speaks for itself, otherwise, RASCP is without knowledge, therefore, denied.

9.      RASCP is without knowledge, therefore, denied.

10.      The Writing referenced speaks for itself, otherwise, RASCP is without knowledge, therefore, denied.

11.      The Writing referenced speaks for itself, otherwise, RASCP is without knowledge, therefore, denied.

12.      The Writing referenced speaks for itself, otherwise, RASCP is without knowledge, therefore, denied.

13.      RASCP is without knowledge, therefore, denied.

14.      RASCP is without knowledge, therefore, denied.

15.      RASCP admits, only, that a law firm representing a mortgage servicer has an attorney-client relationship, which in turn requires such law firm to comply with certain responsibilities to its clients as set forth in the applicable rules of professional conduct. RASCP denies the remaining allegations in Paragraph 15.

16.      RASCP is without knowledge, therefore, denied.

17.      RASCP is without knowledge, therefore, denied.

18.     RASCP is without knowledge, therefore, denied.

19.     RASCP is without knowledge, therefore, denied.

20.     The Writing referenced speaks for itself, otherwise, RASCP is without knowledge, therefore, denied.

21.     RASCP is without knowledge, therefore, denied.

22.     RASCP is without knowledge, therefore, denied.

23.     RASCP is without knowledge, therefore, denied.

24.     RASCP is without knowledge, therefore, denied.

25.     RASCP is without knowledge, therefore, denied.

26.      Denied.

27.     RASCP is without knowledge, therefore, denied.

28.     RASCP admits, only, that an attorney-client relationship existed between RASCP and Nationstar during certain periods of time, as such RASCP had authority to act on Nationstar's behalf in the foreclosure cases. RASCP denies the remaining allegations in Paragraph 28.

29.     RASCP admits, only, that an attorney-client relationship existed between RASCP and Nationstar during certain periods of time, as such RASCP had authority to act on Nationstar's behalf in the foreclosure cases. RASCP denies the remaining allegations in Paragraph 29.

30.     RASCP is without knowledge, therefore, denied.

31.     RASCP is without knowledge, therefore, denied.

32.     RASCP admits, only, that an attorney-client relationship existed between RASCP and Nationstar during certain periods of time, as such RASCP had authority to act on Nationstar's behalf in the foreclosure cases. RASCP denies the remaining allegations in Paragraph 32.

33.     RASCP is without knowledge, therefore, denied.

34.     RASCP is without knowledge, therefore, denied.

35.     RASCP is without knowledge, therefore, denied.

36.     RASCP is without knowledge, therefore, denied.

37.      RASCP is without knowledge, therefore, denied.

38.     RASCP is without knowledge, therefore, denied.

39.     The allegations contained in paragraph 39 call for a legal conclusion to which no answer is required, otherwise, RASCP is without knowledge, therefore, denied.

40.     RASCP is without knowledge, therefore, denied.

41.     RASCP is without knowledge as to the identity of the "contractual agreements" addressed, therefore, denied.

42.     The allegations contained in paragraph 42 calls for a legal conclusion to which no answer is required, otherwise, denied.

43.     RASCP is without knowledge, therefore, denied.

## **NATURE OF ACTION**

44.     Denied.

45.     The writing referenced speaks for itself, however, the remaining allegations contained in paragraph 45 calls for a legal conclusion to which no answer is required, otherwise, denied.

46.     The Writing referenced speaks for itself, however, the remaining allegations contained in paragraph 46 calls for a legal conclusion to which no answer is required, otherwise, denied.

47.     The allegations contained in paragraph 47 calls for a legal conclusion to which no answer is required, otherwise, denied.

## GENERAL ALLEGATIONS

48.     RASCP is without knowledge, therefore, denied.

49.     RASCP is without information sufficient to form a belief as to the truth of the allegation contained in paragraph 49, therefore, denied.

50.     The Writing referenced speaks for itself, however, RASCP is without information sufficient to form a belief as to the truth of the allegation contained in paragraph 50, therefore, denied.

51.     The allegations contained in paragraph 51 calls for a legal conclusion to which no answer is required, otherwise, RASCP is without knowledge, therefore, denied.

52.     The Writing referenced speaks for itself, otherwise, denied.

53.     The allegations contained in paragraph 53 calls for a legal conclusion to which no answer is required, otherwise, denied.

54.     RASCP is without knowledge, therefore, denied.

55.     RASCP is without knowledge, therefore, denied.

56.     RASCP is without knowledge, therefore, denied.

57.     RASCP is without knowledge, therefore, denied.

58.     RASCP is without knowledge, therefore, denied.

59.     RASCP is without knowledge, therefore, denied.

60.     RASCP is without knowledge, therefore, denied.

61.     The Writing referenced speaks for itself, otherwise, RASCP is without knowledge, therefore, denied

62.     RASCP is without knowledge, therefore, denied.

63.     RASCP is without knowledge, therefore, denied.

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE – SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

64.     RASCP is without knowledge, therefore, denied.

65.     The Writing referenced speaks for itself, otherwise, RASCP is without knowledge, therefore, denied.

66.     The Writing referenced speaks for itself, otherwise, denied.

67.     The Writing referenced speaks for itself, otherwise, RASCP is without information or knowledge, therefore, denied.

68.     The Writing referenced speaks for itself, otherwise, RASCP is without information or knowledge, therefore, denied.

69.     The Writing referenced speaks for itself, otherwise, RASCP is without information or knowledge, therefore, denied.

70.     The Writings referenced speak for themselves, otherwise, RASCP is without knowledge, therefore, denied.

71.     RASCP is without knowledge, therefore, denied.

72.     Denied.

73.     The Writing referenced speaks for itself, otherwise, denied.

74.     RASCP is without knowledge, therefore, denied.

75.     The allegations contained in paragraph 75 calls for a legal conclusion to which no answer is required, otherwise, RASCP is without knowledge, therefore, denied.

76.     The allegations contained in paragraph 76 calls for a legal conclusion to which no answer is required, otherwise, RASCP is without knowledge, therefore, denied.

77.     The allegations contained in paragraph 77 calls for a legal conclusion to which no answer is required, otherwise, RASCP is without information sufficient or knowledge, therefore, denied.

78.   RASCP is without knowledge, therefore, denied.

79.   RASCP is without knowledge, therefore, denied.

80.   RASCP is without knowledge, therefore, denied.

81.   RASCP is without knowledge, therefore, denied.

82.   RASCP is without knowledge, therefore, denied.

83.   RASCP is without knowledge, therefore, denied.

84.   RASCP is without knowledge, therefore, denied.

85.   RASCP is without knowledge, therefore, denied.

86.   RASCP is without knowledge, therefore denied.

87.   RASCP is without knowledge, therefore, denied.

### *The First Foreclosure*

88.   Denied.

89.   The Writing referenced speaks for itself, otherwise, denied.

90.   RASCP is without knowledge, therefore, denied.

91.   The Writing referenced speaks for itself, otherwise, denied.

92.   The Writings referenced speak for themselves, otherwise denied.

93.   RASCP is without knowledge, therefore, denied.

94.   RASCP is without knowledge, therefore, denied.

95.   RASCP is without knowledge, therefore, denied.

96.   Denied.

97.   Admitted.

98.   Admitted.

99.   The Writing referenced speaks for itself, otherwise, denied.

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE – SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

100.     The Writings referenced speak for themselves, otherwise, denied.

101.     The Writings referenced speak for themselves, otherwise, denied.

102.     The Writing referenced is what Judge Roby ruled as memorialized in the Transcripts which speaks for itself, otherwise, denied.

103.     The Writing referenced is what Judge Roby ruled as memorialized in the Transcripts which speaks for itself, otherwise, denied.

104.     The Writing referenced is what Judge Roby ruled as memorialized in the Transcripts which speaks for itself, otherwise, denied.

105.     The Writing referenced is what Judge Roby ruled as memorialized in the Transcripts which speaks for itself, otherwise, denied.

106.     The Writing referenced is what Judge Roby ruled as memorialized in the Transcripts which speaks for itself, otherwise, denied.

107.     Admitted.

108.     RASCP is without knowledge, therefore, denied.

109.     RASCP is without knowledge, therefore, denied.

110.     RASCP is without knowledge, therefore, denied.

111.     RASCP is without knowledge, therefore, denied.

112.     RASCP is without knowledge, therefore, denied.

113.     RASCP is without knowledge, therefore, denied.

114.     RASCP is without knowledge, therefore, denied.

115.     The Writing referenced speaks for itself, otherwise, denied.

116.     The Writing referenced speaks for itself, otherwise, denied.

117.     The Writing referenced speaks for itself, otherwise, denied.

118.    The Writing referenced speaks for itself, otherwise, denied.

### *The Second Foreclosure*

119.    Denied.

120.    The Writing referenced speaks for itself, otherwise, denied.

121.    The Writing referenced speaks for itself, otherwise, denied.

122.    The Writing referenced speaks for itself, otherwise, denied.

123.    The Writing referenced speaks for itself, otherwise, denied.

124.    The Writing referenced speaks for itself, otherwise, denied,

125.    The Writing referenced speaks for itself.

126.    Admitted.

127.    RASCP is without knowledge, therefore, denied.

128.    RASCP is without knowledge, therefore, denied.

129.    The Writings referenced in the Second Foreclosure Case speak for themselves, otherwise, RASCP is without knowledge, therefore, denied.

130.    The Writing referenced speaks for itself, otherwise, denied.

131.    Admit only that the Loan was sold back to Fannie Mae on April 30, 2018, without knowledge as to the remaining allegations, therefore, denied.

132.    Admit only that Nationstar was re-appointed to service the loan, without knowledge as to the rest of the allegations, therefore, denied.

133.    Admitted.

134.    Admitted.

135.    RASCP is without knowledge, therefore, denied.

136.    Denied.

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE – SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

137.    Admitted.

138.    Admitted.

139.    Denied as phrased.

140.    The Writing referenced speaks for itself, otherwise, denied.

141.    The Writing referenced speaks for itself, otherwise, denied.

142.    The Writing referenced speaks for itself, otherwise, denied.

143.    Denied.

144.    The allegations contained in paragraph 144 call for legal conclusion to which no answer is required, otherwise, RASCP is without knowledge, therefore, denied.

145.    The Writing referenced speaks for itself, otherwise, denied.

146.    The Writing referenced speaks for itself, otherwise, denied.

147.    The Writing referenced speaks for itself, otherwise, denied.

148.    The Writing referenced speaks for itself, otherwise, denied.

149.    The Writing referenced speaks for itself, otherwise, denied.

150.    The Writing referenced speaks for itself, otherwise, denied.

151.    Admitted.

152.    RASCP is without knowledge, therefore, denied.

### *Post Second Final Judgment Debt Collection*

153.    RASCP is without knowledge, therefore, denied.

154.    RASCP is without knowledge, therefore, denied.

155.    RASCP is without knowledge, therefore, denied.

156.    RASCP is without knowledge, therefore, denied.

157.    RASCP is without knowledge, therefore, denied.

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE – SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

*Conflict Between Joseph P. Akowskey and Pauline Chin*

158.    RASCP is without knowledge, therefore, denied.

159.    RASCP is without knowledge, therefore, denied.

160.    RASCP is without knowledge, therefore, denied.

161.    RASCP is without knowledge, therefore, denied.

162.    RASCP is without knowledge, therefore, denied.

163.    RASCP is without knowledge, therefore, denied.

164.    RASCP is without knowledge, therefore, denied.

165.    RASCP is without knowledge, therefore, denied.

166.    RASCP is without knowledge, therefore, denied.

167.    The Writing referenced speaks for itself, otherwise, RASCP is without knowledge,

therefore, denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    RASCP is without knowledge, therefore, denied.

177.    Denied.

178.    Denied.

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE – SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

179.    Denied.

180.    Denied.

181.    Denied.

### COUNT I: VIOLATION OF 15 U.S.C. § 1692 *et seq.*  (FDCPA)
### AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL
### NATIONAL MORTGAGE ASSOCIATION

Count I was voluntarily dismissed by Plaintiff, *see* Plaintiff's Notice of Voluntary Dismissal [D.E. 69]. Therefore, no answer is required nor given to paragraphs 182 through 212 of Plaintiff's Second Amended Complaint.

### COUNT II: VIOLATION OF FLA. STAT. § 559.72 *et seq.* (FCCPA)
### AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL
### NATIONAL MORTGAGE ASSOCIATION

Count II does not apply to Defendant RASCP and therefore no answer to paragraphs 213 through 243 is required. To the extent an answer is required from RASCP, is without knowledge, therefore, denies same.

### COUNT III: MALICIOUS PROSECTION
### AGAINST ALL DEFENDANTS

244.    RASCP repeats, re-alleges and incorporates by references its responses to paragraphs 1 through 181 above.

245.    The allegations contained in paragraph 245 of Plaintiff's complaint calls for a legal conclusion to which no answer is required, otherwise, denied.

246.    The Writing referenced speaks for itself, otherwise, denied.

247.    The Writing referenced speaks for itself, the remaining allegations calls for a legal conclusion to which no answer is required, otherwise, RASCP is without knowledge, therefore, denied.

248.    The Writing referenced speaks for itself, the remaining allegations calls for a legal

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE – SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

conclusion to which no answer is required, otherwise, RASCP is without knowledge, therefore, denied.

249.     RASCP is without knowledge, therefore, denied.

250.     The allegations contained in paragraph 250 calls for a legal conclusion to which no answer is required, otherwise, RASCP is without knowledge, therefore, denied.

251.     Denied.

252.     Admitted.

253.     Admitted.

254.     RASCP is without knowledge, therefore, denied.

255.     Denied.

256.     The Writings referenced speak for themselves, the remaining allegations calls for a legal conclusion to which no answer is required, otherwise RASCP is without knowledge therefore, denied.

257.     The Writing referenced speaks for itself, the remaining allegations calls for a legal conclusion to which no answer is required, otherwise, RASCP is without knowledge, therefore, denied.

258.     Denied.

259.     RASCP is without knowledge, therefore, denied.

260.     The Writings referenced speak for themselves, otherwise, denied.

261.     The Writings referenced speak for themselves, otherwise, denied.

262.     Denied as to RASCP, without knowledge as to the remaining Defendants.

263.     Denied.

264.     Denied.

265.  Denied.

266.  Denied.

267.  Admitted.

268.  Denied.

269.  Denied.

270.  Denied.

271.  Denied.

272.  The Writing referenced speaks for itself, otherwise, denied.

273.  The Writing referenced speaks for itself, otherwise, denied.

274.  The Writing referenced speaks for itself, otherwise, denied.

275.  Denied.

276.  Denied.

277.  Denied.

278.  Denied.

279.  Denied.

280.  Denied.

281.  Denied.

282.  RASCP is without information or knowledge, therefore, denied.

283.  Denied.

284.  Denied.

285.  Denied.

286.  Denied.

287.  RASCP is without knowledge, therefore, denied.

**COLE, SCOTT & KISSANE, P.A.**
222 LAKEVIEW AVENUE – SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

288.    RASCP is without knowledge, therefore, denied.

289.    RASCP is without knowledge, therefore, denied.

290.    Denied.

291.    Denied.

**WHEREFORE**, RASCP states that Plaintiff is not entitled to any damages whatsoever whether equitable or compensatory or monetary or not and further denies all prayers for relief and all allegations in the relief paragraph under Count III of Plaintiff's Second Amended Complaint.

### COUNT IV: ACTION ON THE FIRST FINAL JUDGMENT AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION

Count IV was voluntarily dismissed by Plaintiff, *see* Plaintiff's Notice of Voluntary Dismissal [D.E. 69]. Therefore, no answer is required nor given to paragraphs 292 through 303 of Plaintiff's Second Amended Complaint.

### COUNT V: ACTION ON THE SECOND FINAL JUDGMENT AGAINST NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and FEDERAL NATIONAL MORTGAGE ASSOCIATION

Count V was voluntarily dismissed by Plaintiff, *see* Plaintiff's Notice of Voluntary Dismissal [D.E. 69]. Therefore, no answer is required nor given to paragraphs 304 through 315 of Plaintiff's Second Amended Complaint.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense – Reasonable Investigation (Count III)

As its first affirmative defense, RASCP asserts that Plaintiff's claims are barred, in whole or in part, because RASCP's conducted a reasonable investigation of the facts. The reasonable investigation conducted by RASCP led to the honest belief that its client(s) had a tenable claim. RASCP reasonably believed a claim was tenable as there was probable cause that the subject loan

was not in good standing.

### Second Affirmative Defense – Failure to State a Claim for Relief (Count III)

As its second affirmative defense, RASCP asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege with sufficient factual support that RASCP initiated the foreclosure proceedings with the reasonable and honest belief that its clients' claim was not tenable or with malice. Notably, as addressed above, RASCP had probable cause to bring the Second Foreclosure Case pursuant to the reasonable investigation conducted and honest belief that its client had a tenable claim.

### Third Affirmative Defense – No Damages (Count III)

As its third affirmative defense, RASCP asserts that Plaintiff's claims are barred, in whole or in part, as Plaintiff is not entitled to any recovery arising from his cause of action against RASCP, because Plaintiff has not suffered any legally cognizable damages as a result from actions taken by RASCP.

### Fourth Affirmative Defense – Good Faith (Count III)

As its fourth affirmative defense, RASCP asserts that Plaintiff's claims are barred, in whole or in part, as Defendant at all time material acted reasonably and with good faith belief that their actions were lawful, and that their client had a tenable claim. Therefore, such good faith actions preclude any recovery by Plaintiff. This includes, but is not limited to the lack of any intention, malice, bad faith, representations, and advise as counsel.

### Fifth Affirmative Defense – Plaintiff's own acts and omissions (Count III)

As its fifth affirmative defense, RASCP asserts that any alleged damages to Plaintiff, which RASCP continues to deny, are the result of the acts or omissions of Plaintiff, over whom

Defendants have no control. Accordingly, the subject loan was not in good standing and defaulted pursuant to Plaintiff's own acts and omissions.

<b>Sixth Affirmative Defense – Set-Off (Count III)</b>

As its sixth affirmative defense, RASCP asserts that Plaintiff's claims are barred, in whole or in part, by the doctrine of set-off. While RASCP denies any liability, in the event found liable, RASCP is entitled to a set-off pursuant to any liability found against the other Defendants. Additionally, RASCP is entitled to a set-off against any sums of money that Plaintiff received in connection with the First Foreclosure Case and/or Second Foreclosure Case.

<b><u>RESERVATION OF RIGHTS</u></b>

RASCP reserves the right to raise such other affirmative defenses available pursuant to the Federal Rules of Civil Procedure and may be revealed through discovery or disclosure in this matter.

<b><u>DEMAND FOR JURY TRIAL</u></b>

RASCP hereby demands a trial by jury on all issues so triable.

Dated:  October 7th, 2022

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant ROBERTSON,*
*ANSCHUTZ, SCHNEID, CRANE & PARTNERS,*
*PLLC f/k/a Robertson, Anschutz Schneid, P.L.*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9200
Facsimile (561) 683-8977
Primary e-mail: jonathan.vine@csklegal.com
Primary e-mail: pedro.quintana@csklegal.com
Secondary e-mail: daniel.dellarocca@csklegal.com

*/s/ Pedro S. Quintana*
JONATHAN VINE
Florida Bar No.:  10966
PEDRO S. QUINTANA
Florida Bar No.:  1026411

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of October, 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By:  */s/ Pedro S. Quintana*
PEDRO S. QUINTANA
Florida Bar No.:  1026411