# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:21cv14487

JOSEPH P. AKOWSKEY,

    Plaintiff,

JURY TRIAL DEMANDED

vs.

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., FEDERAL NATIONAL MORTGAGE ASSOCIATION, MTGLQ INVESTORS, L.P., and SELENE FINANCE, L.P.

    Defendants.
_____/

## **PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff, JOSEPH P. AKOWSKEY ("Plaintiff" or "Mr. Akowskey"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(b)(2)(A) hereby files this Motion for Sanctions against NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER ("Mr. Cooper") for their failure to comply with this Court's Paperless Order [D.E. 84] Granting in Part Defendants' Motion to Extend Time to Serve Discovery Responses and states as follows:

    1.    This motion is grounded upon Mr. Cooper's complete failure to respond to certain discovery that this Court ordered they provide by October 14, 2022.

    2.    Mr. Cooper has not served responses to the interrogatories served upon them on July 26, 2022; Mr. Cooper has not served the ESI Information the parties agreed to exchange and which was originally due to Plaintiff on August 13, 2022.

    3.    After being forced to compel responses to all the discovery propounded upon them, this Court ordered NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, FEDERAL

1

NATIONAL MORTGAGE ASSOCIATION, MTGLQ INVESTORS, L.P., and SELENE FINANCE, L.P. (*collectively hereinafter* "Financial Defendants") to provide responses to all outstanding discovery and any associated privilege logs, by September 26, 2022. *See* D.E. 79.

4. The next day the Financial Defendants filed a motion for extension of time to comply with the Court's order and to otherwise respond to discovery. *See* D.E. 80.

5. On September 21, 2022 this Court granted the Financial Defendants' motion, in part and ordered:

> PAPERLESS ORDER Granting in Part [80] Defendants' Motion to Extend Time to Serve Discovery Responses. Defendants' motion indicates that Defendants can respond to the outstanding Requests for Admissions prior to September 26, 2022. Thus, Defendants must respond to the Requests for Admissions on or before September 26, 2022. However, in light of the District Judge's recent Order extending deadlines in this case (DE [81]), I will grant Defendants' request to have until October 14, 2022 to provide responses to remaining discovery that has been outstanding since various dates beginning August 10, 2022 and continuing to August 25, 2022. See DE [70] at 2-3. In their motion, Defendants reiterate generally the voluminous nature of Plaintiff's discovery requests. That, however, is all the more reason Defendants should have started the process of responding to discovery before now or, alternatively, sought judicial permission for a stay. Instead, Defendants unilaterally decided not to respond since they had filed a motion to dismiss. DE [74] at 3-5. Although the discovery deadline has now been extended to September 26, 2022, that deadline will come soon enough. Defendants cannot now take two additional months to respond to requests that have been pending since August 25, 2022 and before. The parties must address discovery now so meaningful review can take place and disputes, if any, can be resolved. From this point forward the parties shall pursue discovery (and seek judicial relief where needed) in an expeditious fashion so all discovery can be complete by the deadline. I will continue to monitor this case for careful, good faith, and common sense compliance with all discovery obligations and Orders in this case. Accordingly, it is hereby ORDERED AND ADJUDGED that Defendants shall serve responses to the Requests for Admissions by Monday, September 26, 2022 and shall serve all other discovery responses, and any associated privilege logs, on or before Friday, October 14, 2022. Defendants shall comply with this Order and file a Notice of compliance on or before Monday, October 17, 2022.

D.E. 81.

6. All of the Financial Defendants failed to fully comply with the October 14, 2022 court ordered deadline to respond to all of the discovery, *see* D.E. 95 (Joint Discovery Status Report), but most of the Financial Defendants—the sole exception being Mr. Cooper— have provided the outstanding responses as of the filing of this motion.

7. None of the Financial Defendants' have served a privilege log to any of Plaintiff's discovery requests, although their prior counsel in the underlying foreclosure action, co-defendant ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., continues to object the Plaintiff's discovery requests propounded upon *them* on the basis of attorney-client privilege.

8. Plaintiff's counsel and the Financial Defendants' counsel have been in frequent contact with each other regarding discovery related issues and deadlines both before and after the October 14, 2022 Court ordered deadline, and have actively worked in good faith to resolve discovery disputes without court intervention, but as of filing of this motion Plaintiff has still not been served any responses to the aforementioned discovery.

9. The docket reflects as much seeing as none of the Financial Defendants have filed a Notice of Compliance as the Court has also ordered them to do in D.E. 81.

10. The Court has ordered the parties to "pursue discovery (and seek judicial relief where needed) in an expeditious fashion so all discovery can be complete by the deadline", *see* D.E. 81, and so this motion is being filed in an effort to comply with that order and prevent any further delays which continue to prejudice Plaintiff in his ability to promptly resolve his claims against the defendants.

**MEMORANDUM OF LAW**

This case arises out of the Financial Defendants willfully disobeying judicial orders and judgments. *See*, *e.g.* D.E. 42-10 (Final Judgment in the underlying foreclosure litigation describing some of Financial Defendants conduct in that case). Mr. Coopers' disobedient, contumacious, and contemptuous conduct has carried over into this case and is now directed towards this Court; this needs to stop.

Federal Rule of Civil Procedure 37(b)(2)(A) permits a party to move for sanctions for a party's failure to obey an order to provide discovery and authorizes the court to issue "just orders" including the striking of pleadings, the entry of default judgment, prohibiting the disobedient party from supporting or opposing designated claims or defenses or treating as contempt of court the failure to obey any order. "Rule 37 of the Federal Rules of Civil Procedure gives district courts broad discretion to impose appropriate sanctions for discovery violations." *Jermaine Nattoo v. Tpusa-Fhcs, Inc.*, No. 20-14207-CIV- MAYNARD, 2021 U.S. Dist. LEXIS 259099, at *6-7 (S.D. Fla. July 2, 2021) (citing *Preferred Care Partners Holding Corp. v. Humana Inc.*, No. 08-20424-CIV, 2009 WL 982460, at *2 (S.D. Fla. Apr. 9, 2009). "[T]he severity of any sanction must be reasonable in the light of circumstances." *Id.* (citations omitted). "A sanction need not be harsher than necessary to remedy the violation." *Id.* (citations omitted); *see also In re Diamond Tr. /A/D 10/28/2005*, No. 16-cv-81923-Bran, 2019 U.S. Dist. LEXIS 239063, at *10 (S.D. Fla. Dec. 16, 2019) (striking a defendant's answer due to their pattern of willful disobedience of discovery obligations and court orders); *U.S. v. Certain Real Property Located at Route 1, Bryant, Alabama*, 126 F.3d 1314, 1317 (11th Cir. 1997) ("We consistently have found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate, however, only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.'").

Mr. Cooper's disobedience is only the most recent example of a pattern of disregard for the rules and orders of the court. This is a part of the subject matter of Plaintiff's claims against Mr. Cooper, which are supported by rulings made by the trial court in the underlying foreclosure which none of parties dispute were made. *See* D.E. 42-10 ¶7 ("After Judge Roby rendered the Final Judgment in the Prior Foreclosure Action, J. Akowskey attempted to send payments to Nationstar, however, Plaintiff Nationstar and the prior servicer, MTGLQ Investors, refused to accept payments from him as they continued to be of the position, despite Judge Roby's clear ruling, that there was never a loan modification…"). Mr. Cooper completely ignored the discovery when it was originally served upon them necessitating the filing of a motion to compel. After the Court allowed them additional time to serve responses and then granted them a further extension on top of that, two weeks have elapsed since the October 14, 2022 deadline and Mr. Cooper still has not complied with the Court's order.

No explanation, reasonable or otherwise, has been provided for Mr. Cooper's failure to serve the discovery. Mr. Cooper should be provided the opportunity to explain the reasons and circumstances that are the cause for their delay, and then the Court will be in a position to determine an appropriate sanction. Should the Court determine that Mr. Cooper does not have a reasonable excuse for not complying with the Court's order, given their pattern of disobedient and contumacious conduct throughout their long history of litigation with Mr. Akowskey, the Court should give serious consideration to striking their pleadings or defenses in whole or in part.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 26(b)(2)(A) and enter an order sanctioning Mr. Cooper in the manner it deems appropriate to remedy Mr. Cooper's violation of this Court's Paperless Order [D.E. 84].

DATED: October 28, 2022

                                      Respectfully Submitted,

                                      /s/ *Gregory Light*
                                      **GREGORY LIGHT, ESQ.**
                                      Florida Bar No.: 120907
                                      LIGHT & GONZALEZ, PLLC
                                      8751 W. Broward Blvd. #209
                                      Plantation, FL 33324
                                      Telephone:   754-900-6545
                                      Email: service@lightgonzalezlaw.com

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Pursuant to Southern District of Florida Local Rule 7.1(a)(3) and the Court's Order Setting Discovery Procedures [D.E. 23] the undersigned hereby certifies that he has conferred with Albert Zakarian, Esq. counsel for Mr. Cooper via email and telephone prior to the filing of this motion in a good faith effort to resolve this dispute but the parties have been unable to do so.

                                      Respectfully Submitted,

                                      /s/ *Gregory Light*
                                      **Gregory Light, Esq.**
                                      Florida Bar. No.: 120907
                                      LIGHT & GONZALEZ, PLLC
                                      8751 W. Broward Blvd., Suite 209
                                      Plantation, FL 33324
                                      Telephone: 754-900-6545
                                      Email: service@lightgonzalezlaw.com
                                      *Co-Counsel for Joseph Akowskey*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on October 28, 2022 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

| | |
|---|---|
| Albert A, Zakarian, Esq.<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>600 Peachtree Street NE, Suite 3000<br>Atlanta, GA 30308-2216<br>Telephone: 470.832.5580<br>404-885-3000 (Main Office Number)<br>Email: albert.zakarian@troutman.com<br>*Counsel for Federal National Mortgage Association, Nationstar Mortgage, LLC d/b/a Mr. Cooper, MTGLQ Investors, L.P. and Selene Finance, L.P.* | Jonathan Vine, Esq.<br>Pedro Quintana, Esq.<br>COLE, SCOTT & KISSANE, P.A.<br>Esperante Building<br>222 Lakeview Avenue, Suite 120<br>West Palm Beach, FL 33401<br>Telephone (561) 383-9203<br>Facsimile (561) 683-8977<br>E-mail: jonathan.vine@csklegal.com;<br>pedro.quintana@csklegal.com;<br>daniel.dellarocca@csklegal.com<br>*Counsel for Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC* |
| | W. Trent Steele, Esq.<br>STEELE LAW<br>10995 SE Federal Highway, Suite 9<br>Hobe Sound, FL 33455<br>mike@trentsteele.com<br>e-service@trentsteele.com<br>*Co-Counsel for Plaintiff* |

                                        /s/ *Gregory Light*_____
                                        **GREGORY LIGHT, ESQ.**
                                        Florida Bar No.: 120907
                                        Email: service@lightgonzalezlaw.com
                                        *Co-Counsel for Plaintiff*