UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14487-CIV-CANNON/MAYNARD

**JOSEPH P. AKOWSKEY**,
individually and as assignee of Pauline Chin
f/k/a Pauline E. Akowskey,

      Plaintiff,

v.

**NATIONSTAR MORTGAGE, LLC**, *et al.*,

      Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSIONS ("MOTION TO COMPEL") (DE 104)

**THIS CAUSE** is before me upon the above referenced Motion to Compel filed on November 2, 2022. DE 104. Having reviewed the Motion to Compel, the Response (DE 106) and the record in this case, and being otherwise duly advised, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff sues Defendants Nationstar Mortgage LLC ("Nationstar"), Federal National Mortgage Association ("FNMA"), MTGLQ Investors, L.P. ("MTGLQ"), Selene Finance L.P. ("Selene") (collectively, the "Financial Defendants"), and Robertson, Anschutz, Schneid, Crane & Partners, PCCL ("RASC") pertaining to a state court foreclosure action. DE 42; DE 72.[1] Plaintiff alleges that Defendant RASC, a law firm, represented the other Defendants in the underlying state foreclosure action. DE 42 at ¶¶20, 28-32, 39-41. Plaintiff describes in his Motion

---

[1] On 9/6/2022, United States District Judge Aileen M. Cannon confirmed the following claims remain from Plaintiff's Second Amended Complaint (DE 42): Count I - Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* against Nationstar; Count II - Violation of the Florida Consumer Collections Practices Act, Fla. Stat. § 559.72 *et seq.*, against Nationstar and FNMA; and Count III – Malicious Prosecution against all Defendants. DE 72.

to Compel that he "has asserted common law claims against [Defendants] for malicious prosecution" stemming from foreclosure actions brought against him in Florida state court. DE 104 at ¶1.  Plaintiff alleges that Defendants' attempts to foreclose on his home were unlawful and in willful disregard of a modification of his mortgage, which modification a state court confirmed.[2]  DE 42 at ¶¶44-46.

Plaintiff propounded Requests for Admission ("RFAs") upon the Financial Defendants on July 11, 2022, and the parties stipulated to an extension of the timeframe for Plaintiff to compel better answers until November 2, 2022—the date of the filing of the Motion to Compel.  DE 104 at 1¶¶1-3.  Plaintiff contends that certain of the Financial Defendants' responses are "evasive, incomplete, non-responsive, and attempt to avoid the requests by admitting to things other than what the requests call for or include qualifying language in the response."  *Id.* at ¶4.  Accordingly, Plaintiff seeks an order requiring the Financial Defendants to serve responsive answers and requests an award of his expenses in bringing the Motion to Compel.  *Id.* at 5.

The Financial Defendants argue that that Plaintiff did not comply with the Local Rules, specifically S.D. Fla. L.R. 26.1(g)(2), which provides, among other things, that a moving party state within their motion the verbatim discovery request followed by the verbatim response.  DE 106.  The Financial Defendants also assert that their answers are sufficient and comply with Federal Rule of Civil Procedure 36.  *Id.*

At the outset, I address the Financial Defendants' argument that Plaintiff failed to comply with the Local Rules.  This argument is plainly wrong.  My Order Setting Discovery Procedures

---

[2] The Honorable William L. Roby stated the following on the record at the non-jury trial held on November 16, 2016: "There was a modification, and it was highly inequitable for the plaintiff [(Nationstar)] to fail to comply with the terms of the modification.  Accepting 12 --13 months of payments and then trying to just give him the money back after the lawsuit was filed, I think, is evidence of inequitable conduct on the part of the bank, as servicer[ ]."  DE 42-4 at 167:18-24 (the state court trial transcript).

("Discovery Procedures Order") allows a party to attach to the motion materials relevant to the discovery dispute. DE 23 at 2. Attachments are often necessary because the Discovery Procedures Order limits discovery motions and responses to five pages. *Id.* Indeed, the Order specifically states that, because attachments are allowed, "compliance with S.D. Fla. L.R. 26.1(g)(2) or (3) is not required." *Id.* Accordingly, Defendants' argument that Plaintiff's Motion to Compel does not comply with Local Rule 26.1(g)(2) is not well-taken. Plaintiff's Motion to Compel, which attached the actual discovery requests and responses, was filed in compliance with the Discovery Procedures Order. Defendants, on the other hand, have previously been admonished regarding the requirements of the Discovery Procedures Order. *See* DE 57. Defendants are instructed yet again to read the Discovery Procedures Order, understand it, and refrain from baseless assertions that Plaintiff is violating the Local Rules when Plaintiff is in compliance with the Discovery Procedures Order.

## I. The Requests for Admissions

Turning to the substance of Plaintiff's motion to compel, the RFAs at issue are as follows:

| Request For Admission - FNMA | Response - Objection |
|---|---|
| 21. Admit that you do not have a legal right to enforce the unmodified Subject Debt. | Admit that the Second Final Judgment speaks for itself and the application of that ruling is at issue in this case. Denied this was true prior to that ruling. |

| Request For Admission - MTGLQ | Response - Objection |
|---|---|
| 3. Admit that prior to the commencement of the Second Foreclosure Case, your business records did not reflect that the Subject Debt had been modified | MTGLQ has made a reasonable inquiry and the information known or readily obtainable is insufficient to admit or deny because it does not service its loans. |
| 4. Admit that prior to the commencement of the Second Foreclosure Case, RASC did not inform you that the Subject Debt had been modified. | (Same as for RFA No. 3.) |
| 5. Admit that prior to the commencement of the Second Foreclosure Case, you did seek legal advice or | (Same as for RFA No. 3.) |

| | |
|---|---|
| counsel as to the question of whether the original, unmodified Subject Debt was enforceable in light of the rulings from the First Foreclosure Case. | |
| 6.      Admit that after the commencement of the Second Foreclosure Case, RASC informed you that the Subject Debt had been modified. | (Same as for RFA No. 3.) |
| 18.     Admit that in the First Foreclosure Case, Judge Roby ruled that the Subject Debt had been modified. | Admit that the Final Judgment in favor of Plaintiff in the First Foreclosure Case did not contain any findings or rulings other than that the matter was dismissed in favor of Plaintiff. Admit that MTGLQ did not see the transcript of the non-jury trial proceedings in the First Foreclosure Case. |
| 19.     Admit while you were the owner of the Subject Debt you always sought to enforce the original, unmodified Subject Debt from JOSEPH P. AKOWSKEY. | Admit that MTGLQ was the owner of the Loan at the time of the filing of the Second Foreclosure Case. Also admit that MTGLQ was never informed that the Loan was modified. |

| Request For Admission - Nationstar | Response - Objection |
|---|---|
| 4.      Admit that prior to the trial in the Second Foreclosure Case, you knew that the trial court in the First Foreclosure Case had already ruled that the Subject Debt was modified. | Admit that Nationstar was aware of the First Final Judgment and that it did not contain any findings or rulings other than a general ruling [i]n favor of Plaintiff. Admit that prior to the trial in the Second Foreclosure Case, Nationstar was made aware of Plaintiff's argument about the oral rulings in the First Foreclosure Case. Admit that either Plaintiff's counsel or the Judge in the First Foreclosure Case did not decide to include those rulings in the First Final Judgment Order. |
| 18.     Admit that you must comply with all federal, state, and local laws including all orders, judicial rulings and opinions that have the effect of law that have been entered in a court of law in the state of Florida with respect to a loan that you own. | Deny that Nationstar owns the Loan. Admit you must comply with federal, state and local laws when prosecuting a foreclosure action.  Admit you must comply with orders from the court if you are aware of same, and if you were a party to those proceedings. |
| 24.     Admit that you have sought to enforce the original, unmodified Subject Debt after the Second Final Judgment was entered in the Second Foreclosure Case. | Admit that Nationstar has sent Plaintiff the federally required Monthly mortgage statements after the Second Final Judgment. Admit that Nationstar |

| | |
|---|---|
| | has not filed a foreclosure case to enforce the debt. |
| 25.     Admit that you have sought to enforce the original, unmodified Subject Debt after this lawsuit was commenced. | (Same as for RFA No. 24.) |

| Request For Admission - Selene | Response - Objection |
|---|---|
| 5.     Admit that prior to the commencement of the Second Foreclosure Case, you did seek legal advice or counsel as to the question of whether the original, unmodified Subject Debt was enforceable in light of the rulings from the First Foreclosure Case. | Selene has made a reasonable inquiry and the information known or readily obtainable is insufficient to admit or deny. Review is ongoing. |
| 8.     Admit that prior to the commencement of the Second Foreclosure Case, you were aware of the First Final Judgment entered in the First Foreclosure Case. | (Same as for RFA No. 5.) |
| 18.     Admit that in the First Foreclosure Case, Judge Roby ruled that the Subject Debt had been modified. | Admit that the Final Judgment in favor of Plaintiff in the First Foreclosure Case did not contain any findings or rulings other than that the matter was dismissed in favor of Plaintiff. Otherwise, Judge Roby's rulings speak for themselves. |

DE 104-1; DE 104-2; DE 104-3; DE 104-4.

For the reasons set forth below, I decline to compel the Financial Defendants to provide amended responses to all of the RFAs for which Plaintiff seeks better answers. According to Rule 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Under Rule 36(a)(1)(A), a party may seek an admission "for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to … facts, the application of law to fact, or opinion about either." Fed. R. Civ. P. 36(a)(1)(A).

Requests for admissions seeking legal conclusions, however, are improper. *In re Tobkin*, 578 F. App'x 962, 964 (11th Cir. 2014). Requests for admissions as to central facts in dispute are also outside the proper scope of the rule. *Pickens v. Equitable Life Assur. Soc. of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969).[3] The "proper use [of Rule 36] is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Id.* In addition, a party's use of the rule is proper to establish uncontested facts, which narrows the issues for trial. *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002).

A party served with a request to admit must respond by a written answer that must "specifically deny [the request], … state in detail why the answering party cannot truthfully admit or deny it" or assert an objection. Fed. R. Civ. P. 36(a)(3) and (4). A party may "qualify an answer or deny only a part of a matter" in good faith. Fed. R. Civ. P. 36(a)(4). If denying a matter in part, a party "must specify the part admitted and qualify or deny the rest." *Id.* "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Here, some of the RFAs exceed the scope of Rule 36. RFA No. 21 directed to FNMA requests that FNMA admit that no legal right existed to enforce the subject loan. As such, Plaintiff

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

seeks admission of a legal conclusion. This RFA also seeks admission of a central issue in this case that is disputed. Therefore, the request is improper. Accordingly, I decline to compel FNMA to amend its answer to RFA No. 21.

RFA No. 18 directed to MTGLQ and Selene, and RFA No. 4 directed to Nationstar, all seek admission (or knowledge) that the state court ruled in the first foreclosure action that the subject loan had been modified. The state court's ruling and the form that it took—what was in the final judgment order versus the oral transcript of the bench trial—is a central issue in this case subject to dispute as to its effect. Thus, this request for admission is "beyond the proper scope" of Rule 36 as it seeks admission of a legal conclusion that is also a central issue in the case that the parties dispute. *See Pickens*, 413 F.2d at 1393. I therefore decline to compel Defendants MTGLQ, Selene and Nationstar to amend their answers to these RFAs.

RFA No. 18 directed to Nationstar seeks a general admission that state court rulings have the effect of law with respect to loans that Nationstar owns. Thus, this RFA seeks admission of matters beyond the facts of this case. As such, the request is improper, and I decline to compel an amended answer to it.

In addition, I find Nationstar's answers to the two remaining RFAs, Nos. 24 and 25, to be sufficient. RFA No. 24 seeks admission that Nationstar sought to enforce the subject loan after the second final judgment was entered in the second foreclosure case. Nationstar's response to RFA No. 24 admits to sending Plaintiff mortgage statements and denies filing a foreclosure case. Similarly, RFA No. 25 seeks admission as to whether Nationstar sought to enforce the subject loan after the instant lawsuit commenced. Nationstar repeated the answer it gave to RFA No. 24. These answers address the subject matter of enforcement, and it is unclear what more Plaintiff seeks to know. Therefore, if Plaintiff persists in deeming Nationstar's answers deficient, then Plaintiff

shall further clarify the actions constituting enforcement that Plaintiff seeks to have Nationstar admit.

As to the remaining RFAs, I find that the answers are insufficient. RFA No. 3 directed to MTGLQ seeks to have it admit that its records did not reflect that the subject loan had been modified.[4] Thus, to properly answer, MTGLQ is required to review its own business records, which are presumed to be readily available. MTGLQ's answer, however, is insufficient because MTGLQ answers that it "has made a reasonable inquiry and the information known or readily obtainable is insufficient to admit or deny because it does not service its loans." DE 104-2. This answer is nonresponsive to the question posed. MTGLQ cannot refuse to answer the direct request for admission pertaining to its business records on the basis that it does not service its loans. Either its own business records reflect that the subject loan had been modified or they do not. Therefore, MTGLQ shall serve an amended answer responsive to RFA No. 3 that complies with Rule 36.

RFA Nos. 4-6 directed to MTGLQ seek admissions pertaining to legal opinions sought or provided as to the subject loan's modification or enforceability.[5] MTGLQ answers that it made reasonable inquiry and the information known or readily available is insufficient to admit or deny "because it does not service its loans." DE 104-2. "Reasonable inquiry includes a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's relative control." *Odom v. Roberts*, 337 F.R.D. 347, 351 (N.D. Fla. 2020) (internal quotation marks and citations omitted). "Thus, if the information is held by the responding party or by an individual or entity with which the responding party maintains a

---

[4] According to the Second Amended Complaint, FNMA sold the subject debt to MTGLQ on or about January 20, 2017 and did not inform it that the debt had been modified. DE 42 at ¶110. The original note and mortgage was dated June 19, 2009. *Id.* at ¶¶50, 52.

[5] MTGLQ has not asserted a privilege or protection with respect to these RFAs.

relationship that enables it readily to procure the required information, then that party may be expected to seek out the information and respond substantively to the request for admission." *Id.* (internal quotation marks and citation omitted). Therefore, MTGLQ may not qualify its inability to admit or deny on the basis that it does not service its loans. Either MTGLQ can readily obtain the information from the servicer, or it cannot. Accordingly, MTGLQ shall serve amended answers to RFA Nos. 4-6 that comply with Rule 36.

RFA No. 19 seeks to have MTGLQ admit that it always sought to enforce the subject loan while owning it. MTGLQ admits that it owned the loan at the time of the filing of second foreclosure case and admits that it was never informed that the Loan was modified. MTGLQ, however, does not admit, deny or otherwise answer whether it always sought to enforce the loan while owner of the loan. MTGLQ cannot refuse to answer the direct question posed. Therefore, MTGLQ shall serve an amended response to RFA No. 19, which complies with Rule 36.

Additionally, Selene's answers to RFA Nos. 5 and 8 are insufficient. RFA No. 5 requests Selene to admit that it sought legal advice as to whether the subject loan was enforceable prior to commencement of the second foreclosure action.[6] RFA No. 8 requests Selene to admit that it was aware of the final judgment entered in the first foreclosure case prior to commencement of the second foreclosure case. Selene answers both RFAs by stating that it made reasonable inquiry, and the information known or readily obtainable is insufficient to admit or deny. Selene further states that review is ongoing, which appears to qualify its answer. "For purposes of a request for admission, a party is generally charged with knowledge of what its agents know, or what is in records available to it, or even information others have given to it on which it intends to rely in its suit." *Odom*, 337 F.R.D. at 352 (internal quotation marks and citation omitted). "Therefore,

---

[6] Selene has not asserted a privilege or protection with respect to this RFA.

'reasonable inquiry' also entails a party consulting with his attorney." *Id.* Here, Selene states that review is ongoing, which begs the question as to whether Selene has consulted with its counsel. Accordingly, Selene shall serve amended answers to RFA Nos. 5 and 8 that comply with Rule 36. If Selene can truthfully assert that, after reasonable inquiry, the information it knows or can readily obtain is insufficient to admit or deny RFA Nos. 5 and 8, then it shall so state without any qualifications.

## II.   Sanctions

Under Federal Rule of Civil Procedure 37, a party seeking discovery is entitled to its reasonable expenses in making a motion if the Court grants the motion and the opposing party's nondisclosure lacked substantial justification, absent other circumstances making an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, I do not find that sanctions are warranted. As previously discussed, some of the requests for admission were improper requests under the rule. Taken as a whole, the Financial Defendants' answers were not so unresponsive as to lack substantial justification. Of the thirty RFAs directed to FNMA, Plaintiff took issue with the answer to one, and that RFA was improper under Rule 36 as previously discussed. Plaintiff found six of twenty RFAs directed to MTGLQ insufficient, and one of the six was improper as noted above. As to Nationstar, Plaintiff found four of thirty RFAs insufficient, and two of those RFAs were improper while Nationstar's answers to the other two were sufficient. Of the eighteen RFAs served upon Selene, Plaintiff found three insufficient, and one of those RFAs was improper. Therefore, given the limited number of proper RFAs for which I find the answers to be insufficient, I decline to grant Plaintiff's request for its expenses in bringing the Motion to Compel.

**ACCORDINGLY**, Plaintiff's Motion to Compel (DE 104) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Insofar as Plaintiff seeks better answers from MTGLQ as to RFA Nos. 3-6 and 19, the Motion to Compel is **GRANTED**.  MTGLQ shall serve amended answers within seven days of this Order;

2. Insofar as Plaintiff seeks better answers from Nationstar as to RFA Nos. 24 and 25, the Motion to Compel is **GRANTED IN PART**.  Plaintiff shall further clarify in writing to Nationstar what actions constitute enforcement of the subject loan within five days of this Order.  Nationstar shall serve amended answers to RFA Nos. 24 and 25 within seven days of receiving Plaintiff's clarification, if any;

3. Insofar as Plaintiff seeks better answers from Selene as to RFA Nos. 5 and 8, the Motion to Compel is **GRANTED**.  Selene shall serve amended answers within seven days of this Order;

4. Otherwise, Plaintiff's Motion to Compel is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 29th day of November, 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE