**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-14487-CIV-CANNON/MAYNARD**

**JOSEPH P. AKOWSKEY**,
individually and as assignee of Pauline Chin
f/k/a Pauline E. Akowskey,

      Plaintiff,

v.

**NATIONSTAR MORTGAGE, LLC**, *et al.*,

      Defendants**.**

_____/

<u>**ORDER ON PLAINTIFF'S MOTION TO COMPEL RESPONSES TO
REQUESTS FOR ADMISSIONS ("MOTION TO COMPEL") (DE 97)**</u>

      **THIS CAUSE** is before me upon the above referenced Motion to Compel filed on October

25, 2022.  DE 97.  Having reviewed the Motion to Compel, the Response (DE 107) and the record

in this case, and being otherwise duly advised, the Motion to Compel is **GRANTED IN PART**

**AND DENIED IN PART**.

      Plaintiff brings federal and state law claims pertaining to a state court foreclosure action.

DE 42; DE 72.[1]  Plaintiff alleges that Defendant Robertson, Anschutz, Schneid, Crane & Partners,

PCCL ("RASC") represented the other Defendants in the underlying foreclosure action.[2]  DE 42

at ¶¶20, 28-32, 39-41.  The other Defendants are: Nationstar Mortgage LLC, Federal National

---

[1] Plaintiff's Second Amended Complaint invokes federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.  DE 42 at 1.  Pursuant to this Court's Order (DE 72) dismissing some of the counts in Plaintiff's second amended complaint (DE 42), the following claims remain: (1) Count I – Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* against Nationstar Mortgage LLC ("Nationstar"); (2) Count II – Violation of the Fair Credit Consumer Protection Act, Fla. Stat. § 559.72 *et seq.* against Nationstar and Federal National Mortgage Association; and (3) Count III – Malicious Prosecution against all Defendants.

[2] The foreclose action is comprised of two separate suits for foreclose.  One suit was tried on November 16, 2016, and a second suit was tried on October 8, 2019.  DE 42 at ¶97; ¶137.

Mortgage Association, MTGLQ Investors, L.P., and Selene Finance, L.P. (collectively, the "Financial Defendants'").

Plaintiff propounded Requests for Admissions ("RFAs") upon RASC in July 2022, and Plaintiff and RASC agreed to multiple extensions of the deadline to respond ultimately resulting in RASC serving its responses on September 26, 2022.  DE 97 at 2.  Plaintiff now seeks to compel better answers from RASC for nine of the RFAs or an order deeming them admitted and seeks its expenses in bringing the motion.  DE 97 at 1-2, 5.  The RFAs at issue are as follows:

| Request For Admission | Response - Objection |
|---|---|
| 1.      Admit that at some point during the pendency of the Second Foreclosure Case you were instructed by Nationstar to attempt to collect the unmodified Subject Debt. | This request for admission as phrased clearly seeks information that is protected by attorney-client privilege. |
| 2.      Admit that at some point during the pendency of the Second Foreclosure Case you were instructed by Fannie Mae to attempt to collect the unmodified Subject Debt. | (Same as for RFA No. 1.) |
| 6.      Admit that prior to the commencement of the Second Foreclosure Case, you informed MTGLQ that Judge Roby had held in the First Foreclosure Case that the Subject Debt had been modified. | (Same as for RFA No. 1.) |
| 7.      Admit that prior to the commencement of the Second Foreclosure Case, you informed Selene that Judge Roby had held in the First Foreclosure Case that the Subject Debt had been modified. | (Same as for RFA No. 1.) |
| 8.      Admit that prior to the January 15, 2019, you informed MTGLQ that Judge Roby had held in the First Foreclosure Case that the Subject Debt had been modified. | (Same as for RFA No. 1.) |
| 9.      Admit that prior to the January 15, 2019, you informed Selene that Judge Roby had held in the First Foreclosure Case that the Subject Debt had been modified. | (Same as for RFA No. 1.) |
| 10.     Admit that prior to the October 8, 2019, you informed Nationstar that Judge Roby had held in the First Foreclosure Case that the Subject Debt had been modified. | (Same as for RFA No. 1.) |
| 25.     Admit that prior to the commencement of the Second Foreclosure Case your business records did not contain any legal memoranda, opinions of counsel, or other documents which pertain to the question of whether the original, unmodified Subject Debt could be enforced after the First Final Judgment was rendered in the First Foreclosure Case. | This request for admission as phrased clearly seeks information that is protected by attorney-client and/or work-product privilege. |

| | |
|---|---|
| 26. Admit that prior to October 8, 2019 your business records did not contain any legal memoranda, opinions of counsel, or other documents which pertain to the question of whether the original, unmodified Subject Debt could be enforced after the First Final Judgment was rendered in the First Foreclosure Case. | (Same as for RFA No. 25.) |

DE 97-1.

RASC objected to all nine of the RFAs at issue on the basis that they seek information protected by attorney-client privilege and/or work-product privilege. *Id.* Although Plaintiff recognizes that the RFAs call for information normally covered by the attorney-client privilege, Plaintiff contends that RASC may not object to the RFAs on this basis. DE 97. According to Plaintiff, the Financial Defendants waived attorney-client privilege for three reasons. First, the privilege has been waived because the Financial Defendants have each asserted an advice of counsel affirmative defense to the state law malicious prosecution claims Plaintiff has brought against them in this action. *Id.* at 5. Second, the privilege has been waived because the Financial Defendants did not interpose any objections to the RFAs propounded upon RASC when those RFAs were served upon them. *Id.* Third, the privilege has been waived because the Financial Defendants have not asserted attorney-client privilege in any of their responses to discovery requests propounded upon them, many of which concern the same subject matter. *Id.*

RASC additionally objected to two of the nine RFAs at issue on the basis of work-product privilege. DE 97-1. Plaintiff makes no argument about RASC's objection on grounds of work-product privilege. Accordingly, given a lack of authority and briefing as to the work-product privilege, I find that Plaintiff does not provide a basis for overruling RASC's objection on grounds of work-product privilege. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned).

In its Response, RASC argues that the Motion to Compel should be denied for two primary reasons.  First, RASC argues that Plaintiff has a pending motion to strike (DE 94) the Financial Defendants' affirmative defense of advice of counsel.[3] DE 107 at 3.  Therefore, says RASC, a motion to compel disclosure of the attorney-client communications pertaining to this defense is improper until the motion to strike is resolved.  *Id.*  Second, RASC argues that the Financial Defendants did not waive the attorney-client privilege for several reasons.  RASC argues that, to the extent that Plaintiff claims the Financial Defendants waived the attorney-client privilege by not asserting it, the RFAs, as framed to them, did not seek privileged information requiring an objection on this basis.  *Id.* at 3-4, 6.  RASC additionally argues that Plaintiff did not demonstrate that the attorney-client communications involved are necessary to prove his claim in order for the "at issue" doctrine to apply.  *Id.* at 3.  Also, RASC contends the Financial Defendants did not waive their privilege under the "at issue" doctrine because waiver is issue specific, and no specific communications pertaining to the advice of counsel defense have been identified.  *Id.* at 4-6.  In addition, RASC contends that the Financial Defendants have not expressly waived the privilege.  *Id.* at 5.  Therefore, RASC requests that the Court deny the Motion to Compel or alternatively delay ruling until after resolution of Plaintiff's Motion to Strike.[4]  *Id.* at 6.

---

[3] The motion to strike was filed on October 19, 2022.  DE 94.  Plaintiff argues in the motion to strike, among other things, that the advice of counsel defense is legally insufficient because the Financial Defendants failed to allege: (i) the material facts they disclosed to their attorneys; (ii) the advice they received; and (iii) the actions or inactions taken in reliance upon the advice.  *Id.* at 5.  The Financial Defendants filed an untimely response, on November 11, 2022.  DE 109.  No Reply has been filed.  Defendant Nationstar Mortgage LLC's ("Nationstar's") "First Affirmative Defense: Advice of Counsel" states that it relied upon RASC advising that the failure of Plaintiff's wife to execute the loan modification, as supported by the modification document itself requiring both Plaintiff and his wife to sign it, meant that the loan was not actually modified.  DE 90 at ¶292.  Nationstar also asserts that it relied upon RASC's advice in bringing the second foreclosure action stating that the final judgment in the first foreclosure case did not contain findings or rulings that the loan at issue was considered modified.  *Id.* at ¶293.  The other Financial Defendants assert similarly.  *See* DE 85 at ¶333; DE 86 at ¶292-93; DE 87 at ¶¶291-92.

[4] RASC requests that, in the event RASC privilege objections are overruled, specific instructions be provided as to which request the privilege has been waived and as to which specific topic.  DE 107 at 6.  RASC additionally requests sufficient time to amend its responses.  *Id.*

I.      **Motion to Strike Does Not Provide Grounds to Deny Motion to Compel**

RASC argues that, if United States District Judge Aileen M. Cannon grants Plaintiff's

motion to strike the Financial Defendants' affirmative defense of advice of counsel, such a ruling

will render objections to the RFAs on the basis of attorney client privilege moot because advice of

counsel will not be "at issue."  DE 107 at 3.  I agree that the striking of this affirmative defense

will render the objections moot under the "at issue" doctrine.  RASC, however, has not sought,

and District Judge Cannon has not granted, a stay of discovery in this case.  Therefore, in order to

provide for proper management of discovery in this case, it is necessary to make findings and

timely issue an order on Plaintiff's Motion to Compel.  Accordingly, I decline to deny Plaintiff's

Motion to Compel on the basis of the pending motion to strike.

II.     **Affirmative Defense of Advice of Counsel Waives Privilege Only as to RFA Nos. 6-10**

As to the advice of counsel affirmative defense, I find that the Financial Defendants waived

attorney-client privilege by putting certain communications at issue.  Specifically, the Financial

Defendants have put at issue communications that are the subject of RFA Nos. 6-10.

State law applies to attorney-client privilege claims in diversity cases, and federal common

law applies in cases arising under federal law.  *Diamond Resorts U.S. Collection Dev., LLC v. US

Consumer Att'ys, P.A.*, 519 F. Supp. 3d 1184, 1196 (S.D. Fla. 2021), *reconsideration denied*, No.

9:18-CV-80311, 2021 WL 4482837 (S.D. Fla. Feb. 24, 2021) (citations omitted).  Here, the parties

agree that the discovery at issue involves the state law claims Plaintiff brings for malicious

prosecution.[5]  Therefore, "this Court look[s] to Florida law as to the attorney-client privilege."

*MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 553 (S.D. Fla. 2013).

---

[5] Plaintiff's Motion to Compel states that Plaintiff asserts common law claims for malicious prosecution.  DE 42 at 1. RASC argues in its Response on grounds that Florida law applies.  DE 107 at 2-3.

Under Florida law, a client entitled to assert attorney-client privilege may waive it expressly or by implication, but waiver is disfavored. *Centennial Bank v. ServisFirst Bank, Inc.*, No. 8:16-CV-88-T-36CPT, 2020 WL 1061450, at *2 (M.D. Fla. Mar. 4, 2020) (citing Fla. Stat. § 90.507; *Coates v. Akerman, Senterfitt & Eidson, P.A.*, 940 So. 2d 504, 508 (2d DCA 2006)). Florida Statute § 90.502 recognizes that the client is the holder of the attorney-client privilege. *See* Fla. Stat. § 90.502(3) (stating that the privilege may be "claimed" by the client or others on the client's behalf). "An attorney is entitled to assert the privilege on her client's behalf, and—absent contrary evidence—is presumed to have the authority to do so, Fla. Stat. § 90.502(3)(e), but after the client waives the privilege it is no longer available for assertion by the attorney." *MapleWood Partners, L.P.*, 295 F.R.D. at 584.

"[T]he burden of establishing a prima facie case of waiver rests upon the party asserting it." *Nelson v. State*, 347 So. 3d 86, 89 (Fla. 3d DCA 2021). "If a waiver has been sufficiently alleged, the party seeking the benefit of the privilege must establish—by a preponderance of the evidence—that the privilege was not waived, as the burden always rests in the final analysis with the party seeking the protection of the privilege." *MapleWood Partners, L.P.*, 295 F.R.D. at 584.

"[T]he doctrine of waiver by implication reflects the position that the attorney-client privilege was intended as a shield, not a sword." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir.), *opinion modified on reh'g on other grounds*, 30 F.3d 1347 (11th Cir. 1994). Therefore, "Florida courts have found an 'at-issue' waiver when a party raises a claim that will necessarily require proof by way of a privileged communication." *Centennial Bank*, 2020 WL 1061450, at *2. Indeed, a party "waives the privilege if it injects into the case an issue that in fairness requires an examination of otherwise protected communications." *Cox*, 17 F.3d at 1419. *See also Coates*, 940 So. 2d at 507 ("[W]aiver occurs when a party raises a claim that will

necessarily require proof by way of a privileged communication." (internal quotation marks and citation omitted)).

Here, the advice of counsel affirmative defense puts at issue whether RASC informed a particular Financial Defendant "that Judge Roby had held in the First Foreclosure Case that the Subject Debt had been modified," which are the subject of RFA Nos. 6-10.  Indeed, the Financial Defendants' advice of counsel affirmative defense asserts reliance upon RASC's advice that, in bringing the second foreclosure action, the final judgment in the first foreclosure case did not contain findings or rulings that the loan at issue was considered modified.  DE 85 at ¶333; DE 86 at ¶292-93; DE 87 at ¶¶291-92; DE 90 at ¶¶292-93.  Thus, the affirmative defense directly implicates RASC's advice on the issue of what findings or rulings were made pertaining to modification of the "Subject Debt."  Accordingly, waiver by implication applies, and RASC's objections are overruled with respect to RFA Nos. 6-10.

Waiver by implication, however, does not apply to RFA No's 1-2 and 25-26.  As to RFA No.'s 1 and 2, Plaintiff does not show that a Financial Defendant's instructions to RASC, if any, to collect the unmodified debt directly implicates the advice of counsel defense.  Nor does Plaintiff show that such instructions are necessary to him proving his claim.  Similarly, as to RFA No.'s 25 and 26, Plaintiff does not show that RASC's internal memoranda or legal opinions as to whether the original, unmodified Subject Debt could be enforced after final judgment was rendered in the first foreclosure case directly implicates the advice of counsel defense.  Furthermore, to the extent that such memoranda or opinion exist and represent work product, Plaintiff fails to argue that the work product privilege should not apply in response to RASC's objections on this basis. Therefore, RASC's objections are sustained as to RFA No.'s 1-2 and 25-26.

Plaintiff's other arguments for waiver of the attorney-client privilege fail as conclusory. Plaintiff asserts that the Financial Defendants have not objected to the RFAs served upon RASC on the basis of attorney-client privilege; however, RASC is allowed to assert the privilege on behalf of the Financial Defendants.  DE 97 at 5.  Furthermore, Plaintiff provides no authority to indicate that the Financial Defendants waived attorney-client privilege by not asserting it themselves. Therefore, I do not find that the Financial Defendants are required to also assert the privilege in order to preclude waiver of it.  Plaintiff further asserts that the Financial Defendants did not object on grounds of attorney-client privilege in any of their responses to Plaintiff's discovery requests; but, he does not identify those discovery requests.  *Id.*  Rather, Plaintiff simply asserts, without providing any details, that many of these discovery requests concern the same subject matter and that the Financial Defendants' failure to object to these discovery requests on grounds of attorney-client privilege waives the privilege.  *Id.*  Accordingly, I find that Plaintiff's vague assertions are insufficient to demonstrate waiver.  Moreover, as RASC observes, Plaintiff fails to allege or show that the Financial Defendants expressly waived attorney-client privilege.  Plaintiff, therefore, did not carry his burden to show that the attorney-client privilege has been waived.  *Nelson*, 347 So. 3d at 89.

## III.    Sanctions

Under Federal Rule of Civil Procedure 37, a party seeking discovery is entitled to its reasonable expenses in making a motion if the Court grants the motion and the opposing party's nondisclosure lacked substantial justification, absent other circumstances making an award unjust. Fed. R. Civ. P. 37(a)(5)(A).  Here, I do not find that Defendant RASC's responses lack substantial justification.  First, Plaintiff acknowledges that the information sought is normally covered by attorney-client privilege, and the issue of waiver is not so obvious as to make sanctions appropriate.

Second, Plaintiff does not even make an argument regarding work-product privilege as to RFA Nos. 25 and 26. As such, I do not find that Defendant RASC lacked substantial justification for making objections on grounds of attorney-client privilege and/or work-product privilege. Therefore, I decline to grant Plaintiff's request for an award of expenses.

**ACCORDINGLY**, Plaintiff's Motion to Compel (DE 97) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Insofar as Plaintiff seeks to have RFA No.'s 6-10 answered, the Motion to Compel is **GRANTED**. RASC shall answer RFA No.'s 6-10 within seven days of this Order;

2. Otherwise, Plaintiff's Motion to Compel is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 9th day of December, 2022.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE