UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14487-CIV-CANNON/MAYNARD

**JOSEPH P. AKOWSKEY**,
individually and as assignee of Pauline Chin
f/k/a Pauline E. Akowskey,

      Plaintiff,

v.

**NATIONSTAR MORTGAGE, LLC**, *et al.*,

      Defendants**.**

_____/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS ("MOTION TO COMPEL") (DE 110)**

**THIS CAUSE** is before me upon the above referenced Motion to Compel filed on November 14, 2022.[1] DE 110. Having reviewed the Motion to Compel, the Response (DE 111) and the record in this case, and being otherwise duly advised, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff brings federal and state law claims pertaining to a state court foreclosure action. DE 42; DE 72.[2] Plaintiff alleges that Defendant Robertson, Anschutz, Schneid, Crane & Partners, PCCL ("RASC") represented the other Defendants in the underlying foreclosure action. DE 42 at ¶¶20, 28-32, 39-41. The other Defendants are: Nationstar Mortgage LLC, Federal National

---

[1] Plaintiff requests a hearing; however, I do not find a hearing necessary to resolve the parties' dispute in this instance. DE 110 at 6.

[2] Plaintiff's Second Amended Complaint invokes federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. DE 42 at 1. Pursuant to this Court's Order (DE 72) dismissing some of the counts in Plaintiff's second amended complaint (DE 42), the following claims remain: (1) Count I – Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* against Nationstar Mortgage LLC ("Nationstar"); (2) Count II – Violation of the Fair Credit Consumer Protection Act, Fla. Stat. § 559.72 *et seq.* against Nationstar and Federal National Mortgage Association; and (3) Count III – Malicious Prosecution against all Defendants.

Mortgage Association, MTGLQ Investors, L.P., and Selene Finance, L.P. (collectively, the "Financial Defendants'").

Plaintiff propounded Requests for Production ("RFPs") and other discovery requests upon the Financial Defendants and, on September 2, 2022, moved to compel responses. DE 70; DE 110 at 1. I granted Plaintiff's motion to compel and ordered responses to be served by September 26, 2022. DE 79. The Financial Defendants moved for an extension of time to serve responses (DE 80), and I granted their motion, in part, and ordered the Financial Defendants to serve their responses by October 14, 2022 ("Order to Serve Responses") (DE 84). Because Defendant Nationstar Mortgage LLC ("Nationstar") was untimely in serving its responses, Plaintiff moved for sanctions on October 28, 2022 ("Motion for Sanction") (DE 100). I granted Plaintiff's Motion for Sanctions in part and found that Plaintiff was entitled to an award of his reasonable expenses in bringing that motion. DE 131. On December 2, 2022, Nationstar filed a Notice of Compliance (DE 127) and a Notice of Completion of Production (DE 128) acknowledging that it was untimely in serving responses to Plaintiff's discovery requests and reporting that it had served all responses. In its Notice of Compliance, Nationstar expressly stated that it had amended responses to RFP Nos. 5, 11, 106, and 108, had withdrawn its privilege objections and had confirmed withholding no documents. DE 127.

Plaintiff's Motion to Compel seeks an Order requiring Nationstar to show cause why their pleadings should not be struck, and default entered against it, for failure to comply with the Order to Serve Responses. DE 110 at 5. Plaintiff alternatively seeks an order overruling objections to RFP Nos. 5, 11, and 108; requiring Nationstar to produce all documents and things responsive to those RFPs; and awarding Plaintiff his expenses incurred in filing the instant motion. *Id.* at 5-6.

The RFPs at issue are as follows:

| Request for Production | Response |
| --- | --- |
| 5. Any e-mails, electronic messages, letters, memos or other documents made between NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER its agents or assigns, including but not limited to ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., which reference or relate to the Subject Debt, Mortgage, Loan Modification, the First Foreclosure Case, the Second Foreclosure Case and/or Plaintiff from 2013 to present. | **Objection:** Nationstar objects to this Request to the extent that it calls for confidential business, financial, commercial and/or proprietary information, documents subject to the attorney work product doctrine, or attorney-client privilege, prior to the entry of a protective order, as well as the fact that it seeks information which does not have a tendency to reveal admissible evidence and, as such, is irrelevant.<br><br>**Response:** Nationstar refers Plaintiff to the void 2013 Loan Modification, documents bates stamped NSM_000231 to NSM_000241. By way of further response, Nationstar states that subject to entry of a mutually agreeable protective order, it will produce the retention agreement between Nationstar and RASC, as well as the mortgage servicing agreement between Nationstar and Fannie Mae. |
| 11. All documents and communications by and between NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER and Defendant ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC which reference or relate to the Subject Debt, Mortgage, Loan Modification, the First Foreclosure Case, the Second Foreclosure Case and/or Plaintiff from 2013 to present. | **Objection:** Nationstar objects to this Request to the extent that it calls for confidential business, financial, commercial and/or proprietary information, documents subject to the attorney work product doctrine, or attorney-client privilege, prior to the entry of a protective order, as well as the fact that it seeks information which does not have a tendency to reveal admissible evidence and, as such, is irrelevant.<br><br>**Response:** Without waiving the above objections, and subject to entry of a mutually agreeable protective order, Nationstar will produce the retention agreement between Nationstar and RASC. |
| 108. All internal journals, memoranda, notes, calendars, correspondence, emails, account statements, and any other documentation upon which you intend to rely in defense of this action. | **Objection:** Nationstar objects to the extent the Request seeks documents protected by the attorney work product doctrine or attorney client privilege.<br><br>**Response:** Subject to the above objections, Nationstar refers Plaintiff to documents bates stamped NSM_000001 to NSM_002513. Nationstar reserves its right to supplement its response as discovery in this matter progresses. |

DE 110-1.

Plaintiff makes several arguments as to why Nationstar's production is deficient. First Plaintiff contends that Nationstar did not serve a privilege log to support its objection to produce on grounds of attorney-client privilege. DE 110 at ¶4. Second, Plaintiff contends that Nationstar has waived attorney-client privilege by putting the legal advice it received from RASC at issue through its affirmative defense of advice of counsel. *Id.* at ¶5. Third, Plaintiff contends that other Defendants have produced communications between RASC and Nationstar; however, Nationstar has not produced these communications, which means that Nationstar is withholding communications responsive to RFP Nos. 5, 11, and 108.[3] *Id.* at ¶¶6-9.

Nationstar responds that Plaintiff "overstates the Motion and it should be denied." DE 111 at 5. Specifically, Nationstar argues, in relevant part: that the Financial Defendants have not asserted attorney-client privilege in response to discovery; that Plaintiff is not entitled to a blanket waiver of the attorney-client privilege on grounds that Nationstar asserted an advice of counsel defense; that Plaintiff merely assumes that Nationstar retains emails that RASC turned over; and that Plaintiff failed to properly confer before filing the motion. *Id.* at ¶¶7-12. I address each of these arguments in turn.

1. **Nationstar Asserted Attorney-Client Privilege**

RFP Nos. 5, 11, and 108 each assert an objection on grounds of attorney-client privilege. Therefore, Nationstar's argument that the Motion to Compel should be denied because it did not assert this privilege is without merit.

---

[3] Plaintiff also notes that RASC provided a privilege log listing communications between Nationstar and RASC. DE 110 at ¶¶6-9.

2. **The Advice of Counsel Defense Does Not Warrant a Blanket Attorney-Client Privilege Waiver, But Nationstar has Withdrawn its Objection**

Nationstar correctly argues that waiver of the attorney client privilege pursuant to its advice of counsel defense is limited "to questions about that defense." *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-CV-146-MSS-AAS, 2022 WL 107109, at *5 (M.D. Fla. Jan. 11, 2022). Nonetheless, subsequent to Plaintiff's Motion to Compel, Nationstar withdrew its privilege objections to the RFPs at issue and confirmed that it has withheld no documents responsive to the RFPs at issue. DE 127. Therefore, I find that Nationstar's objections to RFP Nos. 5, 11, and 108 on the basis of privilege are due to be overruled.

3. **Plaintiff's Failure to Substantiate that Nationstar is Withholding Documents Provides No Grounds to Deny the Motion to Compel**

Nationstar implies that Plaintiff is wrong to infer that it withheld privileged communications between RASC and Nationstar because other Defendants produced such communications. Nationstar, however, did not expressly deny having these documents in its Response. Furthermore, Nationstar has since served amended responses to the RFPs at issue, withdrawn its privilege objections and confirmed it has withheld no documents. DE 127. Therefore, Nationstar's argument that Plaintiff's motion should be denied because he failed to substantiate that Nationstar withheld documents provides no grounds to deny the Motion to Compel.

4. **The Issue of Conferral Provides No Basis to Deny the Motion to Compel**

Nationstar argues that the Motion to Compel is based upon production that RASC propounded on November 11, 2022, one business day prior to the filing of the motion, but that no "detailed" discussions occurred pertaining to this production or the associated privilege log.

DE 111. at ¶12. Plaintiff's Motion to Compel certifies that Plaintiff's counsel conferred with Nationstar's counsel via email and telephone prior to filing the motion. DE 110 at 6. Nationstar does not argue that there was no conferral—only that conferral was not in depth as to RASC's production or privilege log. I do not find that Plaintiff was required to have detailed discussions with Nationstar about RASC's production and privilege log prior to filing its Motion to Compel Nationstar to produce documents that it withheld on the basis of privilege. Furthermore, as discussed above, Nationstar has since amended its responses to the subject RFPs, has withdrawn its privilege objections and has confirmed that it is withholding no responsive documents. Therefore, I find that Nationstar's argument that conferral was insufficient provides no grounds for relief.

In sum, Nationstar fails to demonstrate a basis for denying the Motion to Compel insofar as it seeks to compel documents and things responsive to RFP Nos. 5, 11 and 108. To the extent that the Motion to Compel seeks an order to show cause, however, that relief is moot because Nationstar has served amended responses, withdrawn privilege objections and confirmed no documents have been withheld.

5. **Sanctions**

Plaintiff is entitled to its reasonable expenses in bringing the Motion to Compel. Under Rule 37(a)(5), if a motion to compel is granted or discovery is provided after such motion, then "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, … or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" subject to certain exceptions that are not applicable.

Here, Nationstar fails to establish a basis to deny the Motion to Compel insofar as Plaintiff seeks to compel production of documents that Nationstar withheld on grounds of privilege. In addition, Nationstar has acknowledged that it served its responses untimely. *See* DE 126. Furthermore, Nationstar has withdrawn its privilege objections, served amended responses and confirmed it has withheld no documents. Therefore, Plaintiff's Motion to Compel shall be granted insofar as Plaintiff seeks to recover its reasonable fees and expenses in bringing the motion.

**ACCORDINGLY**, Plaintiff's Motion to Compel (DE 110) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Insofar as Plaintiff seeks to overrule Nationstar's objections as to privilege and compel production of documents responsive to RFP Nos. 5, 11, and 108, the Motion to Compel is **GRANTED**. As Nationstar has reported withdrawing its privilege objections and serving all responsive documents, no deadline for such production shall be set.

2. Insofar as Plaintiff seeks to recover its fees and expenses for bringing the motion, Plaintiff's Motion to Compel is **GRANTED**. The parties shall confer by December 20, 2022 for the purpose of coming to agreement as to Nationstar's payment of Plaintiff's reasonable fees and expenses. Should the parties be unable to agree, then Plaintiff shall file an appropriate motion and affidavit to support such an award by December 30, 2022, and Nationstar shall provide a response, if any, in the normal course;

3. Otherwise, Plaintiff's Motion to Compel is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 9th day of December, 2022.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE