UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14487-CIV-CANNON/McCabe

**JOSEPH P. AKOWSKEY**,
individually and as assignee of Pauline Chin,
f/k/a Pauline E. Akowskey,

    Plaintiff,
v.

**NATIONSTAR MORTGAGE, LLC**, **et al.**,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Leave to File Third Amended Complaint (the "Motion") [ECF No. 139], filed on December 9, 2022. The Court has considered the Motion, the Response in Opposition filed by Defendant Robertson, Anschultz, Schneid, Crane & Partners, PPLC's ("RASC") [ECF No. 142], the Response in Opposition filed by Nationstar Mortgage [ECF No. 147], Plaintiff's Reply [ECF No. 152], the full record, and the applicable law. For the reasons set forth below, Plaintiff's Motion [ECF No. 139] is **DENIED**.

***

On December 18, 2021, Plaintiff initiated this lawsuit alleging various claims against Defendants Nationstar, Frannie Mae, RASC, MTGLQ Investors, and Selene Finance related to a mortgage and loan modification for a parcel of real estate in Port Saint Lucie, Florida [ECF No. 1]. Plaintiff filed his First Amended Complaint on May 11, 2022 [ECF No. 38], followed by his Second Amended Complaint on May 25, 2022 [ECF No. 42].

Now, eight months after the expiration of the deadline to amend pleadings [ECF No. 22 p. 2], and following two prior amendments by Plaintiff [ECF Nos. 38, 42], Plaintiff seeks leave to file a Third Amended Complaint to add three additional causes of action against Defendants Nationstar Mortgage and RASC [ECF No. 139 p. 10]. Specifically, Plaintiff seeks leave to add claims against Nationstar Mortgage and RASC for committing civil conspiracy and violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 [ECF No. 139 p. 4].

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a "court should freely give leave to amend the pleadings when justice so requires." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014); Fed. R. Civ. P. 15(a)(2). Although this standard is liberal, "a motion to amend may be denied on 'numerous grounds' such as 'undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (quoting *Brewer–Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000)).

Upon review, the Court exercises its discretion under the circumstances to deny Plaintiff's Motion. Plaintiff's request is untimely, prejudices Defendant RASC, and is futile in any event.

Pursuant to the Court's Scheduling Order [ECF No. 22], the parties' deadline to amend pleadings was April 5, 2022 [ECF No. 22 p. 2]. Plaintiff's Motion to Amend comes eight months after that deadline; several months after the Court's order on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 68]; and very close to the end of an extensive discovery process that began nearly a year ago [ECF No. 81 (amended scheduling order setting January 30, 2023, as the end of discovery); ECF No. 22 (initial scheduling order dated February 22, 2022)]. Plaintiff attempts to justify this delay by arguing that he only recently became aware

of the facts giving rise to the claims he now seeks to assert [*see* ECF No. 139 pp. 2, 6–7]. But as Defendant RASC observes, Plaintiff's factual narrative on that point is not entirely accurate, and Plaintiff's own allegations indicate that Plaintiff previously was aware of at least the basic facts underlying the claims he now seeks to assert against Defendants [*see* ECF No. 142 pp. 5–6 (citing ECF No. 1 ¶¶ 130–34; ECF No. 42 ¶¶ 153–57)]. Under these circumstances, the Court does not find good cause to permit amendment of the Second Amended Complaint eight months past the initial deadline and well into the litigation process.

Additionally, Defendant RASC has made a sufficient showing that granting leave to amend will prejudice Defendant RASC. As Defendant RASC points out, permitting Plaintiff to amend his Complaint for a third time likely will trigger an additional round of Rule 12(b)(6) briefing and "necessitate a significant extension of the discovery process," further increasing costs and forcing another amendment to the scheduling order [ECF No. 142 p. 4; *see* ECF No. 81 (amending ECF No. 22)]. The Court agrees that a further amendment of the Complaint, which has been amended twice already, would prejudice Defendant RASC, who has spent significant time responding to Plaintiff's voluminous discovery requests and taking depositions [ECF No. 142 pp. 4–5]. Although these factors alone provide a sufficient basis to deny Plaintiff's request to file a Third Amended Complaint, the Court also determines, as an additional matter, that leave to amend is not warranted because the proposed claims are implausible for the reasons stated in Defendants' Responses in Opposition [ECF No. 142 pp. 7–9; ECF No. 147 pp. 3–10].

CASE NO. 21-14487-CIV-CANNON/McCabe

## CONCLUSION

For these reasons, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion for Leave to File Third Amended Complaint [ECF No. 139] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 4th day of January 2023.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     counsel of record