UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14487-CIV-CANNON/MAYNARD

**JOSEPH P. AKOWSKEY**,
individually and as assignee of Pauline Chin
f/k/a Pauline E. Akowskey,

    Plaintiff,

v.

**NATIONSTAR MORTGAGE, LLC**, *et al.*,

    Defendants**.**
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL BETTER ANSWERS TO INTERROGATORIES ("MOTION TO COMPEL") (DE 115)

**THIS CAUSE** is before me upon the above referenced Motion to Compel filed on November 21, 2022. DE 115. Having reviewed the Motion to Compel, the Response (DE 118) and the record in this case, and being otherwise duly advised, the Motion to Compel is **GRANTED**.

### BACKGROUND

Plaintiff sues Defendants Nationstar Mortgage LLC ("Nationstar"), Federal National Mortgage Association ("FNMA"), MTGLQ Investors, L.P. ("MTGLQ"), Selene Finance L.P. ("Selene") (collectively, the "Financial Defendants"), and the law firm of Robertson, Anschutz, Schneid, Crane & Partners, PCCL ("RASC") based on foreclosure actions Defendants brought against him in Florida state court. DE 104 at ¶1. Plaintiff alleges that Defendants' attempts to foreclose on his home were unlawful and in willful disregard of a modification of his mortgage,

which modification a state court confirmed.[1] DE 42 at ¶¶44-46. Defendant RASC is the law firm that represented the Financial Defendants in the underlying state foreclosure actions. DE 42 at ¶¶20, 28-32, 39-41. Plaintiff's claims in federal court include Count I – Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* against Nationstar; Count II – Violation of the Fair Credit Consumer Protection Act, Fla. Stat. § 559.72 *et seq.* against Nationstar and FNMA; and Count III – Malicious Prosecution against all Defendants.

The present discovery motion pertains to interrogatories Plaintiff propounded upon RASC in July 2022. DE 115 at 1-2. RASC served amended answers to the interrogatories on November 11, 2022. *Id.* at 2. RASC objected, however, to Interrogatory Numbers 3, 6, 7, 8, 9, and 12 on the basis that they seek information protected by the attorney-client privilege. DE 115-1. RASC also objected to Interrogatory Number 3 on grounds of work-product privilege. De 115-1.

Plaintiff seeks to compel better responses from RASC for Interrogatory Numbers 3, 6, 7, 8, 9, and 12.[2] Specifically, Plaintiff contends that protections afforded by the attorney-client and work-product privileges have been waived because the Financial Defendants have asserted the advice of counsel defense in this litigation. Plaintiff also seeks his expenses in bringing the motion to compel. *Id.* at 1-2, 5.

In a separate filing, Plaintiff moves to strike the Financial Defendants' assertion of the advice of counsel defense. DE 94. Plaintiff argues that the advice of counsel defense should be

---

[1] The Honorable William L. Roby stated the following on the record at a non-jury trial held on November 16, 2016 in relation to Defendants' foreclosure suit against the Plaintiff: "There was a modification, and it was highly inequitable for the plaintiff [(Nationstar)] to fail to comply with the terms of the modification. Accepting 12 --13 months of payments and then trying to just give him the money back after the lawsuit was filed, I think, is evidence of inequitable conduct on the part of the bank, as servicer[ ]." DE 42-4 at 167:18-24 (the state court trial transcript).

[2] Plaintiff's Motion to Compel contains a scrivener's error as to the interrogatories at issue. *See* DE 115 at ¶4 (referring to interrogatories Nos. 3, 5, 7, 8, 9, and 12) and page 4 (referring to interrogatories Nos. 3, 6, 7, 8, 9, and 12). Because interrogatory No. 5 does not assert attorney-client privilege, and interrogatory No. 6 does, it is obvious that Plaintiff intended the Motion to Compel to apply to interrogatory No. 6 and not interrogatory No. 5.

stricken as conclusory, barebones, and insufficient as a matter of law. Alternatively, Plaintiff seeks a ruling that the Financial Defendants have waived attorney-client privilege by asserting the advice of counsel defense. Plaintiff's motion to strike has not been referred to me and is pending before the District Judge.

In responding to Plaintiff's motion to compel, RASC argues that the motion is premature because the pending motion to strike the advice of counsel defense has not been ruled upon. RASC contends that if the motion to strike the advice of counsel defense is granted, issues regarding waiver of privilege are rendered moot. RASC also points out that the attorney-client privilege belongs to the client not the lawyer, and until RASC receives an express waiver of privilege from its clients (which, in this case, are the Financial Defendants) it cannot disclose protected information without a court ruling that privilege has been waived. RASC also argues that the advice of counsel defense is issue specific, so until its precise contours are known in this case it cannot be determined which privileged communications must be disclosed.

In responding to Plaintiff's motion to strike the advice of counsel defense, the Financial Defendants notably do not address Plaintiff's argument that the defense waives privilege. DE 109. Rather, the Financial Defendants avoid discussing the waiver issue altogether by stating that RASC is the party asserting privilege in response to discovery, not the Financial Defendants. The Financial Defendants maintain that they did not instruct RASC to assert attorney-client privilege, are not responsible for RASC's decision to do so, and should not be held responsible for privileges RASC asserted. They insist that "Plaintiff's fight is with RASC," *id*. at 3, and has nothing to do with them. Thus, they contend that Plaintiff's motion to strike the advice of counsel defense should be denied.

## DISCUSSION

As an initial matter, I do not agree that the pending motion to strike justifies denying the Motion to Compel. While I agree with RASC that an order striking the Financial Defendants' advice of counsel defense would render RASC's privilege objections moot because advice of counsel will not be "at issue," I also note that the discovery deadline of January 30, 2023 is fast approaching and a ruling on this discovery issue is needed if the parties are to meet their obligations under the Scheduling Order. DE 81. In addition, the fact that Plaintiff has moved to strike the advice of counsel defense does not change the fact that the defense has been affirmatively invoked by the Financial Defendants, which is what matters under the relevant case law. Accordingly, I decline to deny Plaintiff's motion to compel based on the pending motion to strike.

Having fully reviewed the record, I also observe that the Defendants in this case are putting Plaintiff in an untenable place by taking inconsistent positions on whether attorney-client privilege has been waived. The law firm (RASC) takes the position that the attorney-client privilege belongs to their clients (the Financial Defendants) and they cannot disclose privileged material until the Financial Defendants expressly waive attorney-client privilege and instruct RASC to disclose. Meanwhile, the clients (the Financial Defendants) take no position whatsoever on attorney-client privilege or waiver thereof, saying only that they are not asserting any privilege so Plaintiff's fight is with their lawyers, not with them. That said, the Financial Defendants apparently have not advised RASC that they waive privilege by relying on advice of counsel and have not instructed RASC to disclose the requested information. With these maneuvers, RASC and the Financial Defendants have effectively blocked Plaintiff's access to information he needs to respond to the advice of counsel defense.

When a party asserts an advice of counsel defense, the party waives the attorney-client privilege as to the subject matter of that advice. *See Cox v. Adm'r United States Steel*, 17 F.3d 1386, 1417-21 (11th Cir. 1994) ("[c]ourts have found waiver by implication … when a client asserts reliance on an attorney's advice as an element of a claim or defense'"); *Immuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 564 (S.D. Fla. 2001) ("It is well-established that when a party asserts a defense, such as the advice of counsel defense, that makes an attorney's advice an issue in the litigation, that party waives the attorney-client privilege."). In determining the scope of the waiver, the overriding consideration is fairness, or avoidance of prejudice to the opposing party. *Cox*, 17 F.3d at 1417 ("Courts have generally not found waiver where the party attacking the privilege has not been prejudiced."); *Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 2001 WL 492479, at *5 (N.D. Ill. 2001) ("The overriding principle is one of fairness."). A court will not allow parties to introduce evidence of privileged communications to establish advice of counsel, while asserting attorney-client privilege for communications that may be unfavorable to the advice of counsel defense. *Immuno Vital*, 203 F.R.D. at 564. The privilege was "intended as a shield, not a sword." *Cox*, 17 F.3d at 1418. "Having opened the door to certain privileged information in an effort to advance its cause, as a matter of fairness a party must disclose other privileged materials involving the subject matter of the disclosed communications." *Beneficial Franchise*, 2001 WL 492479 at *4.

The Financial Defendants have each asserted advice of counsel as an affirmative defense to Count III of Plaintiff's Complaint in their Answers. Nationstar, for example, states as follows in its Answer:

> 292. FIRST AFFIRMATIVE DEFENSE: ADVICE OF COUNSEL (Count III). Nationstar made a full and honest disclosure of relevant facts concerning the Loan to RAS[C]. Nationstar relied on the advice of counsel, specifically RAS[C], in bringing the first foreclosure case, having been advised that the failure of Plaintiff's

wife to execute the loan modification meant that the loan was not actually modified. This was in part supported by the loan modification document itself, which required the signature of Plaintiff and his wife to be effective.

293. Nationstar made a full and honest disclosure of relevant facts concerning the Loan to RAS[C]. Since RAS[C] prosecuted the first foreclosure case, including the non-jury trial, it was privy to all relevant facts including the rulings and judgment of the court. Nationstar relied on the advice of counsel, specifically RAS[C], in bringing the second foreclosure, having been advised that the final judgment in the first foreclosure case did not contain any rulings or findings that the Loan was considered modified. Further, that because Plaintiff's wife had not executed the loan modification the loan was not considered modified. (Second Amended Complaint, Doc. 42, ¶72 and Exhibit C). Nor was it countersigned by BOA. This was in part supported by the loan modification document itself, which required the signature of Plaintiff and his wife to be effective.

294. Indeed, examination of the BOA payment shows that the unpaid principal balance was not set to the newly modified amount of $99,975.54. (Second Amended Complaint, Doc. 42, ¶72 and Exhibit C, ¶3(B)). Consequently, Nationstar could conclude that BOA never considered the loan effectively modified.

295. As a result of this advice, Nationstar believed it had probable cause to bring the first foreclosure action and continue the second foreclosure action.

296. Advice of counsel is a complete bar to a malicious prosecution claim. *Royal Trust Bank, N.A. v. Von Zamft*, 511 So.2d 654, 655-56 (Fla. 3rd DCA 1987).

DE 90 at 26-27. The other Financial Defendants all make similar claims.[3]

Financial Defendants therefore assert a broad advice of counsel defense that they believed, based on legal advice from RASC, that their actions in bringing the first and second foreclosure cases were lawful. This defense "necessarily implicates all of the [legal] information at [their] disposal" regarding justification for the foreclosure lawsuits, whether the loan was "actually

---

[3] Each Financial Defendant argues in similar fashion to Nationstar with the following distinctions: (i) FNMA contends that it did not authorize the acts complained of and, therefore, makes its advice of counsel affirmative defense in the alternative (DE 85 at ¶332); (ii) Selene argues in its otherwise identical ¶293 that, in the alternative, RASC "failed to inform [it] of the First Final Judgment and the rulings of Judge Roby despite having participated in that trial" (DE 86 at ¶293) and adds that the subject loan was "not marked as 'modified'" when it entered the loan into its system of records (DE 86 at ¶294); and (iii) MTGLQ qualifies the same arguments that Nationstar makes by stating that it "relied on the advice of RAS[C], through Selene" and received its information about the facts asserted pertaining to the advice of counsel defense through Selene (DE 87 at ¶¶291-296).

modified," and whether any legal rulings or findings from the first foreclosure lawsuit impacted these issues. *Cox*, 17 F.3d at 1418. In *Immuno Vital*, the Court held that "when the advice of counsel defense is raised, the party raising the defense must permit discovery of **any and all legal advice** rendered on the disputed issue." *Immuno Vital*, 203 F.R.D. at 564 (emphasis added). In *Immuno Vital*, the defendants refused to answer deposition questions about advice given by outside counsel. The Court found that it would be "manifestly unfair" to the plaintiff to allow defendants to assert and present evidence about an advice of counsel defense while blocking discovery about the advice. *Id*. Similarly, the Defendants here are using advice of counsel as the foundation for their position that their foreclosure lawsuits against Plaintiff did not amount to malicious prosecution. Their choice to do so mandates a finding that they have impliedly waived the attorney-client privilege on matters concerning the advice RASC provided to them about the propriety of bringing the foreclosure lawsuits. *See generally Securities & Exch. Comm'n v. Wall Street Capital Funding, LLC*, 2011 WL 2295561, at *7 (S.D. Fla. June 10, 2011) ("Defendants cannot assert the advice of counsel defense while simultaneously and strategically selecting which communications to disclose for self-serving purposes and which communications to retain as confidential."). Under these circumstances it would be manifestly unfair to prevent Plaintiff from obtaining full discovery on the very advice Financial Defendants are relying upon to prove that they did not prosecute him maliciously. I therefore conclude that Financial Defendants waive by implication attorney-client privilege regarding these matters.

Having found that Financial Defendants have waived attorney-client privilege by asserting the advice of counsel defense, I consider the specific interrogatories at issue in Plaintiff's motion to compel.

| NUMBER | INTERROGATORY | RASC'S RESPONSE |
|---|---|---|

| 3 | Describe, detail, and/or explain the investigation you undertook that lead to your belief that the claims filed in the Second Foreclosure Case were tenable. | Objection, this interrogatory as phrased clearly seeks information protected by the attorney-client and/or work-product privileges as the investigation conducted involved discussions with RASCP clients. RASCP further objects to this interrogatory request as ambiguous, vague, irrelevant and overbroad as Plaintiff failed to define the term "claims" and more clearly narrow this request. *Wash v. Quest Diagnostics, Inc.*, 08-61863-CIV, 2010 WL 11504243, at *2 (S.D. Fla. Jan. 6, 2010) (ruling "Defendant's objection that Requests 1, 3, 7, 8, 9, 10, 16, and 17, are vague and ambiguous is sustained"). RASCP is uncertain as to what "claims" Plaintiff is referring to in order to properly provide the most responsive and accurate information. *Waziry v. HR Club Mgmt., LLC*, 13-60333-CIV, 2013 WL 12009696, at *3 (S.D. Fla. Oct. 7, 2013) ("The objection is sustained. The request is overly broad and not narrowly tailored as to subject matter."). |
| --- | --- | --- |
| 6 | If NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER ("Mr. Cooper") authorized you to seek to enforce the original, unmodified subject debt from Plaintiff at any point after November 30, 2016, identify all policies, procedures, servicing guidelines, and loan level instructions and directions given to you by Mr. Cooper which authorized you to seek to collect the original, unmodified subject debt. | Objection, this interrogatory as phrased clearly seeks information protected by the attorney-client privileges. *Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Attorneys, P.A.*, 519 F. Supp. 3d 1184, 1220 (S.D. Fla. 2021), *reconsideration denied*, 9:18-CV-80311, 2021 WL 4482837 (S.D. Fla. Feb. 24, 2021(objection sustained, the information is "protected from disclosure because they are privileged under the attorney-client privilege"). |
| 7 | If MTGLQ INVESTORS, L.P. ("MTGLQ") authorized you to seek to enforce the original, unmodified subject debt from Plaintiff at any point after November 30, 2016, identify all policies, procedures, servicing guidelines, and loan level instructions and directions given to you by MTGLQ which authorized | Objection, this interrogatory as phrased clearly seeks information protected by the attorney-client privileges. *Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Attorneys, P.A.*, 519 F. Supp. 3d 1184, 1220 (S.D. Fla. 2021), *reconsideration denied*, 9:18-CV-80311, 2021 WL 4482837 (S.D. Fla. Feb. 24, 2021) (objection sustained, the information is "protected from disclosure |

| | | you to seek to collect the original, unmodified subject debt. | because they are privileged under the attorney-client privilege"). |
|---|---|---|---|
| | 8 | If SELENE FINANCE, L.P. ("Selene Finance") authorized you to seek to enforce the original, unmodified subject debt from Plaintiff at any point after November 30, 2016, identify all policies, procedures, servicing guidelines, and loan level instructions and directions given to you by Selene Finance which authorized you to seek to collect the original, unmodified subject debt. | Objection, this interrogatory as phrased clearly seeks information protected by the attorney-client privileges. *Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Attorneys, P.A.*, 519 F. Supp. 3d 1184, 1220 (S.D. Fla. 2021), *reconsideration denied*, 9:18-CV-80311, 2021 WL 4482837 (S.D. Fla. Feb. 24, 2021) (objection sustained, the information is "protected from disclosure because they are privileged under the attorney-client privilege"). |
| | 9 | If Fannie Mae, Mr. Cooper, Selene Finance or MTGLQ ever instructed or directed you not to seek to enforce the original, unmodified subject debt from Plaintiff at any point during the Second Foreclosure Case, identify all policies, procedures, servicing guidelines, and loan level instructions and directions given to you in this regard. | Objection, this interrogatory as phrased clearly seeks information protected by the attorney-client privileges. *Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Attorneys, P.A.*, 519 F. Supp. 3d 1184, 1220 (S.D. Fla. 2021), *reconsideration denied*, 9:18-CV-80311, 2021 WL 4482837 (S.D. Fla. Feb. 24, 2021) (objection sustained, the information is "protected from disclosure because they are privileged under the attorney-client privilege"). |
| | 12 | Describe, detail, and/or explain the investigation you undertook, if any, after the filing of the Second Foreclosure Case that lead to your continued belief that the claims filed in the Second Foreclosure Case were tenable. | Objection, this interrogatory as phrased clearly seeks information protected by the attorney-client privileges. *Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Attorneys, P.A.*, 519 F. Supp. 3d 1184, 1220 (S.D. Fla. 2021), *reconsideration denied*, 9:18-CV-80311, 2021 WL 4482837 (S.D. Fla. Feb. 24, 2021) (objection sustained, the information is "protected from disclosure because they are privileged under the attorney-client privilege").<br><br>RASCP further objects to this interrogatory request as ambiguous, vague, irrelevant and overbroad as Plaintiff failed to define the term "claims" and more clearly narrow this request. RASCP is uncertain as to what |

|  |  | "claims" Plaintiff is referring to in order to properly provide the most responsive and accurate information. *Wash v. Quest Diagnostics, Inc.*, 08-61863-CIV, 2010 WL 11504243, at *2 (S.D. Fla. Jan. 6, 2010) (ruling "Defendant's objection that Requests 1, 3, 7, 8, 9, 10, 16, and 17, are vague and ambiguous is sustained"). *Waziry v. HR Club Mgmt., LLC*, 13-60333-CIV, 2013 WL 12009696, at *3 (S.D. Fla. Oct. 7, 2013) ("The objection is sustained. The request is overly broad and not narrowly tailored as to subject matter."). |
|---|---|---|

DE 115-1.

Interrogatory Numbers 3 and 12 seek to have RASC describe its investigation at various times leading to its belief that the Financial Defendants' claims filed in the second foreclosure case were viable. These interrogatories implicate the Financial Defendants' advice of counsel defense to the degree RASC's investigation and resulting beliefs were communicated to the Financial Defendants. As previously discussed, it is manifestly unfair to not allow discovery pertaining to RASC's communications to the Financial Defendants based on RASC's investigation of the propriety of bringing the foreclosure actions, whether the loan was modified and what the rulings entailed from the first foreclosure lawsuit. Neither does work product privilege shield Plaintiff's ability to obtain discovery on these matters except to the extent that work product represents "pure legal opinion not communicated to the client." *United States v. Bachynsky*, No. 04-20250-CR-TORRES, 2007 WL 1521499, at *3 (S.D. Fla. May 22, 2007) ("A client's assertion of an advice of counsel defense also waives work product immunity as to all work product concerning the subject matter at issue other than pure legal opinion not communicated to the client."). Therefore, RASC's objections to Interrogatory Numbers 3 and 12 are overruled as to attorney-client privilege. Also, RASC's objection to Interrogatory Number 3 on grounds of work product privilege is

overruled except with respect to any pure legal opinions that were not communicated to the Financial Defendants.

Interrogatory Numbers 6, 7, 8, and 9 seek to have RASC "identify all policies, procedures, servicing guidelines, and loan level instructions and directions" that a particular Financial Defendant provided to authorize collection of the debt at issue after November 16, 2016 or at any point during the second foreclosure case.  In other words, Plaintiff requests discovery of information the Financial Defendants provided to RASC to support authorization to collect on the Loan.  This information is relevant because RASC's legal advice only shields the Financial Defendants from Plaintiff's malicious prosecution claim if the advice was "predicated on a correct, full, and fair statement of all material facts[.]".  *Duval Jewelry Co. v. Smith*, 102 Fla. 717, 721 (1931).  To establish advice of counsel, the Financial Defendants will have to prove "that they (1) fully disclosed to their attorney all material facts relevant to the advice for which the attorney was retained to provide and (2) relied in good faith on the advice given." *United States v. Donaldson*, 767 F. App'x 903, 910 (11th Cir. 2019) (*citing United States v. Vernon*, 723 F.3d 1234, 1269 (11th Cir. 2013)). The Financial Defendants acknowledge this requirement in invoking the advice of counsel defense.  *See* DE 90 at ¶¶ 292 and 293; DE 85 at ¶¶333 and 334; DE 86 at ¶¶292 and 293; DE 87 at ¶¶291 and 292[4] (stating that they "made a full and honest disclosure of relevant facts concerning the loan to RAS[C]").  Plaintiff is therefore entitled to discovery what information the Financial Defendants provided to RASC to determine whether it was a "full, correct, and fair statement of all material facts."

Accordingly, RASC's objections are overruled.  Because I find that Financial Defendants waive attorney-client privilege by implication, I do not address the parties' other arguments.

---

[4] MTGLQ qualifies that it relied upon the full and honest disclosure by Selene to RASC.  DE 87 at ¶¶ 291 and 292.

Under Federal Rule of Civil Procedure 37, a party seeking discovery is entitled to its reasonable expenses in making a motion if the Court grants the motion and the opposing party's nondisclosure lacked substantial justification, absent other circumstances making an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, I do not find that sanctions are warranted. RASC's position was not unreasonable that the attorney-client privilege belongs to the client and that it was justified in asserting the privilege on behalf of its client absent express client waiver or a court order finding waiver. Even though RASC did not prevail in withholding the protected information, I do not find that it lacked substantial justification for attempting to do so. Therefore, I decline to award Plaintiff his expenses incurred in filing the instant motion.

**ACCORDINGLY**, Plaintiff's Motion to Compel (DE 115) is **GRANTED** to the extent that he seeks better answers to the interrogatories at issue. RASC shall serve amended responsive answers to Interrogatory Numbers 3, 6, 7, 8, 9, and 12 on or before **Friday, January 13, 2023**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 5th day of January, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE