# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

JOSEPH P. AKOWSKEY,

    Plaintiff,

vs.

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L., FEDERAL NATIONAL MORTGAGE ASSOCIATION, MTGLQ INVESTORS, L.P., and SELENE FINANCE, L.P.

    Defendants.
_____/

CASE NO.: 2:21cv14487-AMC

JURY TRIAL DEMANDED

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR FOR *IN CAMERA* INSPECTION

Plaintiff, JOSEPH P. AKOWSKEY ("Plaintiff" or "Mr. Akowskey"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and Federal Rule of Civil Procedure 37(a)(3)(iv), respectfully requests the entry of an order compelling NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER ("Mr. Cooper"), FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae"), and SELENE FINANCE, L.P. ("Selene") to provide documents and things responsive to the requests propounded upon them pursuant to Federal Rule of Civil Procedure 34, or to review the responsive documents *in camera* to determine whether responsive documents need to be produced. In support thereof, the Plaintiff states as follows:

1. In this lawsuit, Mr. Akowskey has asserted claims against Mr. Cooper, Fannie Mae, Selene and MTGLQ for malicious prosecution arising out of a foreclosure lawsuit filed against him in Florida state court.

2. On July 11, 2022, Plaintiff served Mr. Cooper, Fannie Mae, Selene, MTGLQ and ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz Schneid, P.L. ("RASC") with requests for production of documents.

3. After seeking to compel Mr. Cooper, Fannie Mae and Selene to respond to Plaintiff's request, and after this Court ordered them to do so, Plaintiff was served with responses to this discovery. *See* Exhibit A (Federal National Mortgage Association's Response to First Request for Production); Exhibit B (Selene Finance, L.P.'s Response to First Requestion for Production); Exhibit C (Nationstar Mortgage, LLC's Amended Response to Plaintiff's First Requests for Production #5, 11, 105, 108).

4. In his requests, Plaintiff Mr. Cooper, Fannie Mae and Selene to produce emails between them and co-defendant RASC which reference or related to the Subject Debt, Loan Modification, First Foreclosure Case or the Second Foreclosure Case.

5. Fannie Mae responded there were no such documents. *See* Exhibit A at No. 5 ("There are no documents between Fannie Mae and [RASC]"). Selene responded that it was producing the responsive documents, but the undersigned counsel has been unable to identify any email communications between Selene and RASC employees that were actually produced by Selene. *See* Exhibit B at No. 3. ("See Documents Produced and BKFS Notes"). In its amended responses, Mr. Cooper responded producing any email communications between them and RASC. *See* Exhibit C at Nos 5 and 11 ("No documents have been withheld on the basis of the prior privilege assertion which now withdrawn.").

Light & Gonzalez, PLLC, 8751 W. Broward Blvd., Ste. 209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

6. Although Mr. Cooper, Selene, and Fannie Mae responded that they were not in possession of email communications exchanged between them and RASC, in response to discovery RASC served Plaintiff with extensive privilege logs which appear to include communications between RASC and Mr. Cooper, Selene or Fannie Mae. *See* Composite Exhibit D.

7. After Mr. Cooper filed its Notice of Completion of Production on December 2, 2022, over the course of December and into January, counsel for the Financial Defendants and the undersigned counsel for Plaintiff were in continuous good faith discussions to avoid any further court intervention over the production of documents.

8. On January 5, 2023, the Court issued a ruling on the advice of counsel- attorney client privilege issue. *See* D.E. 156. On January 11, 2023, the Court ruled that Mr. Cooper, Selene, MTGLQ, and Fannie Mae waived the right to assert attorney-client privilege in this matter. *See* D.E. 162.

9. Mr. Cooper sought an order, which Plaintiff did not oppose, to extend the deadline for Plaintiff to compel the production of emails listed within RASC's privilege logs until Friday January 13, 2023, and the Court granted that motion. *See* D.E. 157.

10. On January 13, 2023, Mr. Cooper served Plaintiff with 173 of the documents RASCP listed within its own privilege logs. However, to the best of the undersigned's knowledge there are approximately 1,527 documents contained within RASCP's privilege logs. *See* Composite Exhibit D. Mr. Cooper and RASC recalled a portion of 173 file production as

having been mistakenly disclosed, and Plaintiff received the intended production (containing certain RASC redactions) on January 19, 2023.[1]

11. The time frame to move to compel Mr. Cooper, Fannie Mae, or Selene to produce these documents pursuant to Local Rule 26.1(g) may have technically expired, but the as detailed above and elsewhere on the docket, Plaintiff has acted diligently in seeking this discovery and therefore there is good cause to compel Mr. Cooper, Fannie Mae and Selene to produce this information as allowed under Local Rule 26.1(g)(2)(B). Plaintiff filed numerous motions seeking court intervention to compel and/or sanction Defendants for their failure to provide discovery in some instances because the production had been objected to and was being withheld based upon the assertion of attorney-client privilege. *See, e.g.* D.E. 97; D.E. 100; D.E. 104; D.E. 110; D.E. 115. Plaintiff also sought to strike the affirmative defense of advice of counsel. *See* D.E. 94.

12. While on the face of RASCP's privilege logs it would appear that not all of the 1,527 documents identified contain communications with Mr. Cooper, Selene, Fannie Mae, there are still emails listed in the RASC privilege log directed to email addresses associated with these defendants that have not been produced. *See, e.g.* Composite Exhibit D at p. 2 (RASCP-001828- an email to diane_hames@fanniemae.com); p. 153 (RASCP-023830- an email to stephanie.nolan@selenefinance.com), p. 1 (RASCP-001393 an email to dan.cummins@mrcooper.com).

13. Additionally, from the 173 documents that Mr. Cooper did produce, it is clear that there are likely a number of emails logged by RASC as only between RASC employees, but that also contain discoverable from Mr. Cooper, Selene or Fannie Mae. For example, Redacted

---

[1] Counsel for the Financial Defendants has been adamant that the documents produced were being produced by Mr. Cooper and not Fannie Mae, Selene, or MTGLQ.

RASCP-012854_Redacted (attached hereto as Exhibit E) is an email sent from a RASC to three other RASC employees; RASC logged this email as such. *See* Composite Exhibit D at p. 103. However, on bates stamp RASCP-012859 through 12863, the email chain contains emails with a Mr. Cooper representative which is discoverable.

14. Plaintiff requests that this Court order Mr. Cooper, Selene and Fannie Mae to produce these documents or alternatively for the Court to review these documents *in camera* to ascertain whether they must be produced.

## **MEMORANDUM OF LAW**

Pursuant to Rule 34(a), a party must produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a). Whether documents are in a party's control under Rule 34 is broadly construed. *See, e.g.*, *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) (finding that "[c]ontrol is defined not only as possession, but as the legal right to obtain documents requested upon demand" ); *Jans ex rel. Jans v. The GAP Stores, Inc.*, No. 05-1534, 2006 U.S. Dist. LEXIS 67266, 2006 WL 2691800, at *2 (M.D. Fla. Sept. 20, 2006) (emphasizing that the "term 'control' is broadly construed"). Control, does not require that a party have legal ownership or actual physical possession of the documents at issue and documents have been considered to be under a party's control for discovery purposes when that party has the "right, authority, or practical ability to obtain the materials sought on demand." *See Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 470-71 (S.D. Fla. 2011).

Here, Mr. Cooper, Selene and Fannie Mae, have control over the documents and communications within RASC's possession as RASC served as their former counsel. Mr. Cooper, Selene and Fannie Mae each have the ability to instruct RASC to disclose any

information in RASC's possession to which RASC does not have its own, independent right to prevent the disclosure of.  Consequently, this Court should order  Mr. Cooper, Selene and Fannie Mae to produce these documents and communications or order that the documents be produced to the court for *in camera* inspection.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order 1) compelling NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, FEDERAL NATIONAL MORTGAGE ASSOCIATION, and SELENE FINANCE, L.P. to produce responsive documents contained within the privilege logs served upon the parties by RASC or alternatively to inspect these documents *in camera*  to determine whether the documents must be produced.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Southern District of Florida Local Rule 7.1(a)(3) and the Court's Order Setting Discovery Procedures [D.E. 23] the undersigned hereby certifies that he has conferred with counsel for the Financial Defendants prior to the filing of this motion in a good faith effort to resolve this dispute but the parties have been unable to do so.  The undersigned also certifies that he has conferred with counsel for RASC who has indicated that he does not object to this motion, but reserves the right to object to the production of any information that might be protected under work product doctrine.

Respectfully Submitted,

/s/ *Gregory Light*
**Gregory Light, Esq.**
Florida Bar. No.: 120907
LIGHT & GONZALEZ, PLLC
8751 W. Broward Blvd., Suite 209
Plantation, FL 33324
Telephone: 754-900-6545
Email: service@lightgonzalezlaw.com
*Co-Counsel for Joseph Akowskey*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on January 21, 2023 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  *Gregory Light*  
**GREGORY LIGHT, ESQ.**  
Florida Bar No.: 120907

**SERVICE LIST**

| | |
|---|---|
| Albert A, Zakarian, Esq.<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>600 Peachtree Street NE, Suite 3000<br>Atlanta, GA 30308-2216<br>Telephone: 470.832.5580<br>404-885-3000 (Main Office Number)<br>Email: albert.zakarian@troutman.com<br>*Counsel for Federal National Mortgage Association, Nationstar Mortgage, LLC d/b/a Mr. Cooper, MTGLQ Investors, L.P. and Selene Finance, L.P.* | Jonathan Vine, Esq.<br>Nicholas Esser, Esq.<br>COLE, SCOTT & KISSANE, P.A.<br>Esperanté Building<br>222 Lakeview Avenue, Suite 120<br>West Palm Beach, FL 33401<br>Telephone (561) 383-9203<br>Facsimile (561) 683-8977 *Counsel for Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC*<br><br>Scott Gardner Hawkins, Esq.<br>Lainey Francisco, Esq.<br>Jones Foster<br>505 South Flagler Drive<br>Suite 1100<br>West Palm Beach, FL 33401<br>561-659-3000<br>Fax: 561-650-5300<br>Email: shawkins@jones-foster.com;<br>mcallahan@jonesfoster.com;<br>lfrancisco@jonesfoster.com<br>*Co-Counsel for Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC* |

|  | W. Trent Steele, Esq.<br>STEELE LAW<br>10995 SE Federal Highway, Suite 9<br>Hobe Sound, FL 33455<br>e-service@trentsteele.com<br>*Co-Counsel for Plaintiff* |
|---|---|

/s/ *Gregory Light*_____
**GREGORY LIGHT, ESQ.**
Florida Bar No.: 120907
Email: service@lightgonzalezlaw.com
*C-o-Counsel for the Plaintiff*