**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 2:21cv14487-AMC

JOSEPH P. AKOWSKEY

    Plaintiff,

JURY TRIAL DEMANDED

vs.

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz, Schneid, P.L., FEDERAL NATIONAL MORTGAGE ASSOCIATION, MTGLQ INVESTORS, L.P., and SELENE FINANCE, L.P.

    Defendants.
_____/

**MOTION TO AMEND SCHEDULING ORDER AND CONTINUE TRIAL**

Plaintiff JOSEPH P. AKOWSKEY ("Plaintiff"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 16(b)(4) hereby respectfully submits this Motion to Amend this Court's Amended Scheduling Order [D.E. 81] and requests that this Court extend the remaining deadlines by sixty (60) days in order to complete discovery, and in support thereof Plaintiff states as follows:

**PROCEDURAL HISTORY**

1.    On December 18, 2021, the Plaintiff, commenced the above-captioned action against the Defendants NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER ("Mr. Cooper"), ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC f/k/a Robertson, Anschutz, Schneid, P.L. ("RASCP"), FEDERAL NATIONAL MORTGAGE ASSOCIATION, MTGLQ INVESTORS, L.P. ("MTGLQ"), and SELENE FINANCE, L.P. ("Selene") (*collectively hereinafter* the "Defendants").

2. On May 25, 2022, the Plaintiff filed his Second Amended Complaint and Demand for Jury Trial (*hereinafter* "Second Amended Complaint") against the Defendants.

3. Since the Second Amended Complaint was filed, Plaintiff has been diligently pursuing discovery through the service of written discovery and through seeking court intervention when forced to. *See*, *e.g*. D.E. 58 (July 11, 2022 order granting Plaintiff's motion to compel initial disclosures); D.E. 79 (September 16, 2022 order granting Plaintiff's motion to compel in part and requiring Mr. Cooper, Fannie Mae, MTGLQ, and Selene to provide responses to Plaintiff's request for admissions, request for production, interrogatories and ESI disclosures); D.E. 119 (November 23, 2022 order directing Mr. Cooper to serve a privilege log for any responsive documents withheld on the basis of privilege or protection no later than December 2, 2022); D.E. 123 (November 29, 2022 order granting plaintiff's motion to compel in part); D.E.131 (December 6, 2022 order granting Plaintiff's motion for sanction in part, and treating the motion as a successive motion to compel); D.E. 137 ( December 9, 2022 order granting in part Plaintiff's motion to compel responses to requests for admissions); D.E. 138 (December 9, 2022 order granting Plaintiff's motion to compel production of documents in part); D.E. 156 (January 5, 2022 order granting Plaintiff's motion to compel in part).

4. Much of the discovery motion practice has concerned issues related to the continued assertion of attorney-client privilege and work product objections in light of Mr. Cooper, Selene, MTGLQ, and Fannie Mae's assertion of Advice of Counsel as an affirmative defense to Plaintiff's claim for malicious prosecution.

5. On October 19, 2022, after receiving attorney-client privilege and work-product objections to some of the written discovery served upon the Defendants, Plaintiff moved to strike the Advice of Counsel defense asserted by Mr. Cooper, Selene, Fannie Mae and MTGLQ, or in the

alternative, rule that these parties had waived the right to assert these privileges by virtue of their assertion of the affirmative defense. *See* D.E. 94.

6.     After filing the Motion to Strike, Plaintiff filed numerous motions seeking court intervention to compel and/or sanction Defendants for their failure to provide discovery which had been objected to and was being withheld based upon the assertion of attorney-client privilege. *See, e.g.* D.E. 97; D.E. 100; D.E. 104; D.E. 110; D.E. 115.

7.     After Mr. Cooper filed its Notice of Completion of Production on December 2, 2022, over the course of December and into January, counsel for the Financial Defendants and the undersigned counsel for Plaintiff have been in continuous good faith discussions to avoid any further court intervention over the production of documents.[1]

8.     On January 5, 2023, Mr. Cooper, filed an unopposed motion to extend the time for Plaintiff to move to compel the production of documents from Mr. Cooper. In the motion, which Plaintiff did not oppose, Mr. Cooper requested that the timeframe for Plaintiff to move to compel the production of email communications be extended for seven additional days in order for Mr. Cooper to review the email communications logged within RASCP's privilege log and to determine whether it would be producing these emails. *See* D.E. 155.

9.     Shortly after the unopposed motion for extension was filed, Magistrate Judge Maynard entered her Order on Plaintiff's Motion to Compel Better Answers to Interrogatories ("Motion to Compel") (DE 115) wherein she described Plaintiff's discovery dilemma as follows:

> Having fully reviewed the record, I also observe that the Defendants in this case are putting Plaintiff in an untenable place by taking inconsistent positions on whether attorney-client privilege has been waived. The law firm (RASC) takes the position that the attorney-client privilege belongs to their clients (the Financial Defendants) and they cannot disclose privileged material until the Financial Defendants expressly

---

[1] Mr. Cooper withdrew any attorney-client privilege objections it had previously asserted, and none of the Financial Defendants have ever served the parties with a privilege log in this matter. Counsel for Mr. Cooper has represented that Mr. Cooper was not in possession of many of the email communications contained within the privilege logs RASCP produced to the parties and only came into possession of these emails once they were provided to them by RASCP.

> waive attorney-client privilege and instruct RASC to disclose. Meanwhile, the clients (the Financial Defendants) take no position whatsoever on attorney-client privilege or waiver thereof, saying only that they are not asserting any privilege so Plaintiff's fight is with their lawyers, not with them. That said, the Financial Defendants apparently have not advised RASC that they waive privilege by relying on advice of counsel and have not instructed RASC to disclose the requested information. With these maneuvers, RASC and the Financial Defendants have effectively blocked Plaintiff's access to information he needs to respond to the advice of counsel defense.

*See* D.E. 156 p. 4. Magistrate Judge Maynard goes on to conclude that Mr. Cooper, Selene, MTGLQ and Fannie Mae waived attorney-client privilege by implication regarding the matters described in her order. *See* D.E. 156 p. 7. The order then instructed RASCP to serve amended responsive answers to certain interrogatories on or before Friday, January 13, 2023.[2]

10. Later in the day on January 5, 2023, after the parties convened for a previously ordered discovery status conference with Magistrate Judge Maynard, the court granted Mr. Cooper's unopposed motion to extend the time for Plaintiff to compel the production of email communications from Mr. Cooper which extended Plaintiff's time to seek to compel the production of these documents until January 13, 2023. *See* D.E. 157.

11. On January 11, 2023, this Court issued it order on Plaintiff's Motion to Strike, granting the motion in part and denying the motion in part:

> PAPERLESS ORDER GRANTING IN PART AND DENYING IN PART [94] Plaintiff's Motion to Strike Defendants' Advice of Counsel Affirmative Defenses. Plaintiff seeks a Court order striking Defendants' Advice of Counsel Affirmative Defense [94]. That request to strike Defendants' defense is DENIED, although the Court GRANTS Plaintiff's request that "the Court deem that Nationstar, Selene, Fannie Mae, and MTGLQ have waived their right to assert attorney-client privilege due to their assertion of the defense." "The attorney-client privilege is waived when a litigant 'place[s] information protected by it in issue through some affirmative act for his own benefit.'" Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1418 (11th Cir.), opinion modified on reh'g, 30 F.3d 1347 (11th Cir. 1994) (quoting Conkling v. Turner, 883 F.2d 431, 434 (5th Cir. 1989)). Put another way, a party "waives the privilege if it injects into the case an issue that in fairness requires an examination of otherwise protected communications." Id. at 1419. "'[T]o allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.'" Id. at 1418 (quoting Conkling, 883 F.2d at 434). Defendants

---

[2] RASCP complied with this order. *See* D.E. 164.

> Nationstar, Selene, Fannie Mae, and MTGLQ asserted "on the advice of counsel" as an affirmative defense [85] [86] [87] [90]. For these reasons, and for the reasons set forth in Magistrate Judge Maynard's Order on Plaintiff's Motion to Compel [156], Defendants Nationstar, Selene, Fannie Mae, and MTGLQ waived their right to assert attorney-client privilege with respect to this matter. Signed by Judge Aileen M. Cannon on 1/11/2023. (aes)

*See* D.E. 162.

12. Not all of the 1,527 documents identified on RASCP's privilege logs would appear to contain communications with Mr. Cooper, Selene, Fannie Mae or MTGLQ, but as explained in further detail *infra*, emails that RASCP logged as being solely between RASCP employees may also contain discoverable communications with Mr. Cooper, Selene, Fannie Mae or MTGLQ.

13. On Friday January 13, 2023, Mr. Cooper served Plaintiff with 173 of the document RASCP listed within the privilege logs it served; to the best of the undersigned's knowledge there are approximately 1,527 documents contained within RASCP's privilege logs. *See* Composite Exhibit A (RASCP's privilege logs).

14. On January 16, 2023 Mr. Cooper discovered that it mistakenly produced several internal RASCP emails which it believes might qualify as RASCP work product and requested that they be returned. Over the course of the following week, RASCP identified 39 documents that had been produced on January 13, 2023 which contained information that RASCP objected to this disclosure of on the basis of it being protected under work product doctrine.

15. The 173 documents were then re-produced to Plaintiff by Mr. Cooper with RASCP's work-product redactions on January 19, 2023.

16. Upon review of the documents produced by Mr. Cooper[3] the production appears incomplete, and Plaintiff is filing a motion to compel the production of these additional documents from the Financial Defendants simultaneously with the filing of this motion. *See* D.E. 171.

---

[3] Counsel for the Financial Defendants has been adamant that the documents were produced only by Mr. Cooper and not by Selene, MTGLQ, or Fannie Mae.

17. As further detailed in Plaintiff's Motion to Compel:

   a. RASCP's privilege logs list email communications between RASCP employees and Mr. Cooper employees that have not been produced.

   b. After comparing the documents that Mr. Cooper produced on January 19, 2023 with RASCP's privilege log, it would appear that emails that were logged as being only between RASCP employees, might also contain communications with Mr. Cooper, Selene, MTGLQ or Fannie Mae. For example, in Redacted RASCP-012854_Redacted (attached hereto as Exhibit B) is an email sent from a RASCP to three other RASCP employees, and so RASCP logged this email as such, *see* Exhibit A at 103. However, on bates stamp RASCP-012859 through 12863, the email chain contains emails with a Mr. Cooper representative which are discoverable.

   c. Counsel for the Financial Defendants has been adamant that the 173 files that were produced were only produced by Mr. Cooper. RASCP's privilege logs also reflect communications with Selene and Fannie Mae which those parties have not produced.

18. In addition to the written discovery exchanged, Plaintiff and RASCP have set or taken many depositions. Plaintiff has taken three (3) depositions and noticed an additional twelve (12) depositions which are all scheduled to occur before the current January 30, 2023 discovery cutoff. RASCP has taken eight (8) depositions and is in the process of scheduling an additional three (3) depositions before the January 30, 2023 discovery cutoff.

19. The parties are actively working on the scheduling of the depositions of Plaintiff and RASCP's expert witnesses (the Financial Defendants have not disclosed any expert witnesses), but there has been difficulty in finding mutually agreeable dates and times for these depositions due to the current deposition schedule, the limited time that remains before the discovery cutoff, and dispositive motion deadlines.

20. Additionally, Plaintiff's medical expert, Dr. Gobar has represented to the undersigned, that he does not have any availability for a deposition before the discovery deadline and that his first availability is February 10, 2023 which is outside the discovery deadline and only eleven days before *Daubert* motions are due.

21. Due to no fault of his own, Plaintiff has been severely hampered in his attempts conduct discovery in this matter largely due to issues surrounding attorney-client privilege, and this has significantly prejudiced Plaintiff in preparation of his case. For example:

   a. Plaintiff's experts were unable to review any of the information disclosed on January 13, 2023 (subsequently clawed back in part and produced again in redacted form on January 19, 2023) before the expert report deadline which was also January 13, 2023.

   b. Due to the looming attorney-client privilege issues in this case, Plaintiff had reasonable concerns that deposing RASCP's corporate representative or their employees would have been unproductive because RASCP still had not received express written directions from the Financial Defendants on whether to assert attorney-client privilege.

   c. Notwithstanding this Court's January 11, 2023 Order ruling that: "Defendants Nationstar, Selene, Fannie Mae, and MTGLQ waived their right to assert attorney-client privilege with respect to this matter", *see* [D.E. 162], it appears to Plaintiff that Mr. Cooper, Selene, and Fannie Mae still have not produced (or directed RASCP to produce) all of the responsive and discoverable documents reasonably within their possession, custody or control.  Even if that were to change between now and the current discovery deadline, Plaintiff will not be able to conduct further discovery on matters disclosed within those documents under the current January 30, 2023 deadline.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

22. Additionally, Plaintiff expects there will be complex legal issues presented to the Court for determination before the current February 21, 2023 pre-trial motion deadline. Plaintiff has filed claims against all of the Defendants for malicious prosecution, but the factual and legal issues as to liability for this claim are meaningfully different for each of the Defendants. As such there could be as many as ten (10) motions for summary judgment that are filed. Plaintiff also expects each of the parties to file a *Daubert* motions.

23. Plaintiff requests that this Court extend the deadlines contained within this Court's Scheduling Order [D.E. 81] sixty (60) days to allow discovery to be completed and to allow time for thoughtful briefing on the legal issues which Plaintiff expects to be presented to this Court.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16(b)(4) provides that the Court may modify a schedule for good cause. This Rule grants district courts discretion to control their dockets. *See*, *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). A court's inquiry of what constitutes good cause primarily focuses on the diligence of the party seeking the modification. *See*, *Johnson v. Mammoth Recreation, Inc*., 975 F.2d 604, 608 (9th Cir. 1992). When a party acts diligently, but for reasons not resulting from negligence is unable to comply with a deadline, a court should exercise its discretion and extend the deadline(s). *See, e.g.*, *Sun Trust Bank v. Int'l Hotels, Ltd*., 2002 WL 32495222 (S.D. Fla. April 3, 2002) (Order granting defendant's motion for enlargement of time to respond to motion to compel); *see also*, *Branch v. AMTEC, LLC*, Case No.: 9:09-cv-82389-WPD (S.D. Fla. November 29, 2010) (Doc. 59)(granting motion to extend pretrial discovery and other deadlines).

Here, good cause exists to modify this action's deadlines pursuant to the Scheduling Order so that the parties may complete discovery, and to engage in motion practice consistent with the Federal and Local Rules and Order(s) of the Court in order to narrow the scope of issues to be

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

determined at trial. Plaintiff proposes modifying the current schedule to extend all deadlines which have not yet expired by an additional 60 days, which Plaintiff believes will provide sufficient time to engage in the aforementioned activities without excessive delay or deviation from the Court's initial track. Plaintiff respectfully submit that this additional time is necessary in light of the fast approaching discovery deadline which is currently January 30, 2023 and the pre-trial motion deadline which is set for February 21, 2023.

**WHEREFORE**, Plaintiff JOSEPH P. AKOWSKEY respectfully requests this Court amend the current scheduling order [D.E. 81] to add 60 days to the deadlines contained within that Order and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

As per Local Rule 7.1(a)(3), the undersigned represents that, he has conferred with counsel for Defendants via electronic mail and on the telephone and they have represented their positions as to the relief requested as follows:

Nationstar will agree to the motion seeking an extension of from for expert depositions and Nationstar will also agree to an extension of time on all deadlines, including summary judgment. Nationstar's agreement is conditioned upon moving the deposition of Nationstar's corporate representative to February and the rebuttal expert witnesses being extended to ten days after the date of the order on the above motion. Nationstar does no agree with the motion to the extent it expresses and intent to re-depose defendants during the 60 day time frame. Nationstar does not agree with any portion of the motion that accuse Nationstar, MTGLQ, Selene, or Fannie Mae of withholding documents from Plaintiff. Fannie Mae, Selene, and MTGLQ do not have a position on the motion. RASCP is adamantly opposed to any extension other than to extend the deadline to take the depositions of experts through February 3, 2023.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

DATED:  January 21, 2023

                    Respectfully submitted,

                    /s/ *Gregory Light*
                    **Gregory Light, Esq.**
                    Florida Bar. No.: 120907
                    **Anthony Gonzalez, Esq.**
                    Florida Bar No.: 119756
                    LIGHT & GONZALEZ, PLLC
                    8751 W. Broward Blvd., Suite 209
                    Plantation, FL 33324
                    Telephone: 754-900-6545
                    Facsimile: 754-203-2700
                    anthony@lightgonzalezlaw.com
                    greg@lightgonzalezlaw.com
                    Service E-mail address:
                    service@lightgonzalezlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on January 21, 2023 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

| | |
|---|---|
| Albert A, Zakarian, Esq.<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>600 Peachtree Street NE, Suite 3000<br>Atlanta, GA 30308-2216<br>Telephone: 470.832.5580<br>404-885-3000 (Main Office Number)<br>Email: albert.zakarian@troutman.com<br>*Counsel for Federal National Mortgage Association, Nationstar Mortgage, LLC d/b/a Mr. Cooper, MTGLQ Investors, L.P. and Selene Finance, L.P.* | Jonathan Vine, Esq.<br>Nicholas Esser, Esq.<br>COLE, SCOTT & KISSANE, P.A.<br>Esperanté Building<br>222 Lakeview Avenue, Suite 120<br>West Palm Beach, FL 33401<br>Telephone (561) 383-9203<br>Facsimile (561) 683-8977 *Counsel for Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC*<br><br>Scott Gardner Hawkins, Esq.<br>Lainey Francisco, Esq.<br>Jones Foster<br>505 South Flagler Drive<br>Suite 1100<br>West Palm Beach, FL 33401<br>561-659-3000<br>Fax: 561-650-5300<br>Email: shawkins@jones-foster.com;<br>mcallahan@jonesfoster.com;<br>lfrancisco@jonesfoster.com<br>*Co-Counsel for Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC* |
| | W. Trent Steele, Esq.<br>STEELE LAW<br>10995 SE Federal Highway, Suite 9<br>Hobe Sound, FL 33455<br>e-service@trentsteele.com<br>*Co-Counsel for Plaintiff* |

/s/ *Gregory Light*_____
**GREGORY LIGHT, ESQ.**
Florida Bar No.: 120907
Email: service@lightgonzalezlaw.com
*C-o-Counsel for the Plaintiff*