UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-14487-CANNON/MAYNARD

**JOSEPH P. AKOWSKEY**,
individually and as assignee of Pauline Chin
f/k/a Pauline E. Akowskey,

    Plaintiff,

v.

**NATIONSTAR MORTGAGE, LLC**, *et al.*,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMEPL [DE 171]

**THIS CAUSE** is before me upon the above referenced Motion to Compel filed on January 21, 2023. DE 171. Having reviewed the Motion to Compel, the Responses (DE 177-179) and the record in this case, and being otherwise duly advised, the Motion to Compel is **GRANTED**.

## BACKGROUND

On December 18, 2021, Plaintiff initiated this action against Defendants Nationstar Mortgage LLC ("Nationstar"), Federal National Mortgage Association ("FNMA"), MTGLQ Investors, L.P. ("MTGLQ"), Selene Finance L.P. ("Selene") (collectively, the "Financial Defendants"), and the law firm of Robertson, Anschutz, Schneid, Crane & Partners, PCCL ("RASC"). DE 1. On May 25, 2022, Plaintiff filed a Second Amended Complaint and asserts claims against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, violation of the Fair Credit Consumer Protection Act, Fla. Stat. § 559.72 *et seq.*, and malicious prosecution. DE 42. Plaintiff alleges that Defendants willfully and improperly initiated foreclosure proceedings against Plaintiff in two separate actions in Florida state court. As part of

1

their defense against Plaintiff's allegations in this action, the Financial Defendants asserted an advice of counsel affirmative defense. DE 86-87, 90.

A. **Plaintiff's Requests for Production**

On July 11, 2022, Plaintiff served Defendants with requests for production. See DE 171-1-3. In relevant part, these requests for production asked Defendants to produce communications relating to the underlying foreclosure actions between the Financial Defendants and RASC. *Id.* As part of its response to the requests for production, RASC served Plaintiff with a privilege log providing that RASC was withholding over a thousand responsive communications between RASC and the Financial Defendants on attorney-client privilege grounds. DE 171-4. The Financial Defendants did not produce any communications between them and RASC. DE 171-1, p. 3; DE 171-3, pp. 1-2.[1]

B. **Financial Defendants' Waiver of the Attorney-Client Privilege**

On January 5, 2023, I entered an Order granting Plaintiff's motion to compel better interrogatory responses from RASC. DE 156. In the Order granting the motion to compel, I found that, by raising the advice of counsel defense, the Financial Defendants waived the attorney-client privilege as to matters "regarding justification for the foreclosure lawsuits, whether the loan was 'actually modified,' and whether any legal rulings or findings from the first foreclosure lawsuit impacted these issues." *Id.*, pp. 6-7 (quoting *Cox v. Adm'r United States Steel*, 17 F.3d 1386, 1418 (11th Cir. 1994)). Presiding District Judge Aileen M. Cannon reaffirmed this finding of waiver on January 11, 2023. DE 162 (explaining that the Financial Defendants "waived their right to assert attorney-client privilege with respect to this matter"). After these findings, between January

---

[1] Although Selene's response to the requests for production indicated it had produced emails between RASC and Selene (DE 171-2, p.2), Selene did not produce any such documents. *See* DE 179, pp. 1-2.

2

13, 2023 and January 19, 2023, the Financial Defendants provided Plaintiff with 173 of the communications listed on RASC's privilege log. DE 171, pp. 3-4; DE 178, pp. 1-2.

**C.     Plaintiff's Motion to Compel**

On January 21, 2023, Plaintiff filed the instant Motion to Compel. In it, Plaintiff moves to compel the Financial Defendants' production of the communications between RASC and the Financial Defendants that were reflected on RASC's privilege log. DE 171, p. 4-6. Additionally, Plaintiff asserts that RASC's privilege log reflects that certain internal email communications between RASC personnel—which contain long email chains—that were withheld on work-product grounds[2] also contain discoverable communications between RASC and the Financial Defendants embedded within the entire email chain. *Id.*, pp. 4-5. Plaintiff additionally moves to compel these portions of the internal RASC email communications. *Id.* In their response to Plaintiff's Motion to Compel, the Financial Defendants indicate that they are not in physical possession of many of the communications listed on RASC's privilege log and assert that Plaintiff's Motion to Compel should instead be directed to RASC. *See* DE 178, pp. 2-3.

**D.     Defendants' Initial Supplemental Privilege Log**

On February 6, 2023, I entered an Order (1) finding that the Financial Defendants' communications and documents in RASC's possession are within the Financial Defendants' legal control; (2) ordering the Financial Defendants to instruct RASC to produce the responsive communications and documents listed on RASC's privilege log; and (3) ordering Defendants to file a supplemental privilege log, in relevant part, "making clear why any withheld documents do

---

[2] Notably, in my Order finding that the Financial Defendants waived their right to assert the attorney-client privilege concerning their communications with RASC, I did not find that the Financial Defendants waived their right to assert the work-product privilege as to RASC's purely internal communications.

3

not fall within the parameters of the attorney-client privilege waiver as detailed in my January 5, 2023 Order." DE 180 (emphasis added).

On February 20, 2023, Defendants filed a Joint Supplemental Privilege Log. DE 188-1. Although I previously ordered the Financial Defendants to instruct RASC to produce certain responsive communications and documents listed on the initial privilege log, the Joint Supplemental Privilege Log asserted that (1) over one thousand of such responsive documents and communications were being withheld on "Attorney Client Privilege" grounds; and (2) RASC was "Awaiting Instruction" from the Financial Defendants on the production of such documents. *See e.g.* DE 188-1, p. 1.

**E.     Order to Show Cause**

On February 22, 2023, given the Financial Defendants' failure to comply with my Order requiring the parties to submit a compliant joint privilege log, I entered an Order to Show Cause requiring the Financial Defendants to show cause why (1) the Financial Defendants failed to instruct RASC to produce the responsive documents and communications as ordered; and (2) the Financial Defendants should not be sanctioned for failing to Comply with Court orders. DE 193. On February 23, 2023, RASC filed an unsolicited show cause response (DE 195), and the Financial Defendants filed their show cause response on February 24, 2023 (DE 198). In both responses, Defendants assert that on February 20, 2023, the Financial Defendants had provided production instructions to RASC as ordered, but the Joint Supplemental Privilege Log's notations that RASC was "Awaiting Instruction" from the Financial Defendants was due to an inadvertent drafting error.

**F.     Defendants' Second Amended Joint Privilege Log**

Defendants filed a Second Amended Joint Privilege Log on February 24, 2023. The Second Amended Joint Privilege Log does not contain the deficient "Awaiting Instruction"

4

language set forth in the initial Joint Privilege Log. DE 195, pp. 1-2; DE 198, p. 3. Nonetheless, the Second Amended Joint Privilege Log includes hundreds of entries stating that communications relating to the underlying foreclosure litigation between the Financial Defendants and RASC have not been produced. For example, one entry describes a May 14, 2020 "Email related to legal advice re foreclosure litigation and prepared in anticipation or furtherance of litigation" that is being withheld because, "Per Instructions from Financial Defendants – 'Do Not Produce - Outside of the Scope of Court ordered waiver.'" DE 197-1, p. 305. The Second Amended Joint Privilege Log contains hundreds of similar entries, which on their face appear to fall within the scope of my Order finding waiver.

The Second Amended Joint Privilege Log also contains entries describing *produced* documents with descriptions identical to the withheld documents. For example, one entry describes an April 9, 2020 "Email chain related to legal advice re foreclosure litigation and prepared in anticipation or furtherance of litigation," which the Second Amended Joint Privilege Log notes was produced to Plaintiff. DE 197-1, p. 305.

## DISCUSSION

**A.   Plaintiff's Motion to Compel is Granted**

Although I ordered that Defendants submit a joint privilege log "<u>making clear why</u> any withheld documents do not fall within the parameters of the attorney-client privilege waiver as detailed in my January 5, 2023 Order," the Financial Defendants have failed to comply with this directive. DE 180 (emphasis added). Instead, the Second Amended Joint Privilege Log conclusorily states that hundreds of documents and communications relating to the underlying foreclosure litigation fall outside the scope of my finding of waiver merely because the Financial Defendants so instructed. The Financial Defendants' failure to comply with my February 6, 2023

5

Order renders it impossible for the Court or Plaintiff to understand why the Financial Defendants withheld seemingly discoverable documents and communications, while at the same time producing nearly identical documents and communications.

In light of the Financial Defendants' repeated failure to comply with Court orders and their disregard for their discovery obligations, Plaintiff's Motion to Compel is granted in its entirety. *See Winslow v. Indiheartandmind, Inc.*, No. 21-CV-80800, 2021 WL 10257673, at *1 (S.D. Fla. Nov. 22, 2021) (granting plaintiff's motion to compel "[i]n light of Defendant's failure to comply with this Court's Order . . . and in light of the dilatory discovery behavior of Defendant and Defendant's counsel"). Thus, on or before March 15, 2023, the Financial Defendants shall instruct RASC to produce each document listed on the Second Amended Joint Privilege Log which states that such communication or document is outside the scope of the attorney-client privilege waiver based upon "Instructions from Financial Defendants."

Additionally, for internal email communications between RASC personnel that were withheld on work-product grounds, on or before March 15, 2023, the Financial Defendants shall instruct RASC to produce any portion of such email chains that include responsive communications between RASC and the Financial Defendants. To the extent that the Financial Defendants do not instruct RASC to produce any such communication embedded within the email chains between the Financial Defendants and RASC—which were withheld on work-product grounds—because they believe such communications are not responsive, on or before March 15, 2023, the Financial Defendants shall file a notice (1) identifying each communication they contend is not responsive; and (2) explaining why each communication is not responsive.[3]

---

[3] To be clear, this procedure applies only to the email communications withheld on work-product grounds; this procedure shall not apply to the documents withheld based upon "Instructions from

**B.     Rule 37 Sanctions**

Under Rule 37(a), if a motion to compel is granted, or if the requested discovery is provided after such motion is filed, a court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, a court must not order such payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Under Rule 37(b), a court may impose sanctions on a party that "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b) authorizes the imposition of drastic sanctions such as "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

**(1) Rule 37(a)**

I have reviewed Plaintiff's Motion to Compel, Defendants' responses to the Motion to Compel, and Defendants' responses to my Order to Show Cause. I find that none of the exceptions set forth in Rule 37(a)(5)(A) are applicable in this instance. With regard to the second factor,[4] the Financial Defendants' repeated failure to produce the responsive documents and communications

---

Financial Defendants," as the Financial Defendants shall produce each of those communications and documents in their entirety.

[4] The first Rule 37(a)(5)(A) factor is inapplicable, as Plaintiff's Motion to Compel certifies that the parties attempted to resolve the instant discovery dispute without Court intervention. DE 171, p. 6.

7

described above has been without justification. As noted *supra*, the Financial Defendants' initial position—that their responsive email communications in RASC's physical possession were not within their legal control—was wholly without merit from the outset. *See Spano v. Satz*, 2010 WL 11515691, at *7 (S.D. Fla. May 12, 2010) ([R]esponsive discovery documents in the possession of Plaintiff's former . . . counsel . . . are *in Plaintiff's legal control.* (emphasis in original)). Further, given that the Financial Defendants have failed to articulate *why* they are withholding over 500 documents listed on the Second Joint Amended Privilege Log—in direct violation of my February 6, 2023 Order—the Financial Defendants lack any justification to continue to withhold such documents.

In addition to lacking substantial justification to withhold responsive documents and communications, the Financial Defendants have engaged in dilatory and evasive discovery tactics. Although I entered an Order finding that the Financial Defendants waived the attorney-client privilege on January 5, 2023 (DE 156), as of March of 2023, the Financial Defendants have still refused to produce the entirety of the responsive documents or explain why the hundreds of withheld documents do not fall within the scope of my finding of waiver. The Financial Defendants' problematic conduct has wasted judicial resources and affected Plaintiff's ability to engage in meaningful discovery, as the Financial Defendants' outstanding production is central to the issues in this case and relate to Plaintiff's discovery requests served approximately eight months ago in July of 2022.

Finally, I find the third Rule 37(a)(5)(A) factor inapplicable. There are no circumstances that would make an award of expenses against the Financial Defendants unjust, given that the Financial Defendants have repeatedly failed to comply with Court orders and have flouted their discovery obligations.

8

Accordingly, in light of the Financial Defendants' conduct described above, Plaintiff is entitled to his "reasonable expenses incurred in making the [Motion to Compel], including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Thus, the Financial Defendants and their counsel, Albert Apgar Zakarian, shall pay Plaintiff for the reasonable attorney's fees and costs incurred for bringing the Motion to Compel. *See Wentz v. Project Veritas*, No. 6:17-CV-1164-ORL-18-GJK, 2019 WL 910099, at *6 (M.D. Fla. Feb. 22, 2019) (imposing Rule 37(a) sanctions against plaintiff and his counsel where plaintiff's "nondisclosure, response, and objections were not substantially justified" and where plaintiff provided "shifting reasons for not producing the information requested"). On or before March 17, 2023, Plaintiff may file a motion to determine the amount of reasonable expenses, which shall include (1) a declaration or affidavit of reasonable expenses; and (2) the information set forth in Local Rule 7.3(a)(5).

**(2) Rule 37(b)**

Given that Plaintiff has recently filed another motion to compel (DE 200), which seeks sanctions, I will reserve ruling on whether the Financial Defendants' actions warrant the imposition of more drastic sanctions under Rule 37(b) or the Court's inherent powers.[5] Thus, I will "reserve jurisdiction to consider and potentially impose more serious sanctions than those imposed in this Order, based upon the entire discovery conduct of [the Financial Defendants] and [their] counsel." *Landfall 2, Inc. v. Datascore-Al, LLC*, No. 22-CV-80801, 2022 WL 17815491, at *5 (S.D. Fla. Dec. 15, 2022).

---

[5] "A court's inherent power includes the ability to assess attorneys' fees and costs against the client, the attorney or both when either has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Trump v. Clinton*, No. 22-14102-CV, 2023 WL 333699, at *3 (S.D. Fla. Jan. 19, 2023) (citations and quotations omitted).

**C.     The Financial Defendants' Request for *In Camera* Review**

In their responses to Plaintiff's Motion to Compel, the Financial Defendants ask the Court to conduct an *in camera* review of the withheld documents listed on the Defendants' privilege logs. It is well settled, however, that a court "does not conduct an *in camera* review lightly, nor simply because a party requests it." *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 627 (S.D. Fla. 2013). Thus, a court should "not consider an *in camera* review until the party asserting privilege has done all that it reasonably could to establish privilege." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1289 (S.D. Fla. 2012).

The Financial Defendants have not nearly "done all that [they] reasonably could to establish privilege" as to the over 500 documents and communications described above. *Id.* Indeed, as noted *supra*, the Financial Defendants have failed to do the bare minimum required by my February 6, 2023 Order, which required the Financial Defendants to explain *why* the withheld documents fall outside the scope of the attorney-client privilege waiver. Thus, I need not conduct an *in camera* review of the withheld documents. *See CSX Transp. Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *5 (M.D. Fla. July 20, 1995) (*In camera* review "is not to be used as a substitute for a party's obligation to justify its withholding of documents . . . . Such a procedure is appropriate only after the burdened party has submitted detailed affidavits and other evidence to the extent possible." (citations and quotations omitted)).

**ACCORDINGLY**, it is **ORDERED** and **ADJUDGED** that:

1.     Plaintiff's Motion to Compel (DE 171) is **GRANTED**.

2.     On or before March 15, 2023, the Financial Defendants shall instruct RASC to produce each document and communication that the Second Amended Joint Privilege Log states was withheld based upon "Instructions from Financial Defendants."

3.      On or before March 15, 2023, the Financial Defendants shall instruct RASC to produce any portion of the RASC internal email chains that include discoverable communications relating to the underlying foreclosure litigation between RASC and the Financial Defendants.

4.      On or before March 17, 2023, Plaintiff may file a motion to determine the amount of reasonable attorney's fees and costs, which shall include (1) a declaration or affidavit of reasonable expenses; and (2) the information set forth in Local Rule 7.3(a)(5).  The Financial Defendants may file a response to such motion on or before March 22, 2023.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 9th day of March, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE